Case 1:97-cv-00245   Document 1   Filed in TXSD on 11/04/1997   Page 1 of 146

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

*Filemon B. Vela*
*Judge*
*P. O. Box 1072*
*Brownsville, Texas 78522*

November 5, 1997

United States District Court
Southern District of Texas
FILED

NOV 04 1997

Michael N. Milby, Clerk of Court

Mr. Jose J. Fernandez
Attorney at Law
115 E. Travis, Suite 746
San Antonio, Texas 78205

Ms. Charlene K. Carr
P. O. Box 500199
San Antonio, Texas 78280

Ms. Karen B. Norris
Assistant U.S. Attorney
601 NW Loop 410, Ste. 600
San Antonio, Texas 78216

Re: Civil Action No. B-97-245, Charlene K. Carr
vs. Robert E. Rubin, as Secretary of the
United States of America

Counselors:

Please notice that in a continuing effort to more promptly address the Civil Docket of this Court, effective September 1, 1984, the conduct of all matters relating to all civil cases assigned to <u>this</u> <u>Judge</u> will be served exclusively by the Magistrate initially designated upon filing. The Clerk shall direct all motions, requests and applications for relief through final pretrial orders to the Magistrate Judge (except dispositive motions which shall be reviewed by the District Judge for mutual consideration and study).

THE JUDGES OF THE SOUTHERN DISTRICT OF TEXAS HAVE ADOPTED A POLICY BY WHICH NONCOMPLIANCE WITH THE RULES WILL RESULT IN SANCTIONS. IT IS EXTREMELY IMPORTANT THEN THAT ALL COUNSEL ADHERE TO DEADLINES AND COMPLY WITH ALL ORDERS OF THE DISTRICT JUDGES AND THE MAGISTRATE JUDGES.

An initial pretrial conference is set for December 4, 1997 at 2:00 p.m. before the Honorable Fidencio G. Garza, Jr., in Brownsville, Texas. Should there be no pending motions ripe for ruling, the parties may request that such hearing be conducted telephonically. The main purpose of the initial pretrial conference is to determine the status of the case and, if necessary, to set dates for:

1.   Discovery deadlines;

2.    Conduct of the case including additional pre-trial conferences, and hearings on motions;

3.    Filing of the Pre-trial Order setting forth:

      a.    the nature of the case;
      b.    contentions of the case;
      c.    stipulations;
      d.    specific issues of fact, as they are to be submitted to the jury;
      e.    issues of law if any;
      f.    list of all pending motions;
      g.    approximate duration of trial;
      h.    in non-jury cases, specific proposed findings of fact and conclusions of law.

4.    A final pre-trial and settlement conference; and

5.    A trial on the merits.

THE PRE-TRIAL ORDER SHALL SERVE AS THE TRIAL PLEADINGS. FAILURE TO FILE THE PRE-TRIAL ORDER WITHIN THE TIME PERIOD INDICATED WILL RESULT IN DISMISSAL OF THIS CAUSE OF ACTION FOR WANT OF PROSECUTION.

WHEN PREPARING AND FILING MOTIONS, Counsel shall comply fully with the dictates of Rule 6 of the Local Rules of the United States District Court for the Southern District of Texas. In particular, the District Clerk has been advised that no opposed motion will be filed unless it:

      "contain[s] an averment that [t]he movant has conferred with the respondent and that counsel cannot agree about the disposition of the motion." Rule 6(A)(4).

All counsel should be further advised that the new Local Rules no longer require the affixing of a submission date on an opposed motion. Instead, the new rule provides that all "[o]pposed motions will be submitted to the judge twenty (20) days from filing without notice from the Clerk and without appearance by counsel." Rule 6(D).

Very truly yours,

Filemon B. Vela

cc:  Honorable Fidencio G. Garza, Jr.
     United States Magistrate Judge

Case 1:97-cv-00245   Document 1   Filed in TXSD on 11/04/1997   Page 3 of 146

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
OCT 27 1997
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

```
CHARLENE CARR,                    )
                                 )
          Plaintiff,             )
                                 )
vs.                              )   CIVIL ACTION NO. SA-97-CA-490
                                 )
ROBERT E. RUBIN,                 )
Secretary of Treasury            )
of the United States             )
of America,                      )
                                 )
          Defendant.             )
```

ORDER

Before the Court is Plaintiff's Objection to Order of Transfer and Request for Hearing (docket no. 18). By Order dated October 9, 1997, the above-styled and numbered cause was transferred to the United States District Court for the Southern District of Texas, Brownsville Division. After careful consideration, this Court is of the opinion plaintiff's objection to the transfer should be overruled and her request for a hearing on the objection should be denied.

IT IS THEREFORE ORDERED that plaintiff's objection to the order of transfer is OVERRULED and her request for a hearing is DENIED (docket no. 18);

IT IS FURTHER ORDERED that the District Clerk is DIRECTED to send a certified copy of this Order and Plaintiff's Objection to Order of Transfer and Request for Hearing (docket no. 18) to the United States District Court for the Southern District of Texas, Brownsville Division.

ORDERED, SIGNED and ENTERED this 27 day of October, 1997.

FRED BIERY
UNITED STATES DISTRICT JUDGE

A true copy of the original. I certify.
Clerk, U.S. District Court

Deputy

19

CMPDF - www.foxio.com

FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

Oct 20   4 40 PM '97

CLERK
COURT                    DISTRICT
BY _____

DUTY

CHARLENE CARR                       *
                                    *
            Plaintiff               *
                                    *
                                    *
                                    *
      v.                            *         CIVIL NO. SA-97-CA-490
                                    *
                                    *
ROBERT E. RUBIN,                    *
Secretary of Treasury of The        *
United States of America            *
                                    *
            Defendant(s)            *

PLAINTIFF'S OBJECTION TO ORDER OF TRANSFER
AND REQUEST FOR HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

      Now comes, CHARLENE CARR, Plaintiff in the above styled and
numbered cause, and files this, her Objection To The Order Of
Transfer signed and filed herein on October 9, 1997, and request
for hearing, and in support thereof, would respectfully show unto
this Honorable Court, the following:

1.    On October 9, 1997, this Honorable Court signed an Order Of
      Transfer, transferring this case to the Brownsville, Texas,
      Division of the United States District Court For The Southern
      District of Texas.

2.    Plaintiff respectfully submits unto this Honorable Court that
      at the present time she is suffering from the disabling
      condition known as Post Traumatic Stress Disorder(Syndrome)-
      Severe Depression, allegedly caused by the acts and omissions

18

A true copy of the original. I certify.
Clerk, U. S. District Court
By: _____
                              Deputy

of the Defendant, as is alleged in her Plaintiff's First
Amended Complaint filed in this cause.

3. As result of the aforementioned condition, the Plaintiff is
required to take daily medication, which "substantially"
impairs her mobility and ability "to get around."

4. Consequently, it would be very difficult, if not impossible,
for the Plaintiff to travel to Brownsville, Texas for any
Court hearings or other matters that would require her
presence.

5. Plaintiff respectfully submits unto this Honorable Court that
in a "typical case," a transfer to the district of residence
of potential witnesses and situs of the events giving rise to
the lawsuit would be proper.

6. However, Plaintiff further respectfully submits unto this
Honorable Court that because of her disabling condition,
allegedly caused by the Defendant's acts and omissions, this
case is not a "typical case" and that the Plaintiff's
condition should be given "substantial weight" in determining
if the case should be transferred.

7. Therefore, because of the above stated reasons, Plaintiff
respectfully requests that this Honorable Court set this
Objection for hearing at the earliest possible time, and that
upon such hearing, this Honorable Court (a)sustain this
Objection, (b) reconsider its Order of Transfer of October 9,
1997, (c) vacate and set aside its Order of Transfer of
October 9, 1997, and (d) retain this cause on the Docket of
this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Honorable Court set this Objection for hearing at the earliest possible time; that upon such hearing, the Court sustain this Objection; that the Order of Transfer of October 9, 1997, be vacated and set aside; that this cause be retained on the docket of this Court; and Plaintiff further prays for such other and further relief, both general and special, at law or in equity, to which this Honorable Court may find her justly entitled.

Respectfully submitted,

JOSE J. FERNANDEZ, J.D.
Attorney for Plaintiff
115 E. Travis, Suite 1019
San Antonio, Texas  78205
(210) 224-6675 - Office
(210) 224-6676 - Telefax
Texas Bar No: 06934000

## C E R T I F I C A T E   O F   S E R V I C E

I hereby certify that a true and correct copy of the above and foregoing Objection To Order of Transfer and Request For Hearing, and proposed Order granting the same, has been served upon Ms. Karen B. Norris, Assistant United States Attorney, 601 N W Loop 410, Suite 600. San Antonio, Texas 78216-5512, Attorney for Defendant, by United States First Class Mail on this $20$ day of October, 1997.

JOSE J. FERNANDEZ, J.D.

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

OCT 0 9 1997

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

CHARLENE CARR,          )
                        )
        Plaintiff,      )
                        )
vs.                     )     CIVIL ACTION NO. SA-97-CA-490
                        )
ROBERT E. RUBIN,        )
Secretary of Treasury   )
of the United States    )
of America,             )
                        )
        Defendant.      )

ORDER OF TRANSFER

Before the Court is the status of the above-styled and numbered cause. Plaintiff, Charlene K. Carr, alleges her federal civil rights were violated while she was employed by the United States Customs Service at ports of entry in Brownsville, Texas, and Hildago, Texas.

The transfer of venue from one federal court to another is governed by 28 U.S.C. § 1404(a), which provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." Among other factors, the court must consider the residence of potential witnesses and the situs of the events giving rise to the lawsuit. Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co., 844 F. Supp. 1163, 1165 (S.D. Tex. 1994); Dupre v. Spanier Marine Corp., 810 F. Supp. 823, 825 (S.D. Tex. 1993). The relative convenience of the witnesses is the "most important factor" in determining whether transfer is proper. Gundle Lining Constr. Corp., 844 F. Supp. at 1166; Dupre, 810 F. at 825. "The place of the alleged wrong is [also] an important factor in determining whether to

17

A true copy of the original. I certify.
Clerk, U. S. District Court

By:_____
                        Deputy

CVisPDF - www.texiss.com

transfer a case." <u>Bevil v. Smit Americas, Inc.</u>, 883 F. Supp. 168, 171 (S.D. Tex. 1995). The court must also consider the convenience of the parties, the ease of access to sources of proof, the interests of justice in general and calendar congestion. <u>Gundle Lining Constr. Corp.</u>, 844 F. Supp. at 1165. Although the plaintiff's choice of forum is a factor, it is not accorded the decisive weight it enjoys under the doctrine of <u>forum</u> <u>non</u> <u>conveniens</u>. <u>Id.</u>

In the instant case, a transfer is warranted. The events giving rise to this cause of action occurred in Brownsville, Hildago, and surrounding areas. The majority of the material witnesses must be located there. Also, a view of the ports of entry, if necessary, would only be available in Brownsville and Hidalgo, Texas. Further, because plaintiff lived, was employed and visited doctors in and around Brownsville and Hidalgo, much of the documentary evidence should be located there. While it would be more convenient for plaintiff to litigate this matter in the city where she now resides, the interests of justice in general would be served by a transfer because, from the record, San Antonio has no connection to the underlying dispute. Finally, comparative docket congestion does not disfavor a transfer of this case.

IT IS THEREFORE ORDERED that the above-styled and numbered cause is TRANSFERRED to the United States District Court for the Southern District of Texas, Brownsville Division.

ORDERED, SIGNED and ENTERED this ___9___ day of October, 1997.

FRED BIERY
UNITED STATES DISTRICT JUDGE

CUsPDF - www.tenia.com

FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

OCT  9  3 19 PM '97

CLE??
WE??                   ??RT
                       ?AS
BY

CHARLENE K. CARR,                    )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )
                                     )  CIVIL NO. S A-97-CA-490
                                     )
ROBERT E. RUBIN as SECRETARY         )
OF TREASURY OF THE UNITED            )
STATES OF AMERICA,                   )
                                     )
        Defendant.                   )


### ANSWER


        Comes now, ROBERT E. RUBIN as SECRETARY OF TREASURY OF THE UNITED

STATES OF AMERICA, and in his official capacity, acting through the United States Attorney

for the Western District of Texas, does hereby answer the Plaintiff's First Amended Complaint in

the above cause responding to the numbered paragraphs therein as follows:

1.      Defendant admits that the Court has jurisdiction over those allegations which were first

presented to the defendant in administrative Treasury E.E.O. Complaint Nos.  94-2036, 94-2149,

94-2160, 95-2050, 96-2079, 96-2139 or 96-2139.

        Defendant denies that the court has jurisdiction over any matter not stipulated as an issue

in the above mentioned administrative cases.

        All other allegations of this paragraph, if any, are denied.

2.       Defendant denies that this action is authorized by 42 U.S.C. 1981 or 1983, the Fourteenth

Amendment or the Whistleblower Protection Act.

16.

Defendant admits that the allegations first presented in Treasury E.E.O. complaint nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or 96-2139 are authorized by the provisions of Title VII of the Civil Rights Act of 1964, and the Americans With Disabilities Act.

All other allegations, if any, of this paragraph are denied.

3.    Defendant denies that the Court has jurisdiction over any actions provided for by the State laws of the State of Texas against the defendant under any theory of pendent jurisdiction.

4.    Defendant has insufficient information to admit or deny the allegations of this paragraph.

5.    Defendant has insufficient information to admit or deny that plaintiff is a resident of San Antonio, Bexar County, Texas.  Defendant admits that plaintiff is a black female and a citizen of the United States.

6.    a.    Defendant admits that ROBERT E. RUBIN AS SECRETARY OF TREASURY OF THE UNITED STATES in his official capacity is authorized to direct the bureaus and agencies with the Department of Treasury.  All other allegations of this paragraph, if any, are denied.

b.    Defendant admits the allegations of this paragraph.

c.    Defendant admits that the Secretary of Treasury may be served as provided in the Federal Rules of Civil Procedure and that the offices of the Secretary and the United States Attorney in San Antonio are located at the addresses alleged in this paragraph.

7.    Defendant denies the allegation that Gustavo Saldivar or Domingo Tamex were supervisors at any time relevant to the complaint.  Defendant denies that any alleged sexual comments or touchings of plaintiff occurred and denies that the alleged acts were within the scope of any of the named persons' official duties as an agent, servant or employee of the defendant or

2

in furtherance of the official business of the defendant. Defendant denies that LINDA WILCOX was ever the District Director of Customs. Defendant denies that Robert Butler or Noe Rivera was a supervisor at any time relevant to the claim. All other allegations of this paragraph are admitted.

8.     The allegations of this paragraph are admitted upon information and belief.

9.     The allegations of this paragraph are admitted upon information and belief.

10.    To the extent that any person or persons named in the lawsuit acted contrary to the defendant's express policies on sexual harassment and other forms of discrimination, the defendant denies that such person was an agent of the defendant or acting under color of law. All other allegations of this paragraph, if any, are denied .

11.    Defendant admits that it was an employer as to plaintiff up until the time that plaintiff applied for and received a voluntary disability retirement from the United States Office of Personnel Management as indicated in the attachments to her complaint. All other allegations of this paragraph , if any, are denied.

12.    Defendant admits that plaintiff was hired by the U.S. Customs Service effective on or about November 20, 1989. The defendant denies that there was or is an oral or written contract of employment between defendant and plaintiff.  All other allegations of this paragraph, if any, are denied.

13.    Defendant admits on information and belief that, at the time of her hiring, plaintiff received a copy of the Customs Directive on Conduct and Employee Responsibilities (a Customs listing of prohibited conduct by employees), the Department of Treasury Minimum Standards of Conduct (a Treasury regulation describing prohibited conduct by employees), the Customs Directive

3

entitled "Table of Offenses and Penalties" (a listing of penalty guidelines for violations of the

aforementioned conduct codes) and the Customs Directive entitled "Computer Security

Awareness Materials for New Employees". Defendant admits that plaintiff was assigned to work

in the Brownsville, Texas Port of Entry. All other allegations of this paragraph, if any, are denied.

14.     The allegations of this paragraph are admitted.

15.     The allegations of this paragraph are denied.

        Defendant objects to the inclusion of any reference in the complaint to any matters

involving alleged acts or statements by Urbano Ramirez or Solomon Rodriguez since such are

not issues that were stipulated for inclusion in administrative complaint nos. 94-2036, 94-2149,

94-2160, 95-2050, 96-2079, 96-2139 or 96-2139.    This allegation should be stricken.

16.     The allegations of this paragraph are admitted.

17.     The allegations of this paragraph are denied.

18.     The allegations of this paragraph are admitted.

19.     The allegations of this paragraph are denied.

        Defendant objects to the inclusion of any reference in the complaint to this alleged incident

since it is not a matter that was stipulated for inclusion in administrative complaint nos. 94-2036,

94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or 96-2139. This allegation should be stricken.

20.     The allegations of this paragraph are denied.

21.     Defendant admits upon information and belief that Gustavo Saldivar either kissed, bit or

pecked the Plaintiff on September 16, 1993 and would show that in doing so he was not acting in

the course and scope of his duties as an employee of the defendant. The remaining allegations of

this paragraph are denied.

CHMPDF - www.fesha.com

Defendant objects to the reference to plaintiff being "the only black female on the job site", since plaintiff did not allege race discrimination in her administrative complaint no. 94-2036. Such allegation should be stricken from the complaint.   In the event that such allegation is not stricken or if it is deemed necessary that the defendant admit or deny such allegation, defendant admits that plaintiff was the only black female inspector at that work site at that time.  All other allegations of this paragraph, if any, are denied.

22.     The defendant has insufficient information to admit or deny the allegations of this paragraph.

23.     Defendant admits that in the afternoon of Friday, September 17, 1993, the plaintiff orally reported the kiss/bite of the previous day to Chief Inspector Eutemio Ruedas, after finding that Port Director Jorge Flores was not in the office.  All other allegations of this paragraph are denied.

24.     The allegations of this paragraph are admitted as to the kiss/bite incident.

25.     Defendant admits that Plaintiff requested sick leave and was granted sick leave. Defendant admits that Port Director Jorge Flores advised Ms. Carr about the Employee Assistance Program.   All other allegations of this paragraph are denied.

26.     Defendant has insufficient information to admit or deny the allegations of this paragraph.

27.     Defendant admits that plaintiff requested a reassignment and was granted a reassignment to Hidalgo, Texas.  All other allegations of this paragraph are denied.

28.     Defendant admits that plaintiff submitted a claim for worker's compensation several months after the kiss/bite incident, after the expiration of the regulatory time frame for submitting a CA-16 claim for immediate medical treatment.  Defendant denies that the worker's

5

compensation claims of Ms. Carr, once submitted, were not properly and timely processed. All other allegations of this paragraph, if any, are denied.

29.     The defendant admits that in March of 1994, plaintiff was granted a reassignment, at her own request, to Hidalgo, Texas and that the defendant did not incur the costs of the move. All other allegations of this paragraph are denied.

30.     Defendant admits that then District Director, Audrey Adams, Laredo, briefed the new Port Director at the Port of Hidalgo, to which Ms. Adams reassigned Ms. Carr, of all current managerial issues pending in the Port, and that this included a briefing on the reason that Ms. Carr was being reassigned to Hidalgo. All other allegations of this paragraph are denied.

        Defendant objects to the statement "where Plaintiff was the only black female on the job site" in this paragraph. This language should be stricken since plaintiff did not allege race in her administrative complaint no. 94-2036 and is, thus, immaterial to her claim and calculated to inflame the finder of fact.

31.     Defendant denies the allegations of this paragraph.

        Defendant objects to the inclusion of any allegation that she was attacked as she sought to leave the work site in the complaint since this was not an issue stipulated for inclusion in administrative complaint nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or 96-2139. This allegation should be stricken.

32.     Defendant admits that plaintiff received some kind of worker's compensation benefits but has insufficient information to admit or deny the precise relief that the U.S. Office of Worker's Compensation Programs granted to Ms. Carr or why that agency determined to terminated her benefits. All other allegations of this paragraph, if any, are denied.

CivilPDF - www.fastio.com

33.     Defendant admits that an agent of the U. S. Customs Service went to Ms. Carr's house, after she had been off duty for over a year under a claim of psychiatric illness with the intent to pickup her official government issue firearm and credentials, which Ms. Carr had not returned to Customs after several letters to her notifying her of the need to account for such property. Defendant denies that the visit to her house was made without prior notice to the plaintiff. All other allegations of this paragraph are denied.

34.     Defendant has insufficient information admit or deny the allegations of this paragraph.

35.     Defendant admits that on the occasion in question, the Commissioner of Customs made a presentation to the employees at the Port of Hidalgo and that Ms. Carr came to the site and voiced a personal complaint. All other allegations of this paragraph, if any, are denied.

        Defendant objects to the inclusion of any reference in the complaint to this incident since it is not an issue that was stipulated for inclusion in administrative complaint nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or 96-2139. This allegation should be stricken.

36.     The allegations of this paragraph are denied.

37.     Defendant has insufficient information to admit or deny the allegations of this paragraph.

38.     Defendant has insufficient information to admit or deny the allegations of this paragraph.

39.     Defendant admits that plaintiff submitted a letter from her private doctor giving a medical opinion that the Customs Service should transfer Ms. Carr to San Antonio, Texas. Defendant denies any other allegations of this paragraph.

40.     Defendant, based upon information and belief, admits that Customs Officer Domingo Tamez saw wires or string coming from plaintiff's ears while she was in the primary inspection booth, that she appeared to be moving to music, that he inquired whether such was listening to

music, that plaintiff advised Tamez to "check it out" and motioned for Tamez to check her collar area, that Tamex touched plaintiff about the collar of her jacket to see if it was wire or string and, finding that it was string and not radio wires, left the primary booth area. Defendant denies that a sexual touching occurred. All other allegations of this paragraph area denied.

41.     Defendant denies that plaintiff reported the fact that she was touched by a co-worker on October 23,1995, but would show that she only reported on that date that she felt sick and wanted to go home. The following day, plaintiff reported the incident via the fax machine. In the ensuing time, plaintiff submitted worker's compensation claims asserting that she had suffered a reaggravation of a prior injury (i.e. reaggravation of the injury caused by the first kiss). The next day, she reversed herself and submitted a claim that she had suffered a new traumatic injury entitling her to a another 45 days of Continuation of Pay under the worker's compensation statute (Federal Employees Compensation Act). The agency at first adhered to the belief that Carr's claim should be processed as she originally submitted it - as a reaggravation a prior lingering injury, which would not allow her to receive another period of automatic Continuation of Pay (COP) for 45 days. However, due to Ms. Carr's persistence, she was eventually paid the COP. Any remaining allegations of this paragraph are denied.

42.     Defendant denies the allegation that it has not paid the plaintiff a second period of Continuation of Pay. Defendant admits that plaintiff has filed E.E.O. complaints nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or 96-2139, previously referred to herein. Defendant denies any of these complaints has anything to do with Continuation of Pay. All other allegations of this paragraph, if any, are denied.

        Defendant objects to the inclusion of any reference in the complaint to the Continuation of

Pay as a basis for claim of discrimination since it is not an issue that was stipulated for inclusion in administrative complaint nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or 96-2139. This allegation should be stricken.

43.     Defendant has insufficient information to admit or deny the allegations of this paragraph.

44.     Defendant admits that it paid plaintiff the second 45-day period of Continuation of Pay based upon alleged injuries from sexual harassment. Defendant admits that such payment was made on or about the time alleged.

45.     Defendant admits that plaintiff reported the touching involving Customs officer Tamez. Defendant denies the remaining allegations of this paragraph.

46.     Defendant admits that plaintiff, while assigned to Hidalgo, Texas, appeared at the Customs office in San Antonio. All other allegations of this paragraph are denied.

47.     Defendant admits that plaintiff reported to work to Port Director Balderas. All other allegations of this paragraph are denied.

48.     Defendant admits that sometime in 1996, plaintiff, after a long absence and without notice and without being scheduled to work, showed up at one of the bridges and greeted Supervisor Enrique Saenz. She had her official government weapon in her holster backwards. Supervisor Saenz looked at the weapon on her hip and offered to accompany her into the facility which had been remodeled since she was last there. She declined and went into the administrative building on her own. Any other allegations of this paragraph are denied.

Defendant objects to this paragraph of the complaint since the referenced incident is not an issue that was stipulated for inclusion in administrative complaint nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or 96-2139. This allegation should be stricken.

9

49.     Defendant denies the allegations of this paragraph of the complaint.

50.     Defendant has insufficient information to admit or deny the allegations of this paragraph of the complaint.

51.     Defendant admits that after the defendant allowed COP to plaintiff, the U.S. Office of Worker's Compensation decided to deny the payment of COP to plaintiff and the payment, previously made, had to be billed to Ms. Carr as is required by OWCP rules.  All other allegations of this paragraph, if any, are denied.

52.     Defendant admits that on or about April 1997, an agent of the U.S. Customs Service went to the home of Ms. Carr in order to retrieve credentials.  The remaining allegations of this paragraph are denied.

        Defendant objects to the inclusion of any reference in the complaint to this incident since it is not an issue that was stipulated for inclusion in administrative complaint nos. 94-2036, 94-2149, 94-2160, 952050, 96-2079, 96-2139 or 96-2139.  This allegation should be stricken.

53.     Defendant admits that plaintiff was called several times in order ask her to return her official weapon and credentials pending her return to work.  All other allegations of this paragraph are denied.

        Defendant objects to the inclusion of any reference in the complaint to this incident since it is not an issue that was stipulated for inclusion in administrative complaint nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or 96-2139.  This allegation should be stricken.

54.     Defendant admits that plaintiff has filed administrative complaints with defendant under administrative complaint nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or 96-2139.  All other allegations of this paragraph, if any, are denied.

55.    The allegations of this paragraph are denied.

56.    The allegations of this paragraph are denied.

57.    The allegations of this paragraph are denied.

58.    The allegations of this paragraph are denied.

59.    The allegations of this paragraph are denied.

60.    Defendant has insufficient information to admit or deny the allegations of this paragraph.

61.    Defendant admits the allegations of this paragraph.

62.    Defendant admits that the plaintiff had been a customs inspector who performed at an
acceptable level whenever she was on the job.   The remaining allegations of this paragraph are
denied.

63.    Defendant denies the allegations of this paragraph.

64.    Defendant has insufficient information to admit or deny the allegations of the first sentence
of this paragraph.  Defendant denies the allegations of the second sentence of the paragraph.

65.    Defendant denies the allegations of this paragraph.

66.    Defendant denies the allegations of this paragraph.

67.    Defendant incorporates by reference its response to paragraphs 1 through 66 as though
they were set forth herein verbatim.

68.    This paragraph contains allegations of law and, therefore, defendant is not required to
admit or deny such.  To the extent required to admit or deny, the defendant denies that plaintiff is
protected vis-a-vis her federal employer by 42 U.S.C. 1981 or 1983 or the Fourteenth
Amendment and admits that the provisions of 42 U.S.C. 2000e-16 apply to plaintiff's complaints.
All other allegations of this paragraph, if any, are denied.

11

69.     Defendant denies that any of its employees who may have acted contrary to the provisions of 42 U.S.C. 2000e, 42 U.S.C. 12102 or 29 U.S.C. 701 as to the matters referred to in this complaint or in E.E.O. administrative complaint nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or 96-2139, was acting within the course and scope of their employment or under color of law.  Defendant denies that any of its employees or supervisors are "empowered" to affect the terms and conditions of its employees in violation of 42 U.S.C. 2000e-16.  All other allegations of this paragraph, if any, are denied.

70.     Defendant admits the allegations of the first sentence of this paragraph.  As to the second sentence, defendant admits that plaintiff's performance evaluations reflected satisfactory performance.  All other allegations, if any, of this paragraph are denied.

71.     The allegations of this paragraph are denied.

72.     Defendant denies that Gustavo Saldivar was a chief inspector at the time in question. Defendant, upon information and belief, admits that Gustavo Saldivar either kissed or playfully "bit" plaintiff on September 16, 1993.  Defendant, upon information and belief, denies that Saldivar assaulted or injured plaintiff on such occasion   Defendant admits that plaintiff reported such in administrative complaint no. 94-2036.  Defendant denies the allegation that no action was taken.

73.     Defendant, upon information and belief, denies the allegations of this paragraph.

74.     Defendant admits that on late Friday afternoon, September 17, 1993, the day following the kiss/bite, plaintiff reported the kiss/bite to the acting Port Director, Eutemio Ruedas, and that he agreed to report the matter to the Port Director, Jorge Flores, on Monday, when the Port Director returned to town.  All other allegations of this paragraph are denied.

12

75.     Defendant admits that Gustavo Saldivar gave a statement to Internal Affairs when he was interviewed by the Customs Service's Sexual Harassment Task Force investigator whom the agency promptly flew down to Brownsville in order to investigate the matter and that in such statement Saldivar stated that after plaintiff complimented him on his "pretty teeth", he asked her if she wanted him to bite her, that she did not say no, but said "I'm dirty" and pushed herself back from her keyboard allowing him room to lean over and give her a peck,  or "bite" as he described it, which he did, getting her lipstick on his teeth.

76.     The allegations of this paragraph are admitted.

77.     Plaintiff admits that two years after the kiss/bite referred to above, in another town, to wit: Hidalgo, Customs officer Domingo Tamez touched Plaintiff on the back of her jacket collar at her suggestion to see if she was wearing a wire connected to a radio while she was working the primary inspection booth at the Hidalgo International Bridge.  Defendant denies that the touching was sexual.  All other allegations of this paragraph are denied.

78.     Defendant admits that plaintiff filed an E.E.O. administrative complaint under agency nos. 96-2079 and  96-2139.  All other allegations of this paragraph are denied.

79.     Defendant denies the allegations of this paragraph.

80.     Defendant denies the allegations of this paragraph.  Defendant would also show that the court does not have jurisdiction over any claims against the defendant under the 42 U.S.C. 1981 or 1983, Section 21.002 of the Texas Labor Code or the Fourteenth Amendment.

81.     The allegations of this paragraph are denied.

82.     The allegations of this paragraph are denied.  42 U.S.C. 1981 and 1983 do not provide a cause of action against the defendant, and plaintiff is not entitled to punitive damages against

defendant.

83.    Defendant incorporates by reference its responses to paragraphs 1 through 82 by reference as through fully set out herein.

84.    This paragraph contains allegations of law and, therefore, defendant is not required to admit or deny such.  To the extent required to admit or deny, the defendant denies that plaintiff is protected vis-a-vis her federal employer by 42 U.S.C. 1981 or 1983 or the Fourteenth Amendment.  Defendant denies that plaintiff was a qualified person with a disability within the meaning of the Americans with Disabilities Act, 42 U.S.C. 12102 at any time relevant to her administrative complaint nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or 96-2139.  All other allegations of this paragraph are denied.

85.    The allegations of this paragraph are denied.

86.    The allegations of this paragraph are denied.

87.    Defendant denies that any of its employees who may have acted contrary to the provisions of 42 U.S.C. 2000e, 12102 or 29 U.S.C. 701 as to the matters referred to in this complaint or in E.E.O. administrative complaint nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or 96-2139, was acting within the course and scope of their employment or under color of law. Defendant denies that any of its employees or supervisors are "empowered" to affect the terms and conditions of its employees in violation of 42 U.S.C. 2000e-16.  All other allegations of this paragraph, if any, are denied.

88.    Defendant denies that the plaintiff was a qualified handicapped employee at any time relevant to her administrative complaint nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or 96-2139.  All other allegations of this paragraph are denied.

14

89.     The allegations of this paragraph are denied.

90.     Defendant denies that any physicians are employed by the Customs Service.  Defendant admits that it apprised plaintiff of the Employee Assistance Program (EAP) and that plaintiff contacted the EAP contract representatives, then filed an E.E.O. complaint against the defendant for referring her to the EAP program.   Defendant admits that, if plaintiff were told by any of the contract representatives of EAP that she had to see a physician, it would have had to be a private physician as no physicians work for the Customs Service.  All other allegations, if any, of this paragraph are denied.

91.     Defendant has insufficient information to admit or deny the allegations of this paragraph.

92.     The allegations of this paragraph are not sufficiently specific as to time and place to allow the defendant to admit or deny them.  If defendant is required to admit or deny the allegations of this paragraph, as written, defendant denies them.

93.     Defendant denies the allegations of this paragraph.

94.     Defendant admits that the plaintiff was relocated to the Hidalgo/Pharr Port of Entry and that she reported to work.  All other allegations of this paragraph are denied.

95.     Defendant has insufficient information to admit or deny what periods of time plaintiff was on worker's compensation at this time, but on information and belief would admits that plaintiff was on worker's compensation roughly during this time frame, until her benefits were terminated after the U.S. Office of Worker's Compensation Programs sanctioned her for having repeatedly failed to keep her appointment with the OWCP psychiatrist.

96.     Defendant admits that plaintiff submitted a letter to the Custom Service in Hidalgo, Texas, from her physician, dated October 6, 1995, giving the medical opinion that plaintiff should be

15

CHMPDF - www.texlisa.com

reassigned to San Antonio. Defendant admits that it did not reassign plaintiff to San Antonio. All other allegations of this paragraph are denied.

97.    The allegations of this paragraph are denied.

98.    Defendant denies the allegations of the first sentence of this paragraph. Defendant has insufficient information to admit or deny the allegations of the second sentence of the paragraph.

99.    This paragraph contains allegations of law that need not be admitted or denied. To the extent that the court requires them to be admitted or denied, however, the defendant denies these allegations.

100.    The allegations of this paragraph are denied.

101.    The allegations of this paragraph are denied. Defendant objects to the inclusion of a claim for a sum of money that is not authorized by the applicable statutes and is barred by sovereign immunity. This claim should be stricken.

102.    Defendant incorporates by reference its response to the allegations to paragraphs 1 through 101 as though fully set out herein.

Defendant objects to the allegations of paragraphs 102 through 112, alleging the "wrongful discharge" of a federal employee, and would show that plaintiff's only remedy from a wrongful disharge is to administratively appeal such "discharge" to the Merit Systems Protection Board pursuant to the Civil Service Reform Act of 1978 and, thence, to the Federal Circuit Court of Appeals. This court has no jurisdiction over this issue and paragraphs 102 through 112 should be stricken from the complaint.

103.    This paragraph contains allegations of law which the defendant is not required to admit or deny such. To the extent required to admit or deny, the defendant denies that plaintiff is

16

protected vis-a-vis her federal employer by 42 U.S.C. 1981 or 1983 or the Fourteenth
Amendment. Defendant denies that plaintiff was a qualified person with a disability within the
meaning of the Americans with Disabilities Act, 42 U.S.C. 12102 at any time relevant to her
administrative complaint nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or 96-
2139. Defendant admits that plaintiff's administrative complaints described in the foregoing
sentence are subject to being processed under 42 U.S.C. 2000e-16. All other allegations of this
paragraph are denied.

104.    The allegations of this paragraph are denied.

105.    The allegations of this paragraph are denied.

106.    Defendant denies that any of its employees who may have acted contrary to the provisions
of 42 U.S.C. 2000e, 12102 or 29 U.S.C. 701 as to the matters referred to in this complaint or in
E.E.O. administrative complaint nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or
96-2139, was acting within the course and scope of their employment or under color of law.
Defendant admits that some employees have the de facto ability to affect some conditions of
employment for other employees. Defendant denies that any of its employees or supervisors are
"empowered" to affect the terms and conditions of its employees in violation of 42 U.S.C. 2000e-
16. All other allegations of this paragraph, if any, are denied.

107.    The allegations of this paragraph are denied.

108.    The allegations of this paragraph are denied.

109.    The allegations of this paragraph are denied.

Defendant objects to the allegation referencing the Texas Commission of Human Rights
Act, which has no applicability. This allegation should be stricken.

17

96-2139, was acting within the course and scope of their employment or under color of law. Defendant denies that any of its employees or supervisors are "empowered" to affect the terms and conditions of its employees in violation of 42 U.S.C. 2000e-16. All other allegations of this paragraph, if any, are denied.

116.    The allegations of this paragraph are denied.

117.,    Defendant admits that plaintiff filed E.E.O. complaints with the U. S. Customs Service, Department of Treasury under the TD numbers alleged, as well as other complaints under the other numbers indicated in paragraph 115. Defendant admits that these cases referred in this paragraph were heard by an EEOC judge at the request of the Treasury Department under the EEOC numbers alleged in this paragraph of the compliant.   Defendant has insufficient information to admit or deny whether the plaintiff has received a right to sue letter from the EEOC.

118.    Defendant admits that the plaintiff has filed administrative E.E.O. complaints nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or 96-2139. Defendant admits that all administrative processing of these complaints ceased when plaintiff filed the present action. Defendant admits that the judicial complaint includes matters that were the basis of all the administrative complaints, and even attempts to include matters that were not the basis for any administrative complaint. All other allegations of this paragraph, if any, are denied.

119.    In response to the allegations of paragraph 119, defendant would show that it is vague in that it alleges that all customs officials knew of plaintiff's administrative complaints at all times during the six year period alleged, without saying when such complaints were filed, what management officials knew of which complaints or when then knew of them over the six year

19

period pleaded by plaintiff.   In light of broad and sweeping nature of this allegation, defendant is unable to specifically admit or deny.  Defendant admits only that some customs management officials learned of plaintiff's complaints at various times.

120.    The allegations of this paragraph are denied.

121.    The allegations of this paragraph are denied.

122.    The allegations of this paragraph are denied.

123.    The allegations of this paragraph are denied.

124.    The allegations of this paragraph are denied.

Defendant objects to the inclusion of a claim for a sum of money that is not authorized by the applicable statutes and is barred by sovereign immunity.  This paragraph should be stricken.

125.    The allegations of this paragraph are denied.

Defendant objects to the inclusion of a claim for a sum of money that is not authorized by the applicable statutes and is barred by sovereign immunity.  This paragraph should be stricken.

126.    Defendant incorporates by reference its responses to paragraphs 1 through 125 of the complaint as though fully set out herein.

Defendant objects to the allegations of paragraphs 126 through 132 and would show that the Secretary of Treasury cannot be sued in his official capacity for damages for a "civil conspiracy", that the complaint does not allege that an administrative tort claim has been filed against the United States of American for such and that paragraphs 126 through 132 should be stricken.

127.    This paragraph contains allegations of law which the defendant is not required to admit or deny such.  To the extent required to admit or deny, the defendant denies that plaintiff is

20

protected vis-a-vis her federal employer by 42 U.S.C. 1981 or 1983 or the Fourteenth Amendment. Defendant denies that plaintiff is a person protected by the provisions of 12 U.S.C. 1441(a), regarding Federal Home Loan Banks, or 31 U.S.C. 5328, regarding whistleblower protection for employees of financial institutions. Defendant denies that plaintiff is a qualified disabled person protected by 42 U.S.C. 120102 or 29 U.S.C. 701. Defendant admits that plaintiff's administrative complaints nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or 96-2139 are covered by 42 U.S.C. 2000e-16. All other allegations of this paragraph, if any, are denied.

128.    Defendant denies that any of its employees who may have acted contrary to the provisions of 42 U.S.C. 2000e, 12102 or 29 U.S.C. 701 as to the matters referred to in this complaint or in E.E.O. administrative complaint nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or 96-2139, was acting within the course and scope of their employment or under color of law. Defendant denies that any of its employees or supervisors are "empowered" to affect the terms and conditions of its employees in violation of 42 U.S.C. 2000e-16. All other allegations of this paragraph, if any, are denied.

129.    The allegations of this paragraph are denied.

Defendant objects to the reference to the Texas Labor Code, which has no applicability and should be stricken.

130.    The allegations of this paragraph are denied.

131.    The allegations of this paragraph are denied.

132.    The allegations of this paragraph are denied.

133.    Defendant incorporates by references its responses to the allegations contained in

21

paragraphs 1 through 132 of the complaint.

Defendant objects to the allegations of paragraphs 133 through 142 and would show that the Secretary of Treasury cannot be sued in his official capacity for damages for assault and battery, that the complaint does not allege that an administrative tort claim has been made for such against the United States and that paragraphs 133 through 142 should be stricken.

134.   Defendant denies that any of its employees who may have acted contrary to the provisions of 42 U.S.C. 2000e, 12102 or 29 U.S.C. 701 as to the matters referred to in this complaint or in E.E.O. administrative complaint nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or 96-2139, was acting within the course and scope of their employment or under color of law. Defendant denies that any of its employees or supervisors are "empowered" to affect the terms and conditions of its employees in violation of 42 U.S.C. 2000e-16. All other allegations of this paragraph, if any, are denied.

135.   Defendant admits that on September 16, 1993, Gustavo Saldivar, kissed or bit the plaintiff on the lip in some fashion. Defendant, upon information and belief, denies that the kiss or bite was an assault and battery as described or that it caused any physical injury to the plaintiff. Defendant denies that Gustavo Saldivar was a supervisor as well as all other allegations, if any, of this paragraph.

136.   Defendant denies the allegations of this paragraph.

Defendant objects to the inclusion of this issue as a basis for recovery since this issue was not stipulated for inclusion in administrative complaint nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or 96-2139. This allegation should be stricken.

137.   Upon information and belief, the allegation of this paragraph is denied.

22

138.   The allegation of this paragraph is denied.

139.   The defendant denies the allegations of this paragraph.

Defendant objects to this paragraph since it alleges an action which does not lie against the defendant. This paragraph should be stricken.

140.   The allegations of this paragraph are denied.

141.   The allegations of this paragraph are denied.

142.   The allegations of this paragraph are denied.

143.   The defendant incorporates by reference its responses to the allegations of paragraphs 1 through 142 as though fully set out herein.

Defendant objects to the allegations of paragraphs 143 through 154 and would show that the Secretary of Treasury cannot be sued in his official capacity for damages for tortious interference with a contractual relationship, that the complaint does not allege that an administrative tort claim has been made for such against the United States and that paragraphs 133 through 142 should be stricken.

144.   This paragraph contains allegations of law and, therefore, defendant is not required to admit or deny such. To the extent required to admit or deny, the defendant denies that plaintiff is protected vis-a-vis her federal employer by 42 U.S.C. 1981 or 1983 or the Fourteenth Amendment and admits that the provisions of 42 U.S.C. 2000e-16 apply to plaintiff's complaints. All other allegations of this paragraph, if any, are denied.

145.   Defendant denies that any of its employees who may have acted contrary to the provisions of 42 U.S.C. 2000e, 12102 or 29 U.S.C. 701 as to the matters referred to in this complaint or in E.E.O. administrative complaint nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or

23

CVisPDF - www.fasisa.com

96-2139, was acting within the course and scope of their employment or under color of law. Defendant denies that any of its employees or supervisors are "empowered" to affect the terms and conditions of its employees in violation of 42 U.S.C. 2000e-16. All other allegations of this paragraph, if any, are denied.

146.     Defendant admits that plaintiff was hired on or about November 20, 1989 as a customs inspector, GS-05 in Brownsville, Texas. Defendant admits that plaintiff's performance evaluations reflected satisfactory performance and that plaintiff received the normal career ladder promotions to GS-09. All other allegations, if any, of this paragraph are denied.

147.     Defendant denies the allegations of this paragraph.

Defendant objects to the inclusion of an allegation against Noe Rivera since such was not stipulated as an issue in Treasury E.E.O. complaint nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or 96-2139.

148.     Defendant admits that plaintiff filed Treasury E.E.O. complaint nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or 96-2139. Defendant denies all other allegations, if any, of this paragraph.

149.     The allegations of this paragraph are denied.

150.     The allegations of this paragraph are denied.

151.     The allegations of this paragraph are denied.

152.     The allegations of this paragraph are denied.

153.     The allegations of this paragraph are denied.

Defendant objects to the inclusion of a claim in an amount that exceeds any statutory authorization and such amount is barred by sovereign immunity.

154.   The allegations of this paragraph are denied.

Defendant objects to the inclusion of a claim in an amount that exceeds any statutory authorization and such amount is barred by sovereign immunity.

155.   Defendant incorporates herein its responses to the allegations of paragraph 1 through paragraphs 154.

Defendant objects to the allegations of paragraphs 155 through 168 on the grounds that they fail to state a claim under State law, they fail to state a claim for which relief can be granted against this defendant, that the Secretary of Treasury cannot be sued in his official capacity for damages for the intentional infliction of emotional distress, that the complaint does not allege that an administrative tort claim has been made for such against the United States and that paragraphs 133 through 142 should be stricken.

156..   This paragraph contains allegations of law and, therefore, defendant is not required to admit or deny such.  To the extent required to admit or deny, the defendant denies that plaintiff is protected vis-a-vis her federal employer by 42 U.S.C. 1981 or 1983 or the Fourteenth Amendment and admits that the provisions of 42 U.S.C. 2000e-16 apply to plaintiff's complaints. All other allegations of this paragraph, if any, are denied.

157.   Defendant denies that any of its employees who may have acted contrary to the provisions of 42 U.S.C. 2000e, 42 U.S.C. 12102 or 29 U.S.C. 701 as to the matters referred to in this complaint or in E.E.O. administrative complaint nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or 96-2139, was acting within the course and scope of their employment or under color of law.  Defendant denies that any of its employees or supervisors are "empowered" to affect the terms and conditions of its employees in violation of 42 U.S.C. 2000e-16.  All other

25

CAMPDF - www.testia.com

allegations of this paragraph, if any, are denied.

158.   Defendant admits that on September 16, 193, Gustavo Saldivar, kissed or bit the plaintiff on the lip in some fashion.  Defendant, upon information and belief, denies that the kiss or bite was an assault and battery as described or that it caused any physical injury to the plaintiff. Defendant denies that Gustavo Saldivar was a Chief Inspector or a supervisor, as well as all other allegations, if any, of this paragraph.

159.   Defendant denies the allegations of this paragraph.

160.   The allegations of this paragraph are denied.

161.   The allegations of this paragraph are denied.

Defendant objects to the inclusion of this issue as a basis for recovery since this issue was not stipulated for inclusion in administrative complaint nos. 94-2036, 94-2149, 94-2160, 95-2050, 96-2079, 96-2139 or 96-2139.  This allegation should be stricken.

162.   Upon information and belief, defendant denies the allegations of this paragraph.

163.   Defendant denies the allegations of this paragraph.

164.   Defendant denies the allegations of this paragraph.

165.   Defendant denies the allegations of this paragraph.

166.   (There is no paragraph 166 in the complaint.)

167.   Defendant denies the allegations of this paragraph.

Defendant objects to the inclusion of a claim for a sum of money that is not authorized by the applicable statutes and is barred by sovereign immunity.  This paragraph should be stricken.

168.   Defendant denies the allegations of this paragraph.

Defendant objects to the inclusion of a claim for a sum of money that is not authorized by

26

the applicable statutes and is barred by sovereign immunity. This paragraph should be stricken.

169.    Defendant denies the allegations, if any, in the prayer of the complaint and, further, objects

to the references to 31 U.S.C. 5328 (protecting whistleblowers of financial institutions), 12

U.S.C. 1441(a) (having to do with Federal Home Loan Banks), the Texas Human Rights Act and

Texas Labor Code, the Fourteenth Amendment, and 42 U.S.C. 1981 and 1983.

## FIRST DEFENSE

Plaintiff's complaint fails to state a claim on which relief may be granted.

## SECOND DEFENSE

Plaintiff has failed to exhaust her administrative remedies with respect to numerous of her

claims as specified below.

## THIRD DEFENSE

Certain portions of plaintiff's claims are barred by the statute of limitations.

## FOURTH DEFENSE

The doctrine of sovereign immunity bars certain portions of plaintiff's claim as specified

below.

## FIFTH DEFENSE

The Court lacks subject matter jurisdiction over certain portions of plaintiff's claim as

specified below.

## SIXTH DEFENSE

The Federal Employees Compensation Act, 5 U.S.C. 8116, bars certain portions of

plaintiff's claim as specified below.

27

## SEVENTH DEFENSE

Portions of the complaint should be dismissed for the failure to file an administrative tort claim under the Federal Tort Claims Act, 28 U.S.C. 2672 et seq.

## EIGHTH DEFENSE

Defendant asserts that, in the event plaintiff establishes any basis of recovery against the defendant, such recovery should be offset against any benefits which plaintiff has heretofore received or will receive in the future from the United States, including benefits paid under the Federal Employees Compensation Act.  See  Smith v. Office of Personnel Management, 778 F.2d 258 (5th Cir. 1985).

## NINTH DEFENSE

Pursuant to 42 U.S.C. § 1981a(b)(3)(D), any damages awarded in this case for future pecuniary losses and all non-pecuniary losses are subject to a $300,000.00 cap.

## TENTH DEFENSE

The Defendant avers that he had legitimate, non-discriminatory business justifications for all employment actions taken with respect to the plaintiff.

## ELEVENTH DEFENSE

The plaintiff is not entitled to punitive damages.  See 42 U.S.C. § 1981a(b)(1).

28

WHEREFORE, defendant prays that the complaint be dismissed or that upon final trial or hearing hereof that judgment be entered that plaintiff take nothing, for costs of court and for such other and further relief to which the defendant may be entitled.

Respectfully submitted,

JAMES WILLIAM BLAGG
United States Attorney

By
KAREN B. NORRIS
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, TX  78216-5512
(210) 530-6110
FAX (210) 530-6108
Texas Bar No. 15095020

OF COUNSEL:

CHRIS LUDTKE
Deputy Associate Chief Counsel
U.S. Customs Service
Department of Treasury
2323 S. Shepherd Suite 1246
Houston, TX 77019
(713) 313-2828
Texas Bar No. 12669600

29

WHEREFORE, defendant prays that the complaint be dismissed or that upon final trial or

hearing hereof that judgment be entered that plaintiff take nothing, for costs of court and for such

other and further relief to which the defendant may be entitled.

Respectfully submitted,

JAMES WILLIAM BLAGG
United States Attorney

By
KAREN B. NORRIS
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216-5512
(210) 530-6110
FAX (210) 530-6108
Texas Bar No. 15095020

OF COUNSEL:

CHRIS LUDTKE
Deputy Associate Chief Counsel
U.S. Customs Service
Department of Treasury
2323 S. Shepherd Suite 1246
Houston, TX 77019
(713) 313-2828
Texas Bar No. 12669600

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been mailed, certified mail, return receipt requested, on the _____6th_____ day of ___October___, 1997, addressed as follows:

Jose J. Fernandez
115 E. Travis, Suite 1019
San Antonio, TX 78205


_____
KAREN B. NORRIS
Assistant United States Attorney

30

CIbPDF - www.faxio.com

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

WESTERN ~ _____ DISTRICT OF ___ TEXAS

FILED

AUG 4 57 PM '97

CLERK
WESTERN ... URT
... TEXAS

BY

## SUMMONS IN A CIVIL ACTION

CHARLENE K. CARR

v.

ROBERT E. RUBIN
SECRETARY OF THE
U.S. TREASURY

CASE NUMBER:

SA-97-CA-440

TO: (Name and Address of Defendant)

ROBERT E. RUBIN
1500 PENNSYLVANIA, NW
WASHINGTON, D.C.

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

JOSE J. FERNANDEZ
115 E. TRAVIS, SUITE 1019
SAN ANTONIO, TEXAS 78205

an answer to the complaint which is herewith served upon you, within ____60____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

WILLIAM G. PUTNICKI

AUG 4 1997

CLERK

Carol West  13.

DATE

BY DEPUTY CLERK

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

WESTERN _____ DISTRICT OF ___ TEXAS

CHARLENE K. CARR

v.

ROBERT E. RUBIN
SECRETARY OF THE
U.S. TREASURY

SUMMONS IN A CIVIL ACTION

CASE NUMBER:

SA-97-CA-440

TO: (Name and Address of Defendant)

ROBERT E. RUBIN
1500 PENNSYLVANIA, NW
WASHINGTON, D.C.

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

JOSE J. FERNANDEZ
115 E. TRAVIS, SUITE 1019
SAN ANTONIO, TEXAS 78205

an answer to the complaint which is herewith served upon you, within _____ 60 _____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

WILLIAM G. PUTNICKI

AUG 4 1997

CLERK

BY DEPUTY CLERK

DATE

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

*WESTERN* _____ DISTRICT OF _____

FILED

AUG 4 5 PM '97

CLERK ... URT
WESTER... TEXAS

BY

CHARLENE K. CARR

V.

ROBERT E. RUBIN
SECRETARY OF THE
U.S. TREASURY

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: SA-97-CA-490

TO: (Name and Address of Defendant)

ROBERT E. RUBIN
1500 PENNSYLVANIA NW
WASHINGTON, DC

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

JOSE J. FERNANDEZ
115 E. TRAVIS, SUITE 1019
SAN ANTONIO, TX 78205

an answer to the complaint which is herewith served upon you, within _____ 60 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WILLIAM G. PUTNICKI

AUG 4 1997

CLERK                                                          DATE

Carol West                    14

BY DEPUTY CLERK

AO 440 (Rev. 1/90) Summons in a Civil Action

# RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| **NAME OF SERVER** (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served : _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
         *Date*                  *Signature of Server*

                                 _____
                                 *Address of Server*

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 44 Rev 1/90) Summons in a Civil Action

# United States District Court FILED

WESTERN _____ DISTRICT OF _____ TEXAS Aug 4 57 PM '97

CLERK
WESTERN DIST. COURT OF TEXAS
BY _____ DEPUTY

CHARLENE K. CARR

V.

ROBERT E. RUBIN
SECRETARY OF THE
U.S. TREASURY

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:

SA-97-CA-890

TO: (Name and Address of Defendant)

ROBERT E. RUBIN
1500 PENNSYLVANIA, N.W.
WASHINGTON, D.C.

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

JOSE J. FERNANDEZ
115 E. TRAVIS SUITE 1019
SAN ANTONIO, TX 78205

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WILLIAM G. PUTNICKI                    AUG 4 1997
_____          _____
CLERK                                    DATE

Carol West                              15
_____
BY DEPUTY CLERK

C2sPDF - www.texto.com

AO 440 (Rev. 1/90) Summons in a Civil Action

# RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served : _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____
_____
_____

☐ Other (specify): _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
　　　　　　　　　　*Date*　　　　　　　　　　　*Signature of Server*


_____
*Address of Server*

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**FILED**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

AUG 4  | 21 PM '97

CLERK US DIST COURT
WESTERN D.S. OF TEXAS

BY _____
                    DEPUTY

| | |
|---|---|
| CHARLENE K. CARR | * |
| | * |
| Plaintiff | * |
| | * |
| | * |
| v. | *   CIVIL NO. SA-97-CA-490 |
| | * |
| | * |
| ROBERT E. RUBIN, Secretary of | * |
| The United States Treasury | * |
| | * |
| Defendant | * |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes, **CHARLENE K. CARR**, Plaintiff in the above styled and numbered cause and pursuant to order(s) of this Court dated May 20, 1997 and July 14, 1997, files this, her Plaintiff's First Amended Complaint against **ROBERT E. RUBIN**, Secretary of the Treasury, Of The United States, In His Official Capacity, and for cause of action would respectfully show unto this Honorable Court, the following:

### JURISDICTION

1.   This Court has jurisdiction pursuant to 28 U.S.C. sections 1331 and 1343 as a civil action arising under the Constitution and laws of the United States.

2.   This action is authorized by the provisions of 42 U S C sections 1981 and 1983, 42 U S C 2000(e), et seq, the Civil Rights Act, as amended, 42 U S C 12102, et seq, the Americans With Disabilities Act of 1990, 12 U S C 1441(a) and 31 U S C 5328, the Whistle Blower Protection Act, and the Fourteenth Amendment to the United States Constitution.

3.   Plaintiff further invokes the pendent jurisdiction of this Court to consider claims rising under the statutes and laws of the State of Texas.

4.   Plaintiff is a resident of San Antonio, Bexar County, Texas, a city within the San Antonio Division of the United District Court for the Western District of Texas.



## PARTIES

5.   Plaintiff, **CHARLENE K. CARR**, is a resident of San Antonio, Bexar County, Texas and a citizen of the United States of America. The Plaintiff is a black female.

6.   a.   Defendant, **ROBERT E. RUBIN**, is the Secretary of the Treasury of the United States of America and his Official Capacity is responsible for, manages and supervises, through its supervisors, officers, directors, servants and employees, the various agencies of the Department of the Treasury.

     b.   The United States Customs Service is an agency of the Department of Treasury, that employs over 1000 employees throughout the United States and abroad.

     c.   Defendant, **ROBERT E. RUBIN**, Secretary of the Treasury, may be served with process by serving him at 1500 Pennsylvania Avenue N W, Washington, D.C., 20220 and by serving Mr. William Blagg, United States Attorney for the Western District of Texas at 601 N. W. Loop 410, San Antonio, Texas  78216.

## STATEMENT OF THE FACTS

7.   At all relevant times, **URBANO RAMIREZ**, Chief Inspector, **JORGE FLORES**, Port Director, **SOLOMON RODRIGUEZ**, Chief Inspector, **HUMBERTO GARCIA**, Supervisor, **JORGE AGUILAR**, Supervisor, **PAULA GREENE**, Chief Inspector, **ERNESTO TIJERINA**, Chief Inspector, **JESSE BAEZ**, Chief Inspector, **EUTEMIO RUEDAS**, Chief Inspector, **AUDREY ADAMS-PLOTKIN**, District Director, **LINDA WILCOX**, District Director, **ROBERT TROTTER**, Assistant Commissioner, **GEORGE WEISS**, Commissioner, **NOEL SANCHEZ**, Port Director, **ROMEO ESCOBAR**, Chief Inspector, **GUSTAVO SALDIVAR**, Supervisor Inspector, **DOMINGO TAMEZ**, employee, **ROBERT BUTLER**, SA, **ENRIQUE SAENZ**, Supervisor Inspector, **EDMOND BALDERAS**, Port Director, San Antonio Port of Entry, **NOE RIVERA**, Senior Customs Inspector, were supervisors, offices, directors, servants and employees of The Department of the Treasury, United States Customs Service, acting within the course and scope of their employment and in the furtherance of the Defendant's business, and "agents" of the Defendant as defined in the applicable statute(s).

8.   All incidents herein alleged that occurred between November, 1989 and March, 1994, took place at the Department of the Treasury. United States Customs Service, Ports of Entry in Brownsville, Texas.

9.   All incidents herein alleged that occurred after March, 1994, took place at the Department of the Treasury. United States Customs Service, Port of Entry in Hidalgo, Texas.

10. At all relevant times, the above named Defendant's "agents" were acting under the color of law.

11. At all relevant times, the Defendant was an "employer," as the term is defined in the applicable statute(s).

12. On or about November 20, 1989, the Department of the Treasury, United States Customs Service, through its officers, directors, employees, and agents and Plaintiff, **CHARLENE K. CARR,** entered into an oral and written contract of employment whereby Plaintiff was employed for the position of Customs Inspector GS-05.

13. At the time Plaintiff was hired, the Department of The Treasury, United States Customs Service, provided Plaintiff with a Personnel Manual which stated the employees' due process rights and disciplinary procedures. The Plaintiff was assigned to work in the Brownsville, Texas, Ports of Entry.

14. In December, 1990, the Plaintiff successfully completed the probationary period of the initial hiring process and was promoted to Customs Inspector GS-07.

15. In December, 1990, Plaintiff notified her Supervisor, **HUMBERTO GARCIA,** that **URBANO RAMIREZ** had asked her if he could "touch her behind" and that **SOLOMON RODRIGUEZ** had been touching her, rubbing his body against hers and had kissed her. Plaintiff requested that these humiliating and unwanted sexual advances be stopped, but nothing was done by management.

16. In 1991, the Plaintiff successfully completed the requirements of the position of Customs Inspector GS-07 and was promoted to Customs Inspector GS-09.

17. In 1991, Plaintiff again notified her Supervisor **HUMBERTO GARCIA,** and other supervisors, that she was still being sexually harassed on the worksite, but they did not take any remedial action.

18. In 1992, the Plaintiff successfully completed the requirements for Career Status in Federal employment.

19. Between 1991, and 1993, Senior Customs Inspector, **NOE RIVERA,** on numerous occasions, told Plaintiff that she reminded him of a "former girlfriend," and insisted that he "go out with him."

20. Between 1990 and 1993, Chief Customs Inspector **GUSTAVO SALDIVAR,** Supervisory status, made numerous unwanted sexual advances against the Plaintiff on the worksite .

21. On September 16, 1993, Chief Customs Inspector **GUSTAVO SALDIVAR,** Supervisory status, assaulted and injured the Plaintiff, who was the only black female on the job site, by biting her lower lip.

22. On September 16, 1993, Plaintiff began to experience intense fear of going on the worksite, depression, nausea, nervousness and other symptoms and took time off from work due to illness because of "the biting incident."

23. On September 17, 1993, Plaintiff made an official complaint and oral report of incident and injury reported to Chief Customs Inspector, **EUTEMIO RUEDAS**. Chief Inspector, **EUTEMIO RUEDAS** took no action to remedy the situation and his Response to Plaintiff's report was that the incident was "just alleged" and that the perpetrator, Chief Customs Inspector, **GUSTAVO SALDIVAR**, was his childhood friend.

24. Plaintiff filed an official EEO complaint on this incident and during the investigation of said complaint, Chief Customs Inspector, **GUSTAVO SALDIVAR**, admitted that he had bit the Plaintiff.

25. Plaintiff reported her illness to her Supervisors and requested medical assistance, but was ignored. After approximately one month, Plaintiff's Supervisors sent her to the Employee Assistance Program(EAP), but they told her that she had to see a private physician.

26. In January 1994, Plaintiff went to see a doctor in McAllen, Texas, who immediately put her on "off-work" status for two (2) weeks.

27. Between January 1994 to March 1994, Plaintiff, in an attempt to accomodate her mental condition and disability, applied for relocations, transfers and promotions, but never received any.

28. Although Plaintiff made several requests to her Supervisor **JESSE BAEZ**, and other Management officials at the office of United States Customs in Brownsville, Texas, she was not accommodated for her on-going mental condition and disability or provided with proper medical care.

29. In March 1994, after approximately three(3) years of on-going harassment by management officials and the daily humility of having to face perpetrator Chief Customs Inspector, **GUSTAVO SALDIVAR**, and other male Customs Inspectors making unwanted gestures and inappropriate touching while assigned at the Brownsville, Texas, Port of Entry, and its substations, Plaintiff was financially burdened relocating to a job position at the Hidalgo/Pharr International Bridge, Hidalgo, Texas, and reside over sixty-two miles away from the jobsite.

30. In March, 1994, Management Officials from the Brownsville, Texas, Port of Entry, notified the Hidalgo International Bridge, omanagement officials, where Plaintiff was the only black female on the job site, of the Plaintiff's on going EEO complaints at the Brownsville, Texas, offices.

31. In March, 1994, Plaintiff went to the port of entry offices to deliver a "doctor's excuse" for being off of work on sick leave as required by the union contract, and for reasons unbeknown to her, she was assaulted by Hidalgo/Pharr International Bridge, Port Director, **NOEL SANCHEZ**, Chief Inspector, **ROMEO ESCOBAR**, and Senior Inspector, **OLIVERAS**, when they approached her vehicle(car) and began "banging on the windows when she started to go home."

32. From January, 1995, to May, 1995, Plaintiff was placed on worker's compensation because of the mental condition resulting from the "bite" incident in 1993. In May, 1995, Plaintiff was taken of worker's compensation because she missed an appointment that she had with Dr. Robert Collier, for a second opinion.

33. In 1995, when disabled and severely mentally impaired and unable to work, for reasons unbeknown to the Plaintiff, agents of the Department of The Treasury, United States Customs Service, embarrassed, humiliated, harassed and retaliated against Plaintiff, when without notice, they appeared at her place of residence in McAllen, Texas, and requested that she turn her working materials over to them.

34. In March 1995, Plaintiff, while on worker's compensation status, learned of a meeting that was going to be held at the Hidalgo/Pharr Port of Entry, to discuss the war on drugs with Customs Commissioner, **GEORGE WEISS**.

35. Plaintiff went to the meeting and notified Commissioner **GEORGE WEISS** and several Management Officials of the Department of the Treasury, United States Customs Service, including Port Director, **NOEL SANCHEZ**, District Director, **AUDREY ADAMS-PLOTKIN**, **ROBERT TROTTER**, Assistant Commissioner, and others who were present at said meeting, of the on going harassment, racial discrimination and retaliation, that the Plaintiff was being subjected to by management officials.

36. When Plaintiff was addressing Commissioner, **GEORGE WEISS**, for reasons unknown to her, she was assaulted by District Director, **AUDREY ADAMS-PLOTKIN**.

37. In September, 1995, Plaintiff went to see Dr. Carlos Estrada, in McAllen, Texas, for a second opinion on her condition as required by worker's compensation. Dr. Estrada's diagnosis of the Plaintiff's condition was Major Depression, Post Traumatic Stress Syndrome.

38. In early October, 1995, Plaintiff went to see Dr. Irigoyer, who allowed Plaintiff to return to work with recommended conditions.

39. In mid-October, 1995, Plaintiff reported back to work with recommended conditions which included accommodation,

relocation, or transfer per Dr. Irigoyer, but the United States Customs Service management official refused and failed to comply with the conditions recommended by the doctor.

40. On October 23, 1995, while Plaintiff was on duty at the Hidalgo/Pharr International Bridge, working behind the computer, facing the on coming traffic from Mexico, Department of the Treasury, United States Customs Agent, **DOMINGO TAMEZ**, a "good friend" of the Port Director and other management officials, assaulted Plaintiff from behind by "picking up her jacket(s) and sticking his hand in the back of her slacks."

41. On October 23, 1995, Plaintiff reported the above incident to her supervisor and told him that her "symptoms were back" and filled out the forms requesting worker's compensation and Continuance of Pay(COP). Management officials called the incident a "new case" and not a reoccurrence.

42. The Department of the Treasury, United States Customs Service, did not pay Plaintiff the requested continuation of pay(COP) and Plaintiff filed an EEO complaint.

43. From October 1995 to January 1996, the Plaintiff had no income.

44. In late January, 1996, the Department of the Treasury, United States Customs Service, deposited the sum of approximately $3000.00 dollars, representing the COP pay into Plaintiff's checking account and her EEO complaint was dismissed.

45. Plaintiff reported the above stated incident of October 23, 1995, to Department of the Treasury, United States Customs Service, officials including, Commissioner **GEORGE WEISS**, but nothing was done to remedy the situation and/or prevent a reoccurrence.

46. In May, 1996, in an attempt to accommodate her medical condition and disability, Plaintiff reported to work at the Department of Treasury, United States Customs Service, at the Port of Entry in the San Antonio, Texas, Airport.

47. Plaintiff reported to Port Director, **EDMOND BALDERAS**, who inquired about Plaintiff's on going EEO hearings in the "valley," made a few phone calls and told her that she could not work there because she was not "assigned."

48. On June 10, 1996, Plaintiff reported to work at the Hidalgo International Bridge and **ENRIQUE SAENZ**, Supervisor Inspector, kept "staring at her body" and insisted on showing Plaintiff the "facilities.

49. In June, 1996, Plaintiff reported the on-going harassment and retaliation by Department of the Treasury, United States Customs Service Agents and management officials, to the

Department of the Treasury, United States Customs Service, Internal Affairs Office.

50. On May 28, 1997, the Plaintiff went to see Douglas Morgan, M.D. a Social Security doctor, who confirmed her diagnosis of Major Depression – Post Traumatic Stress Syndrome, and she was placed on Social Security Disability.

51. Recently, the Plaintiff received "bills" from the Department of the Treasury, United States Customs Service, dated August 12, 1996 and August 15, 1996, in the amount of approximately $3000.00, with the notation(s) that the COP had been charged to LWOP(leave without pay).

52. In April 1997, the Department of the Treasury, Unites States Customs Service agents and officers from the San Antonio Police Department went to Plaintiff's home in San Antonio, Texas, "to pick up her credentials" and harassed and retaliated against her.

53. Several harassing telephone calls were made to the Plaintiff's residence by the Department of the Treasury, United States Customs Service agents at a time when Plaintiff was severely mentally impaired.

54. Plaintiff has complained of being harassed by the Department of the Treasury, United States Customs Service, because of race, gender, and handicap-disability based discriminatory practices from 1990 to 1996.

55. Subsequent to Plaintiff's filing of her initial EEO complaint against the Department of the Treasury, United States Custom Service, and continuing up to the filing of this Amended Complaint, the Department of the Treasury, United States Customs Service, has engaged in purposeful and intentional acts of retaliation against Plaintiff because Plaintiff complained of its acts of harassment and discrimination against her.

56. The Department of the Treasury, United States Custom Service's acts of retaliation and racial discrimination against the Plaintiff, between the period from 1992 to 1996, included, but were not limited to, the following:
    (a) holding Plaintiff to higher standards for work performance;
    (b) stricter review of Plaintiff's work;
    (c) imposing more rigid time goals on plaintiff than her fellow Customs Inspectors;
    (d) manipulation of the administrative review process.
    (e) reprimand for excessive use of leave;
    (f) denial of proper medical treatment and termination;
    (g) the denial of advancement;
    (h) the denial of relocation opportunities;
    (i) the denial of promotional opportunities where Plaintiff

was qualified and made application; and,

(j)  the denial of equal consideration.

57.  The Department of the Treasury, United States Custom Service's acts of retaliation were done in retaliation for Plaintiff's complaints of harassment and discrimination altered her conditions of employment and resulted in Plaintiff being treated in a disparate and unjust manner.

58.  The acts of retaliation by the Department of the Treasury, United States Customs Service against the Plaintiff, have characterized Plaintiff in a poor light and as incompetent and have subjected her to ridicule, shame, and further extensive investigations.

59.  In August, 1996, Plaintiff was forced to apply for Disability Retirement Benefits with the Department of the Treasury, United States Customs Service on the basis of her medical condition and disability.

60.  Plaintiff's Disability Retirement Benefits were approved effective July 1, 1997.

61.  The Plaintiff was an employee of the Department of the Treasury, United States Customs Service, for over 6 years.

62.  The Plaintiff had been a loyal, diligent and competent employee of the Department of the Treasury, United States Customs Service, until she was disabled due to the on-the-job assault/injury committed by a Department of the Treasury, United States Custom Service Inspector Supervisor, **GUSTAVO SALDIVAR.**

63.  Throughout the Department of the Treasury, United States Customs Service's internal investigative procedure against the Plaintiff, **CHARLENE K. CARR,** and her ultimate discharge (constructive), Plaintiff was never given the opportunity to view the files which were the basis of allegations of job deficiencies and fraudulent reports written by the agency's agents to protect employees of the agency.

64.  The Plaintiff had been an upstanding citizen and law abiding citizen of the United States for over thirty years. The plaintiff is now severely mentally disabled since September 16, 1993 and is unable to work in the national economy and has suffered severe hardship financially, mentally and physically.

65.  As the result of the harassing and retaliatory actions of the Department of the Treasury, United States Customs Service, Plaintiff has sustained sever mental impairment and the disabling condition known as Major depression, Post Traumatic Stress Disorder for which treatment and therapy is necessary to assist Plaintiff in coping with her mental stress, mental strain, mental trauma and continued mental impairment.

66. Plaintiff has been harmed by the harassment, discrimination and retaliation actions and/or omissions of the Department of the Treasury, United States Customs Service, and for these acts, and others Plaintiff brings this cause of action.

## FIRST CAUSE OF ACTION—SEXUAL HARASSSMENT

67. Plaintiff hereby incorporates by reference, the allegations of the foregoing paragraphs 7 through 66, inclusive, as if they were set forth herein verbatim.

68. At all relevant times, Plaintiff was a member of a class of people whose rights, benefits and privileges are sought to be protected by 42 U S C sections 1981 and 1983, 42 U S C 2000(e), et seq, and the Fourteenth amendment to the United States Constitution.

69. At all relevant times, the Defendant's agents hereinafter mentioned, were acting within the course and scope of their employment with the Department of the Treasury, United States Customs Service, and under the color of law and were empowered to affect the terms and conditions of Plaintiff's employment.

70. On November 20, 1989, Plaintiff was hired by the Department of the Treasury, United States Customs Service, as a Customs Inspector, GS-05 and assigned to work in the Brownsville, Texas, Ports of Entry. From that date and until December, 1991, Plaintiff's employment was characterized by favorable job performance evaluations, including promotion to the position of Customs Inspector, GS-09.

71. From 1991 to 1993, Plaintiff, a black female, was subjected to a pattern of conduct which included numerous unprovoked, humiliating and embarrassing, sexual advances, requests for dates and other sexual favors, other verbal and physical conduct of a sexual nature by **NOE RIVERA**, Senior Customs Inspector, and **GUSTAVO SALDIVAR**, Chief Customs Inspector, which created a hostile and threatening working environment for the Plaintiff. Plaintiff reported each of these incidents to the appropriate management officials, but no remedial action was taken.

72. On September 16, 1993, Chief Customs Inspector-Supervisory Status, **GUSTAVO SALDIVAR**, assaulted and injured the Plaintiff by biting her lower lip.

73. On September 16, 1993, Plaintiff started experiencing intense fear of the worksite, depression, nausea, nervousness and other mental illness symptoms and had to take time off from work due to illness brought on the "bit" incident and previous sexual harassment.

74. On September 17, 1993, Plaintiff reported this "biting" incident to her supervisor, but no remedial action was taken.

75. During the investigation of an EEO complaint filed by the Plaintiff on this "biting" incident, Chief Customs Inspector, **GUSTAVO SALDIVAR**, admitted that he had bit the Plaintiff.

76. In March, 1994, Plaintiff was relocated to the Hidalgo/Pharr International Bridge Port of Entry.

77. On October 23, 1995, the Plaintiff was sexually assaulted at the job site by Department of The Treasury, United States Customs Service, employee, **DOMINGO TAMEZ**, a "good friend" of the Port Director, who came up from behind the Plaintiff and picked up her jackets and "stuck his hand in the back of her slacks."

78. Plaintiff reported this incident to the appropriate management officials, and although **DOMINGO TAMEZ**, admitted that the incident took place, no remedial action was taken by the management officials.

79. Plaintiff alleges that as a result of the above stated incidents, the conditions of her employment contract were altered.

80. Plaintiff alleges unto this Honorable Court that the above acts and/or omissions by the Defendant's "agents" constitute sexual harassment in the workplace in violation of 42 U S C 2000(e), et seq, and 42 U S C sections 1981 and 1983, Section 21.002 of the Texas Labor Code and the Fourteenth Amendment to the United States Constitution.

81. Plaintiff further alleges that as a direct and proximate cause of Defendant's "agents" acts and/or omissions, as hereinabove alleged, she has suffered severe metal anguish, in addition to her medical disability, and lost wages in the form of promotions and other pay, has been damaged, and is entitled to compensatory damages in the amount of $300.000.00.

82. Plaintiff further alleges unto this Honorable Court that because the above acts and/or omissions by the Defendant's "agents" were violations of 42 U S C 1981 and 1983, and intentional, willful, wanton, and with gross indifference to the rights of the Plaintiff, she has been damaged, and is entitled to, punitive damages in the amount of $900.000.00.

## SECOND CAUSE OF ACTION-FAILURE TO ACCOMODATE

83. Plaintiff hereby incorporates by reference, the allegations of the foregoing paragraphs 7 through 66, inclusive, as if they were set forth herein verbatim.

84.   At all relevant times, Plaintiff was a member of a class of
      people whose rights, benefits and privileges are sought to be
      protected by 42 U S C sections 1981 and 1983, 42 U S C 12102,
      et seq, 29 U S C 701, et seq, 42 U S C 2000(e) et seq, and the
      Fourteenth Amendment to the United States Constitution.

85.   At all relevant times, the Plaintiff's mental condition
      sustained as a result of the "biting" incident of September
      16, 1993, was a "disability" within the meaning of the
      Americans With Disabilities Act, 42 U S C 12102, et seq. and
      the Rehabilitation Act, 29 U S C 701, et seq.

86.   At all relevant times, the Plaintiff was a "qualified
      individual with a disability" within the meaning of the
      Americans With Disabilities Act, 42 U S C 12102, et seq. and
      the Rehabilitation Act, 29 U S C 701, et seq.          .

87.   At all relevant times, the Defendant's agents hereinafter
      mentioned, were acting within the course and scope of their
      employment with the Department of the Treasury, United States
      Customs Service, and under the color of law and were empowered
      to affect the terms and conditions of Plaintiff's employment.

88.   At all relevant times, Plaintiff was never informed of her
      right to have accommodation(s) for her condition and resulting
      disability by any of the Department of the Treasury, United
      States Customs Service's agents, as required by 29 U S C 701,
      et seq and 42 U S C 12102, et seq.

89.   On several occasions, Plaintiff reported her illness, that
      was due the "bite' incident that had occurred on the job, and
      other on going problems, to her supervisors and requested
      accomodation and medical assistance, but no action was taken
      by management officials on her requests.

90.   After approximately one month, the Plaintiff's supervisors
      referred her to the Department of the Treasury, United States
      Customs Service's Employee Assistance Program(EAP), but they
      told her that she had to see a private physician.

91.   In January 1994, Plaintiff went to see a doctor in McAllen,
      Texas who diagnosed her condition as "Major Depression, Post
      Traumatic Stress Syndrome," and immediately put her on "off-
      work" status for two(2) weeks.

92.   Despite the lack of improvement in her condition, Plaintiff
      continued to work, but attempted to accommodate her condition
      and made several requests transfers, reassignment, promotion
      and relocations.

93.   Plaintiff alleges that athough management knew of her mental
      condition and disability, they took no action to accommodate
      or provide medical assistance to the Plaintiff.

94.  In March, 1994, Plaintiff, was relocated to the Hidalgo/Pharr
     International Bridge Port of Entry in Hidalgo, Texas, and
     continued to work, despite the lack of improvement in her
     condition, but no accommodation was made for her condition.

95.  In January, 1995, Plaintiff was put on worker's compensation
     because of her on-going mental condition.   In May, 1995,
     Plaintiff was taken off of worker's compensation and went back
     to work.

96.  In mid-October, 1995, Plaintiff reported back to work with
     conditions   recommended   by   her   doctor   which   included
     accommodation, relocation or transfer, but the Department of
     the Treasury, United States Customs Service, failed and
     refused to comply with the conditions.

97.  On October 23, 1995, the Plaintiff was sexually assaulted
     while on duty by Department of the Treasury, United States
     Customs Service agent, **DOMINGO TAMEZ**, and had a reoccurrence
     of her major depression condition.

98.  In August, 1996, as a result her loss of income and inability
     to work because of to the Department of the Treasury, United
     States Customs Service's refusal and failure to accommodate
     her mental condition and disability as required by law,
     Plaintiff was "forced" to apply for Disability Retirement
     Benefits with the Department of the Treasury, United States
     Customs Service on the basis of her medical condition and
     disability.   Plaintiff's Disability Retirement Benefits were
     approved effective July 1, 1997.

99.  Plaintiff alleges unto this Honorable Court that the above
     acts and/or omissions by the Defendant's "agents" constitute
     discrimination on the basis of race and sex and failure to
     accommodate   a   disability   and   provide   medical   care,   in
     violation of 42 U S C 2000(e), et seq, and 42 U S C sections
     1981 and 1983, 42 U S C 12102, et seq., the Rehabilitation
     Act, 29 U S C 701, et seq., and the Fourteenth Amendment to
     the United States Constitution.

100. Plaintiff further alleges that as a direct and proximate cause
     of Defendant's 'agents" acts and/or omissions as hereinabove
     alleged,   she   suffered   severe   mental   anguish   and   medical
     disability, in addition to loss of wages in the past and in
     the future, has been damaged and is entitled to compensatory
     damages in the amount of $1,500.000.00.

101. Plaintiff   further   alleges   unto   this   Honorable   Court   that
     because of the above acts and/or omissions by the Defendant's
     "agents" were violations of 42 U S C 1981 and 1983, and
     intentional, willful, wanton, and with gross indifference to
     the rights of the Plaintiff, she has been damaged, and is
     entitled to, punitive damages in the amount of $4,500.000.00.

## THIRD CAUSE OF ACTION-WRONGFUL DISCHARGE

102. Plaintiff hereby incorporates by reference, the allegations of the foregoing paragraphs 7 through 66, inclusive, as if they were set forth herein verbatim.

103. At all relevant times, Plaintiff was a member of a class of people whose rights, benefits and privileges are sought to be protected by 42 U S C 2000(e), et seq, 42 U S C sections 1981 and 1983, 42 U S C 12102, et seq, 29 U S C 701, et seq, and the Fourteenth Amendment to the United States Constitution.

104. At all relevant times, the Plaintiff's mental condition sustained as a result of the "biting" incident of September 16, 1993, was a "disability" within the meaning of the Americans With Disabilities Act, 42 U S C 12102, et seq. and the Rehabilitation Act, 29 U S C 701, et seq.

105. At all relevant times, the Plaintiff was a "qualified individual with a disability" within the meaning of the Americans With Disabilities Act, 42 U S C 12102, et seq. and the Rehabilitation Act, 29 U S C 701, et seq.

106. At all relevant times, the Defendant's agents mentioned, were acting within the course and scope of their employment with the Department of the Treasury, United States Customs Service, and under the color of law and were empowered to affect the terms and conditions of Plaintiff's employment.

107. Plaintiff alleges that because of to the Department of the Treasury, United States Customs Service's refusal and failure to accommodate her mental condition as required by law, Plaintiff was "forced" to apply for Disability Retirement Benefits with the Department of the Treasury, United States Customs Service on the basis of her medical disability condition.

108. Plaintiff further alleges that because she was "forced" to apply for Disability Retirement Benefits as a result of the Department of the Treasury, United States Custom Service's refusal and failure to accommodate her disability as required by law, that she has been "wrongfully constructively terminated and discharged" from her position.

109. Plaintiff further alleges that the Department of the Treasury, United States Customs Service's pattern of conduct in terminating Plaintiff's employment, constitutes disparate treatment of minorities as those groups are defined by 42 U S C 2000(e), et seq, as amended, and the Texas Commission of Human Rights Act, Section 21.002 of the Texas Labor Code.

110. Plaintiff further alleges unto this Honorable Court that the above acts and/or omissions by the Defendant's "agents"

constitute discrimination on the basis of race and sex and wrongful constructive termination and discharge, in violation of 42 U S C 2000(e), et seq, and 42 U S C sections 1981 and 1983, 42 U S C 12102, et seq., the Rehabilitation Act, 29 U S C 701, et seq., and the Fourteenth Amendment to the United States Constitution.

111. Plaintiff further alleges that as a direct and proximate cause of the Defendant's "agents" acts and/or omissions, as hereinabove alleged, she has suffered severe mental anguish and medical disablity, in addition to loss of wages in the past and in the future, has been damaged and is entitled to compensatory damages in the amount of $1,500.000.00.

112. Plaintiff further alleges unto this Honorable Court that because the above acts and/or omissions by the Defendant's "agents" were violations of 42 U S C 1981 and 1983, and intentional, willful, wanton, and with gross indifference to the rights of the Plaintiff, she has been damaged, and is entitled to, punitive damages in the amount of $4,500.000.00.

## FOURTH CAUSE OF ACTION-RETALIATION

113. Plaintiff hereby incorporates by reference, the allegations of the foregoing paragraphs 7 through 66, inclusive, as if they were set forth herein verbatim.

114. At all relevant times, Plaintiff was member of a class of people whose rights, benefits and privileges are sought to be protected by 42 U S C sections 1981 and 1983, 42 U S C 2000e, et seq, 12 U S C 1441(a), 31 U S C 5328, and the Fourteenth Amendment to the United States Constitution.

115. At all relevant times, the Defendant's agents hereinafter mentioned, were acting within the course and scope of their employment with the Department of the Treasury, United States Customs Service, and under the color of law and were empowered to affect the terms and conditions of Plaintiff's employment.

116. The terms and conditions of Plaintiff's employment were altered as a result of the acts of retaliation hereinafter alleged.

117. Plaintiff filed complaints of discrimination, sexual harassment and retaliation against the Browsville Port of Entry, Management Officials with the Equal Employment Opportunity Commission (EEOC) in September, 1993, and in 1994, and 1995, to wit: EEOC Case Nos: 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X, 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X, 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X, 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X, Agency Case Nos: TD-94-2036, TD-94-2149, TD-94-2160, TD-95-2050.   Plaintiff has heretofore received her "Right To Sue" letter and these complaintis are the subject of this lawsuit.

118. Plaintiff also filed several complaints of discrimination, sexual harassment, and retaliation against the Hidalgo/Pharr Port of Entry, Management Officials with the Equal Employment Opportunity Commission (EEOC). These complaints are included herein and were dismissed when Plaintiff filed this lawsuit.

119. Plaintiff alleges that the management officials involved knew that she had filed complaints and subsequent to Plaintiff's filing of her initial EEO against the Department of the Treasury, United States Custom Service, and continuing up to the filing of this Amended Complaint, it has engaged in purposeful and intentional acts of retaliation and harassment against Plaintiff because she complained of its acts of harassment and discrimination against her.

120. The Department of the Treasury, United States Custom Service's acts of retaliation against Plaintiff, include, but are not limited to, the following:
    (a) holding Plaintiff to higher standards for work performance;
    (b) stricter review of Plaintiff's work;
    (c) Imposing more rigid time goals on plaintiff than her fellow Customs Inspectors;
    (d) manipulation of the administrative review process;
    (e) reprimand for excessive use of leave;
    (f) denial of proper medical treatment and termination;
    (g) the denial of advancement;
    (h) the denial of relocation opportunities;
    (i) the denial of promotional opportunities where Plaintiff was qualified and made application;
    (j) the denial of equal consideration;
    (k) refusal to accommodate her medical condition;
    (l) refusal to provide her medical care;
    (m) unjustified and unannounced visits to Plaintiff's home;
    (n) assaults on her person;
    (o) alteration of Plaintiff's employment conditions;
    (p) harassment; and,
    (q) wrongful termination.

121. The acts of retaliation by the Department of the Treasury, United States Customs Service against the Plaintiff, have characterized Plaintiff in a poor light and as incompetent and have subjected her to ridicule, shame, and further extensive investigations.

122. Plaintiff alleges that the Department of the Treasury, United States Customs Service's acts of retaliation, constitute disparate treatment of minorities as those groups are defined by 42 U S C 2000(e), et seq, as amended, and the Texas Commission of Human Rights Act, Section 21.002 of the Texas Labor Code.

123. Plaintiff further alleges unto this Honorable Court that the above acts and/or omissions by the Defendant's "agents"

constitute retaliation against her because she filed EEO complaints against the management personnel involved, in violation of 42 U S C 2000(e), et seq, and 42 U S C sections 1981 and 1983, 42 U S C 12102, et seq., 12 U S C 1441(a), 32 U S C 5328,and the Fourteenth Amendment to the United States Constitution.

124. Plaintiff further alleges that as a direct and proximate cause of the Defendant's "agents" acts and/or omissions, as hereinabove alleged, she has suffered severe mental anguish and medical disablity, in addition to loss of wages in the past and in the future, has been damaged and is entitled to compensatory damages in the amount of $1,500,000.00.

125. Plaintiff further alleges unto this Honorable Court that because the above acts and/or omissions of retaliation by the Defendant's "agents" were violations of 42 U S C 1981 and 1983, and intentional, willful, wanton, and with gross indifference to the rights of the Plaintiff, she has been damaged, and is entitled to, punitive damages in the amount of $4,500.000.00.

## SIXTH CAUSE OF ACTION–CIVIL CONSPIRACY

126. Plaintiff hereby incorporates by reference, the allegations of the foregoing paragraphs 7 through 66, inclusive, as if they were set forth herein verbatim.

127. At all relevant times, Plaintiff was a member of a class of people whose rights, benefits and privileges are sought to be protected by 42 U S C 2000(e), et seq, 42 U S C sections 1981 and 1983, 42 U S C 12102, et seq, 29 U S C 701, et seq, 12 U S C 1441(a), 31 U S C. 5328, and the Fourteenth Amendment to the United States Constitution.

128. At all relevant times, the Defendant's "agents" hereinafter mentioned, were acting within the course and scope of their employment with the Department of the Treasury, United States Customs Service, and under the color of law and were empowered to affect the terms and conditions of Plaintiff's employment.

129. Plaintiff alleges that from the time that she was employed by the Department of the Treasury, United States Customs Service, to the time of the filing of this Amended Complaint, all of the Defendant's supervisors, directors, officers, servants, employees, and "agents" herein mentioned, acting within the course and scope of their employment with the Department of the Treasury, United States Customs Service, under color of law and in the furtherance of the Defendant's business, acted together and in concert, and conspired to deny and deprive, and did deny and deprive, the Plaintiff of rights, benefits, and privileges to which she is rightfully entitled to, and are

guaranteed by, the provisions of 42 U S C sections 1981 and 1983, 42 U S C 2000(e), et seq, 42 U S C 12102, et seq, the Texas Commission of Human Rights Act, 29 U S C 701, et seq, the Rehabilitation Act, Section 21.002 of the Texas Labor Code, 12 U S C 1441(a), 31 U S C. 5328, and the Fourteenth Amendment to the Constitution of the United States.

130. Plaintiff further alleges unto this Honorable Court that the above conspiracy constitutes a violation of 42 U S C 2000(e), et seq, and 42 U S C sections 1981 and 1983, 42 U S C 12102, et seq., 29 U S C 701, et seq, the Texas Commission of Human Rights Act, Section 21.002 of the Texas Labor Code, and the Fourteenth Amendment to the United States Constitution, and that she suffered severe mental anguish and as a result thereof, in addition to loss of wages in the past and in the future.

131. Plaintiff further alleges that as a direct and proximate cause of the Defendant's "agents" acts and/or omissions, as hereinabove alleged, she has suffered severe mental anguish and medical disablity, in addition to loss of wages in the past and in the future, has been damaged and is entitled to compensatory damages in the amount of $1,500,000.00.

132. Plaintiff further alleges unto this Honorable Court that because the above conspiracy by Defendant's "agents" was a violation 42 U S C 1981 and 1983, and intentional, willful, wanton, and with gross indifference to the rights of the Plaintiff, she has been damaged, and is entitled to, punitive damages in the amount of $4,500,000.00.

## SEVENTH CAUSE OF ACTION—ASSAULT AND BATTERY

133. Plaintiff hereby incorporates by reference, the allegations of the foregoing paragraphs 7 through 66, inclusive, as if they were set forth herein verbatim.

134. At all relevant times, the Defendant's agents hereinafter mentioned, were acting within the course and scope of their employment with the Department of the Treasury, United States Customs Service, under the color of law, and in the furtherance of Defendant's business and were empowered to affect the terms and conditions of Plaintiff's employment.

135. On September 16, 1993, Chief Customs Inspector, Supervisor Status, **GUSTAVO SALDIVAR**, committed an assault and battery on the person of the Plaintiff by biting her on the lower lip and causing injury.

136. In March, 1995, District Director, **AUDREY ADAMS-PLOTKIN**, assaulted the Plaintiff while she was attending a meeting on

the war of drug, held by Commissioner **GEORGE WEISS**, at the Hidalgo/Pharr International Bridge Port of Entry offices.

137. On October 23, 1995, while Plaintiff was on duty at the Hidalgo/Pharr International Bridge, working behind the computer, facing the on coming traffic from Mexico, Department of the Treasury, United States Customs Agent, **DOMINGO TAMEZ**, a "good friend" of the Port Director and other management officials, assaulted Plaintiff from behind by "picking up her jacket(s) and sticking his hand in the back of her slacks."

138. In March, 1994, for reasons unbeknown to Plaintiff, she was assaulted and attacked by Hidalgo/Pharr International Bridge, by Port Director, **NOEL SANCHEZ**, Chief Inspector, **ROMEO ESCOBAR** and Senior Inspector, **OLIVERAS**, when they approached her vehicle(car) and began "banging on the windows."

139. Plaintiff further alleges unto this Honorable Court that the above actions of Defendant's agents constitute an intentional tort under the common laws of the State of Texas.

140. Plaintiff further alleges that as a direct and proximate cause of the above unprovoked assaults, she was intimidated, humiliated, embarrassed and suffered physical pain and has severe mental anguish, in the past, is presently suffering severe mental anguish and in all probability will suffer severe mental anguish in the future.

141. Plaintiff further alleges that as a direct and proximate cause of the Defendant's "agents" acts and/or omissions, as hereinabove alleged, she has suffered severe mental anguish in addition to loss of wages, has been damaged and is entitled to compensatory damages in the amount of $50.000.00.

142. Plaintiff further alleges unto this Honorable Court that because the above assaults by Defendant's "agents" were intentional, willful, wanton, without provocation and with gross indifference to the rights of the Plaintiff, she has been damaged, and is entitled to, punitive damages in the amount of $150,000.00.

### EIGHTH CAUSE OF ACTION
### TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

143. Plaintiff hereby incorporates by reference, the allegations of the foregoing paragraphs 7 through 66, inclusive, as if they were set forth herein verbatim.

144. At all relevant times, Plaintiff was a member of a class of people whose rights, benefits and privileges are sought to be protected by 42 U S C sections 1981 and 1983, 42 U S C 2000e, et seq, and the Fourteenth amendment to the United States Constitution.

145. At all relevant times, the Defendant's agents hereinafter mentioned, were acting within the course and scope of their employment with the Department of the Treasury, United States Customs Service, and under the color of law and were empowered to affect the terms and conditions of Plaintiff's employment.

146. On November 20, 1989, Plaintiff was hired by the Department of the Treasury, United States Customs Service, as a Customs Inspector, GS-05 and assigned to work in the Brownsville, Texas, Ports of Entry and favorable job performance evaluations, including promotion to the position of Customs Inspector, GS-09 until 1991.

147. From 1991 to 1993, Plaintiff, a black female, was subjected to numerous unprovoked, humiliating and embarrassing, sexual advances, requests for dates and other sexual favors, other verbal and physical conduct of a sexual nature by **NOE RIVERA**, Senior Customs Inspector, and **GUSTAVO SALDIVAR**, Chief Customs Inspector, which created a hostile environment for the Plaintiff.

148. Plaintiff reported each of these incidents to the appropriate management officials, and was required to file complaints against the parties involved with the Equal Employment Opportunity Commission(EEOC) because management officials did not take any remedial action.

149. Shortly after Plaintiff filed her first EEO complaint, against the party involved, management officials began to engage in pattern of actions, including, harassment, retaliation, assaults, failure to provide medical care, and failure to accommodate a disability.

150. The Department of the Treasury, United States Custom Service's acts of retaliation against Plaintiff, included, but were not limited to, the following:
    (a)  holding Plaintiff to higher standards for work performance;
    (b)  stricter review of Plaintiff's work;
    (c)  Imposing more rigid time goals on plaintiff than her fellow Customs Inspectors;
    (d)  manipulation of the administrative review process;
    (e)  reprimand for excessive use of leave;
    (f)  denial of proper medical treatment and termination;
    (g)  the denial of advancement;
    (h)  the denial of relocation opportunities;
    (i)  the denial of promotional opportunities where Plaintiff was qualified and made application;
    (j)  the denial of equal consideration;
    (k)  refusal to accommodate medical condition;
    (l)  refusal to provide medical care;
    (m)  unjustified and unannounced visits to Plaintiff's home;
    (n)  assaults on her person, and,
    (o)  wrongful termination.

151. The acts of retaliation by the Department of the Treasury, United States Customs Service against the Plaintiff, had the effect of characterizing Plaintiff in a poor light and as incompetent and have subjected her to ridicule, shame, and further extensive investigations.

152. Plaintiff alleges that the hereinabove acts of harassment and retaliation interfered with and altered the terms of the contract of employment that the Plaintiff had with the Department of the Treasury, United States Customs Service, and ultimately caused the wrongful termination of her employment.

153. Plaintiff alleges that as direct and proximate result of such interference as hereinabove alleged, she suffered severe metal anguish and depression which became a disability, in addition to loss of wages in the past and in the future, has been damaged and is entitled to compensatory damages in the amount of $1,500.000.00.

154. Plaintiff further alleges unto this Honorable Court that because the interference aforesaid by Defendant's "agents" was intentional, willful, wanton, without provocation and with gross indifference to the rights of the Plaintiff, she has been damaged, and is entitled to, punitive damages in the amount of $4,500.000.00.

### NINTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

155. Plaintiff hereby incorporates by reference, the allegations of the foregoing paragraphs 7 through 66, inclusive, as if they were set forth herein verbatim.

156. At all relevant times, Plaintiff was member of a class of people whose rights, benefits and privileges are sought to be protected by 42 U S C sections 1981 and 1983, 42 U S C 2000e, et seq, and the Fourteenth amendment to the United States Constitution.

157. At all relevant times, the Defendant's agents hereinafter mentioned, were acting within the course and scope of their employment with the Department of the Treasury, United States Customs Service, and under the color of law and were empowered to affect the terms and conditions of Plaintiff's employment.

158. On September 16, 1993, Chief Customs Inspector, Supervisor Status, GUSTAVO SALDIVAR, committed an assault and battery on the person of the Plaintiff by biting her on the lower lip and causing injury.

159. Plaintiff was required to file a EEO complaint with the Equal Employment Opportunity Commission(EEOC) because, although she

immediately reported the incident, management officials did not take any remedial action.

160. Shortly after Plaintiff filed her first EEO complaint, against the party involved, management officials began to engage in series of actions, including, harassment, retaliation, assaults, failure to provide medical care, and failure to accommodate a disability.

161. In March, 1995, District Director, **AUDREY ADAMS-PLOTKIN**, assaulted the Plaintiff while she was attending a meeting on the war of drug, held by Commissioner GOERGE WEISS, at the Hidalgo/Pharr International Bridge Port of Entry offices.

162. On October 23, 1995, while Plaintiff was on duty at the Hidalgo/Pharr International Bridge, working behind the computer, facing the on coming traffic from Mexico, Department of the Treasury, United States Customs Agent, **DOMINGO TAMEZ**, a "good friend" of the Port Director and other management officials, assaulted Plaintiff from behind by "picking up her jacket(s) and sticking his hand in the back of her slacks."

163. Plaintiff alleges that because of the assault committed by Senior Chief Inspector, Supervisor Status, she sustained severe mental aguish and depression which developed in Major Depression, Post Traumatic Stress Syndrome because of the subsequent discrimination, harassment and retaliation by management officials.

164. In March, 1994, for reasons unknown to Plaintiff, she was attacked and assaulted by Hidalgo/Pharr International Bridge, by Port Director, **NOEL SANCHEZ**, Chief Inspector, **ROMEO ESCOBAR** and Senior Inspector, **OLIVERAS**, when they approached her vehicle(car) and began "banging on the windows."

165. Plaintiff further alleges unto this Honorable Court that the above actions of Defendant's agents constitute an intentional tort under the common laws of the State of Texas.

167. Plaintiff alleges that as direct and proximate result of such intentional infliction of emotional distress as hereinabove alleged, she sustained severe mental anguish and depression, which developed into Major Depression, Post Traumatic Stress Syndrome, was terminated from her job, lost of wages in the past and will lose wages in the future, has been damaged and is entitled to compensatory damages in the amount of $1,500.000.00.

168. Plaintiff further alleges unto this Honorable Court that because the above alleged infliction of emotion distress by the Defendant's "agents" was intentional, willful, wanton, without provocation and with gross indifference to the rights of the Plaintiff, she has been damaged, and is entitled to, punitive damages in the amount of $4,500.000.00.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant, Robert E. Rubin, be given notice and summons of the filing of this First Amended Complaint, to appear and answer herein as required by law; that upon a final hearing hereon, the Court:

a. Issue a declaratory judgment as provided by law, that the acts, policies, practices, and procedures of the Defendant complained of herein violated Plaintiff's rights under 42 U S C, Sections 1981 and 1983, Title VII of the Civil Rights Act of 1964, 42 U S C 2000(e), et. seq., the Americans with Disabilities Act of 1990, 42 U S C 12102, et seq, the Rehabilitation Act, 29 U S C 791, et seq., 12 U S C 1441(a), 31 U S C. 5328, the Whistle Blower Protection Act, the Texas Human Rights Act, Section 21.002 of Texas Labor Code and her rights to due process and equal protection of the laws as guaranteed by the Fourteenth Amendment of the United States Constitution;

b. order the Defendant to re-instate the Plaintiff with front pay and backpay and payment of lost wages;

c. grant Plaintiff judgment, to have and recover of and from the Defendant, compensatory and punitive damages in accordance with the allegations herein;

d. grant to the Plaintiff's attorney reasonable attorney's fees, costs, expenses and disbursements;

e. grant the Plaintiff pre-judgment and post-judgment interest as provided by law; and

f. Plaintiff further prays for such further and further relief, both general and special, in law or in equity, to which this Honorable Court may find her justly entitled.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

RESPECTFULLY SUBMITTED,

JOSE J. FERNANDEZ, J.D.
Attorney for Plaintiff
115 E. Travis, Suite 1019
San Antonio, Texas 78205
(210) 224-6675 - Office
(210) 224-6676 - Telefax
Texas Bar No: 06934000

FILED

JUL 1 4 1997

CLERK, U.S. COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

CHARLENE CARR                    *
                                 *
        Plaintiff               *
                                 *        CIVIL NO. SA-97-CA-490
                                 *
                                 *
JANET RENO, United States       *
Attorney General, et al         *
                                 *
        Defendant(s)            *

**ORDER GRANTING**
**MOTION FOR EXTENSION OF TIME TO FILE**
**AMENDED COMPLAINT AND SCHEDULING RECOMMENDATIONS**

On this _____ day of July, 1997, came on to be heard the
Plaintiff's Motion For Extension Of Time To File her Amended
Complaint and Scheduling Recommendations, in above styled and
numbered cause, and the Court, after having considered the same, is
of the opinion and finds, that said Motion should, in all things,
be granted.

It is therefore, ORDERED by the Court that Plaintiff's Motion
For Extension Of Time To File her Amended Complaint and Scheduling
Recommendations be, and the same is, hereby, in all things granted.

It is further ORDERED by the Court that the time for the
filing of Plaintiff's Amended Complaint herein be extended for a
additional thirty (30) days, or until August 2, 1997 and that the
time for Plaintiff to file her Scheduling Recommendations be
extended to thirty (30) days from the date that any Defendant
appears in this cause.

ORDERED, SIGNED and ENTERED this _____ day of July, 1997.

FRED BIERY
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

```
FILED
JUL 0 3 1997
By          Deputy
```

CHARLENE CARR                    *
                                 *
                    Plaintiff    *
                                 *
                                 *
v.                               *          CIVIL NO. SA-97-CA-490
                                 *
                                 *
JANET RENO, United States        *
Attorney General, et al          *
                                 *
                  Defendant(s)   *

MOTION FOR EXTENSION OF TIME TO FILE
AMENDED COMPLAINT AND SCHEDULING RECOMMENDATIONS

TO THE HONORABLE JUDGE OF SAID COURT:

     Now comes, CHARLENE CARR, Plaintiff in the above styled and
numbered cause, hereinafter called Movant, and files this Motion
For Extension Of Time To File her Amended Complaint and Scheduling
Recommendations, and in support thereof, would respectfully show
unto this Honorable Court, the following:

1.   Plaintiff, CHARLENE CARR, filed this cause of action pro-se.
     The Plaintiff's Original Complaint was received by the Clerk
     of this Court on April 21, 1997 and filed on May 20, 1997.

2.   On May 20, 1997, the Honorable John Primono, Magistrate of
     this Court, appointed the undersigned Attorney to represent
     the Plaintiff in this cause.

3.   Pursuant of Judge Primono's Order of May 20, 1997, the
     undersigned attorney filed his Notice of Appearance in this
     cause on June 3, 1997.

                              $10.$

CilaPDF - www.fasbo.com

4.  Judge Primono's Order of May 20, 1997, further ordered that the Plaintiff's complaint be amended" so that it clearly asserts that Plaintiff's claims and factual allegations" and "so that the only Defendant is Robert E. Rubin, Secretary of the Treasury," within thirty (30) days of the filing of said Notice of Appearance, or by July 3, 1997.

5.  Due to the complex and diverse nature of the issues raised by the Plaintiff, and to adequately and properly present them to the court as ordered, Plaintiff's attorney needs at least thirty (30) additional days to complete his investigation, do additional research of the applicable law and prepare said Plaintiff's Amended Complaint.

6.  Because of the reasons stated above Movant respectfully requests that she be granted an additional thirty (30) days in to file her Amended Complaint in this cause.

7.  Movant further shows the Court that to the date of the filing of this Motion, no Defendant has appeared in this cause and hereby requests that the time for Plaintiff to file her Scheduling Recommendations be also extended to thirty (30) days from the date that any Defendant appears in this cause.

    WHEREFORE, PREMISES CONSIDERED, Movant respectfully prays that this Honorable Court grant her this Motion and the time for the filing of her Amended Complaint be extended for a additional thirty (30) days, or until August 2, 1997; that the time for Plaintiff to file her Scheduling Recommendations be extended to thirty (30) days from the date that any Defendant appears in this cause; and Movant further prays for such other and further relief, both general and

special, at law or in equity, to which this Honorable Court may find her justly entitled.

Respectfully submitted,

JOSE J. FERNANDEZ, J.D.
Attorney for Plaintiff
115 E. Travis, Suite 1019
San Antonio, Texas  78205
(210) 224-6675 - Office
(210) 224-6676 - Telefax
Texas Bar No: 06934000

## C E R T I F I C A T E   O F   S E R V I C E

I hereby that a true and correct copy of the above and foregoing Motion For Extension Of Time To File Amended Complaint and Scheduling Recommendations and proposed Order Granting the same, has been served upon the following parties(Defendants) by United States First Class Mail:

JANET RENO
United States Attorney
United States Department Of Justice
Main Justice Building
10th and Constitution Ave - N W
Washington, D.C.  20530

JAMES WILLIAM BLAGG
United States Attorney
601 N W Loop 410, Suite 600
San Antonio, Texas  78216

ROBERT E. RUBIN
Secretary Of The Treasury
10127 Morroco
San Antonio, Texas  78216

JORGE FLORES
Port Director
10127 Morroco
San Antonio, Texas   78216

HUMBERTO GARCIA
Supervisor
10127 Morroco
San Antonio, Texas   78216

JORGE AGUILAR
Supervisor
10127 Morroco
San Antonio, Texas   78216

PAULA GREENE
Chief Inspector
10127 Morroco
San Antonio, Texas   78216

ERNESTO
Chief Inspector
10127 Morroco
San Antonio, Texas   78216

JESSE BAEZ
Chief Inspector
10127 Morroco
San Antonio, Texas   78216

EUTEMIO RUEDAS
Chief Inspector
10127 Morroco
San Antonio, Texas   78216

AUDREY ADAMS-PLOTKIN
District Director
10127 Morroco
San Antonio, Texas   78216

LINDA WILCOX
District Director
10127 Morroco
San Antonio, Texas   78216

ROBERT TROTTER
Assistant Commissioner
10127 Morroco
San Antonio, Texas   78216

GEORGE WEISS
Commissioner
10127 Morroco
San Antonio, Texas   78216

NOEL SANCHEZ
Port Director
10127 Morroco
San Antonio, Texas   78216

ROMEO ESCOBAR
Chief Inspector
10127 Morroco
San Antonio, Texas   78216

GUSTAVO SALDIVAR
Supervisor Inspector
10127 Morroco
San Antonio, Texas   78216

DOMINGO TAMEZ
Employee
10127 Morroco
San Antonio, Texas   78216

ROBERT BUTLER, SA
10127 Morroco
San Antonio, Texas   78216

ENRIQUE SAENZ
Supervisor Inspector
10127 Morroco
San Antonio, Texas   78216

BALDERAS
Port Director
10127 Morroco
San Antonio, Texas   78216

CHARLENE CARR
Plaintiff
P O Box 500199
San Antonio, Texas   78280-6199

on this _3rd_ day of July, 1997.

JOSE J. FERNANDEZ, J.D.

FILED

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

1997 JUN -3 ₽ 4: 33

CLERK, US DISTRICT COU?
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

| | | |
|---|---|---|
| **CHARLENE CARR** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| | * | |
| v. | * | CIVIL NO. SA-97-CA-490 |
| | * | |
| | * | |
| **JANET RENO**, United States | * | |
| Attorney General, et al | * | |
| | * | |
| Defendant(s) | * | |

## NOTICE OF APPEARANCE AND REQUEST FOR SERVICE

Now comes, JOSE J. FERNANDEZ, J.D., Attorney at Law, Attorney for Plaintiff in the above styled and numbered cause and gives Notice Of his Appearance in this case.

JOSE J. FERNANDEZ, J.D. hereby respectfully requests that he be served with any pleadings, reports, orders, documents, notices of hearings and any other notices to parties in this case.

Respectfully submitted,

JOSE J. FERNANDEZ, J.D.
Attorney for Plaintiff
115 E. Travis, Suite 1019
San Antonio, Texas  78205
(210) 224-6675 - Office
(210) 224-6676 - Telefax

## C E R T I F I C A T E   O F   S E R V I C E

I hereby that a true and correct copy of the above and foregoing Notice of Appearance and Request For Service, has been served upon the following parties(Defendants) by United States First Class Mail:

JANET RENO
United States Attorney
United States Department Of Justice
Main Justice Building
10th and Constitution Ave - N W
Washington, D.C.  20530

JAMES WILLIAM BLAGG
United States Attorney
601 N W Loop 410, Suite 600
San Antonio, Texas  78216

ROBERT E. RUBIN
Secretary Of The Treasury
10127 Morroco
San Antonio, Texas  78216

JORGE FLORES
Port Director
10127 Morroco
San Antonio, Texas  78216

HUMBERTO GARCIA
Supervisor
10127 Morroco
San Antonio, Texas  78216

JORGE AGUILAR
Supervisor
10127 Morroco
San Antonio, Texas  78216

PAULA GREENE
Chief Inspector
10127 Morroco
San Antonio, Texas  78216

**ERNESTO**
Chief Inspector
10127 Morroco
San Antonio, Texas   78216


**JESSE BAEZ**
Chief Inspector
10127 Morroco
San Antonio, Texas   78216


**EUTEMIO RUEDAS**
Chief Inspector
10127 Morroco
San Antonio, Texas   78216


**AUDREY ADAMS-PLOTKIN**
District Director
10127 Morroco
San Antonio, Texas   78216


**LINDA WILCOX**
District Director
10127 Morroco
San Antonio, Texas   78216


**ROBERT TROTTER**
Assistant Commissioner
10127 Morroco
San Antonio, Texas   78216


**GEORGE WEISS**
Commissioner
10127 Morroco
San Antonio, Texas   78216


**NOEL SANCHEZ**
Port Director
10127 Morroco
San Antonio, Texas   78216


**ROMEO ESCOBAR**
Chief Inspector
10127 Morroco
San Antonio, Texas   78216

GUSTAVO SALDIVAR
Supervisor Inspector
10127 Morroco
San Antonio, Texas  78216


DOMINGO TAMEZ
Employee
10127 Morroco
San Antonio, Texas  78216


ROBERT BUTLER, SA
10127 Morroco
San Antonio, Texas  78216


ENRIQUE SAENZ
Supervisor Inspector
10127 Morroco
San Antonio, Texas  78216


BALDERAS
Port Director
10127 Morroco
San Antonio, Texas  78216


CHARLENE CARR
Plaintiff
P O Box 500199
San Antonio, Texas  78280-6199


on this _3_ day of June, 1997.


JOSE J. FERNANDEZ, J.D.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

**MAY 2 1 1997**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

CHARLENE CARR,                          )
                                        )
            Plaintiff,                  )
                                        )
vs.                                     )    CIVIL ACTION NO. SA-97-CA-490
                                        )
JANET RENO, ET AL.,                     )
                                        )
            Defendant.                  )

ORDER FOR SCHEDULING RECOMMENDATIONS

In an effort to assist the parties in resolving their dispute as expeditiously and efficiently as possible, and in accordance with the Civil Justice Expense and Delay Reduction Plan, and Rule CV-16(d) of the Local Court Rules of the Western District of Texas,

IT IS HEREBY ORDERED that the plaintiff shall submit a proposed scheduling order to the Court within 30 days of the appearance of any defendant. The plaintiff shall confer with any party who has appeared in the action concerning the contents of the proposed scheduling order and shall include proposals for all deadlines set out in the scheduling order contained in Appendix B-1 to the Local Rules. The plaintiff shall indicate in the proposed scheduling order that such a conference has occurred.

**In lieu of submitting a proposed scheduling order, the parties may, by agreement, execute and submit the form set out in Appendix B-4 of the Local Rules, consenting to magistrate jurisdiction and placing their case on an expedited docket in accordance with Local Rule CV-16(f).**

The proposed scheduling order shall contain suggestions for the following deadlines:

1.  A report on alternative dispute resolution in compliance with Local Rule CV-88 (the standard period being <u>90 days</u> after the first defendant's appearance).

2.  The parties shall advise the Court whether they agree to have their case placed on the docket and heard by a Magistrate Judge (the standard period being <u>30 days</u> after the first defendant's appearance).

3.  The parties asserting claims for relief shall submit a written offer of settlement to opposing parties (the standard period being <u>90 days</u> after the first defendant's appearance). Each opposing party shall respond, in writing, to the offer of settlement (the standard period being <u>104 days</u> after the first defendant's appearance.)



4.   All motions to amend or supplement pleadings or to join additional parties (the standard period being 120 days after the first defendant's appearance).

5.   All parties asserting claims for relief shall designate their potential witnesses (the standard period being 40 days after the first defendant's appearance).   Parties resisting claims for relief shall designate their potential witnesses (the standard period being 70 days after the first defendant's appearance).   All parties asserting claims for relief shall designate their testifying experts and submit a written summary of the expected testimony of each expert (the standard period being 90 days before the discovery deadline).   Parties resisting claims for relief shall designate their experts and submit a written summary of the expected testimony of each expert (the standard period being 45 days before the discovery deadline).   All rebuttal experts shall be designated (the standard period being 30 days before the discovery deadline).   All motions for leave to file supplemental designations of fact witnesses shall be filed (the standard period being 45 days before the close of discovery).   Failure to comply with this paragraph will result in exclusion of the witness's testimony at trial.

6.   Completion of discovery (the standard period being six months after the first defendant's appearance).   Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7.   The filing of all dispositive motions (the standard period being 30 days after the discovery deadline).

8.   For cases which it is anticipated will take three to five days of trial time, the Court will set a trial date and the Agreed Pre-Trial Order will be filed on the Thursday before the trial setting.   But, the Court informs the parties they need to be aware if they choose to stay on this district court's docket (and do not consent to proceed to trial before a United States Magistrate Judge), from time to time the Court has three or four day blocks of time available and will not hesitate to accelerate the Scheduling Order deadlines and direct the parties to appear for trial with as little as forty-eight hours notice.   In a more complex case which is anticipated to take significantly more than five days of trial time, the Court will set a trial date and the Agreed Pre-trial Order shall be filed two weeks before trial.   Of course, all civil settings are subject to the Court's criminal docket in San Antonio and Del Rio.   Motions in Limine, if any, shall be filed no later than the Thursday before the trial date.

9.   The parties shall endeavor to agree concerning the contents of the proposed scheduling order, but in the event that they are unable to do so, each party's position and the reasons for the disagreement shall be included in the proposed schedule

submitted to the Court.

In the event that the plaintiff has not yet obtained service on all defendants, the plaintiff shall include an explanation of why the plaintiff has failed to do so.

**The scheduling proposals of the parties shall be considered by the trial court, but the setting of all dates and the trial date in particular lies within the province of the Court.**

The plaintiff shall submit the proposed order in a form similar to the attached.

ORDERED, SIGNED and ENTERED this _21st_ day of May, 1997.

FRED BIERY
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| _____, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. SA-___-CA-_____ |
| | ) |
| _____, | ) |
| | ) |
|       Defendant. | ) |

<u>SCHEDULING RECOMMENDATIONS</u>

Plaintiff recommends that the following deadlines be entered in the scheduling order to control the course of this case:

1.  A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed by _____.

2.  The parties shall advise the Court whether they agree to have their case placed on the Expedited Docket and heard by a Magistrate Judge by _____.

3.  The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by _____. Opposing parties shall respond, in writing, to the offer of settlement by _____.

4.  The parties shall file all motions to amend or supplement pleadings or to join additional parties by _____.

5.  All parties asserting claims for relief shall designate potential witnesses by _____. Parties resisting claims for relief shall designate their potential witnesses by _____. All parties asserting claims for relief shall designate their testifying experts and submit a written summary of the expected testimony of each expert by _____. Parties resisting claims for relief shall designate their experts and submit a written summary of the expected testimony of each expert by _____. All rebuttal experts shall be designated by _____. All motions for leave to file supplemental designations of fact witnesses shall be filed by _____.

6.  The parties shall complete all discovery on or before _____. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial

setting will be vacated because of information obtained in post-deadline discovery.

7.   All dispositive motions shall be filed no later than _____.

8.   This case will be set for trial at a date determined by the Court.  The parties shall file the proposed Agreed Pre-trial Order in the form set forth in the Order Concerning Consent Trials, Discovery, Pretrial Matters, and Pretrial Order that will be issued in conjunction with the Scheduling Order in this case.

9.   The plaintiffs conferred with all parties who have appeared in the action concerning the contents of the proposed scheduling order on _____ and the parties have (agreed/disagreed) as to its contents.

_____
(Signature)

_____
(Print or type name)

ATTORNEY FOR
_____
(Print or type name)

Case 1:97-cv-00245   Document 1   Filed in TXSD on 11/04/1997   Page 82 of 146

RECEIVED

APR 2 1 1997

U. S. DISTRICT COURT
CLERK'S OFFICE
_____Deputy

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION



FILED

MAY 2 0 1997

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

Charlene Carr
    PLAINTIFF

VERSUS

Janet Reno, United States
Attorney General,
William Blagg,
United States Attorney,
Robert E. Rubin,
Secretary of the Treasury,
Jorge Flores, Port Director,
Humberto Garcia, Supervisor,
Jorge Aguilar, Supervisor,
Paula Greene, Chief Inspector
Eenesto Tijerina, Chief Inspector
Jesse Baez, Chief Inspector,
Eutemio Ruedas, Chief Inspector,
Audrey Adams-Plotkin, District Director
Linda Wilcox, District Director
Robert Trotter, Assistant Commissioner,
George Weiss, Commissioner,
Noel Sanchez, Port Director,
Romeo Escobar, Chief Inspector,
Gustavo Saldivar, Supervisor Inspector,
Domingo Tamez, Employee,
Robert Butler, SA.
Enrique Saenz, Supervisor Inspector,
Balderas, Port Director
            DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

CIVIL ACTION NO.
## SA97CA0490

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, CHARLENE K. CARR, Plaintiff, and files this Original Complaint against

**Robert E. Rubin,** Secretary of the Treasury, Individually **Jorge Flores,** Port Director,

**Humberto Garcia,** retired Supervisor, **Jorge Aguilar,** Supervisor, **Paula Greene,** Chief

Inspector, **Ernesto Tijerina,** Chief Inspector, **Jesse Baez,** Chief Inspector, **Eutemio Ruedas.**

7.

C6/PDF - www.faxio.com

Chief Inspector, **Audrey Adams-Plotkin**, District Director, **Linda Wilcox**, District Director, **Robert Trotter**, Assistant Commissioner, **George Weiss**, Commissioner, **Noel Sanchez**, Port Director, **Romeo Escobar** Chief Inspector, **Gustavo Saldivar**, Supervisor Inspector, **Domingo Tamez**, employee, **Robert Butler**, SA and **Enrique Saenz,** Supervisor Inspector, **Balderas**, Port Director, San Antonio office and makes this her complaint seeking damages against Defendants for committing acts which deprived Plaintiff of rights secured under the United States Constitution Under Title of the Civil Rights Act of 1964 (as amended).

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. sections 1331 and 1343 as a civil action arising under the Constitution and laws of the United States.

This action is authorized by the provisions of 42 U.S.C. section 1981 and 1983, of 42 U.S.C. section 2000e as amended and pursuant to the First and Fourteenth Amendment to the United States Constitution and under the Laws of The Americans with Disabilities Act 1990, 42 U.S.C. section 12102 et seq. Plaintiff further invokes the pendent jurisdiction of this Court to consider claims rising under the statutes and laws of the state of Texas including but not limited to the Texas Civil Code and the United States Constitution; Plaintiff for cause would respectfully show the court and jury the following:

The plaintiff, Charlene K. Carr, makes the following representations to this Court for sexual harassment, retaliation, failure to aid a medical condition, mental abuse, failure to accommodate [29 USCS 791, 794a(a)] , discharge after filing an Equal Employment Opportunity (EEO) complaint [28 USCS 1331, 1343, 29 USCS 794a] and discrimination on the basis of disability.

## I.PARTIES

A.  Plaintiff is a resident of San Antonio, Bexar County, Texas and a citizen of the United States of America.  The plaintiff is a black female.

2 of 22

B. Defendant, **Robert E. Rubin**, is the Secretary of the Treasury, United States Customs Service. The Department of Treasury, U.S. Customs is a federal department which employs over 1000 employees throughout the United States and abroad and Defendant, **Robert E. Rubin,** may be served at the 10127 Morocco St. San Antonio, Texas 78127.

C. Defendant, **George Weiss**, is the Commissioner of the Department of Treasury, U.S. Customs Services. The above mentioned defendants may be served at The Department of Treasury-U.S. Customs 10127 Morocco St. San Antonio Texas 78127.

II.

## FACTS

1. On or about November 20, 1989, in Brownsville, Texas, the defendant ,the Department of the Treasury -United States Customs, through its officers, directors, employers, or agents and petitioner Charlene K. Carr entered into an oral and written contract of employment for a Customs Inspector GS-05 position with the defendant . As hired, her employer, The Department of the Treasury-U.S. Customs issued to her a personnel manual which stated her due process right for disciplinary procedure for the Program and its employees.

2. In 1990, the plaintiff was promoted Customs Inspector GS-07 after successfully completing probationary period of the initial hiring process. Plaintiff notified Customs Official Supervisors of harassment in the worksite.

3. In 1991, the plaintiff was promoted to Customs Inspector GS-09 after successfully completing requirements of the position of Customs Inspector GS-07. Plaintiff notified Customs Official Supervisor *Humberto Garcia* and other supervisors of harassment in the worksite.

3 of 22

4. In 1992, the plaintiff successful completed the requirements of Career Status for Federal employment.

5. On September 16, 1993, Custom Inspector **Gustavo Saldivar**-Supervisory status, assaulted plaintiff by forcefully assaulting plaintiff against her will.

6. On September 17, 1993, official complaint and oral report of incident and injury reported to Chief Inspector *Eutemio Ruedas*. Response to plaintiff 's report was that the incident is just alleged and that the assailant, Customs Inspector Supervisory **Gustavo Saldivar**, was his childhood friend.

7. The plaintiff was an employee of the Department of the Treasury-U.S. Customs for over six years. The plaintiff had been a loyal , diligent employee until disabled due to the on-the-job injury/assault committed by a Department of the Treasury employee **Gustavo Saldivar** U.S. Customs Inspector Supervisor without consent by plaintiff.

8. Throughout the defendants' termination and internal investigative procedure against the plaintiff, Ms.Carr was never given the opportunity to view those client files which were the basis of allegations of job deficiencies and fraudulent reports written by the agency and its agents as to fraudulently protect employees of the Department of the Treasury -U.S. Customs.

9. The plaintiff had been an upstanding citizen and law abiding citizen of the United States for over thirty years. The plaintiff is now severely mentally disabled since on set date of September 16, 1993 and is unable to work in the national economy and has suffered severe hardship financially, mentally and physically.

4 of 22

10. In 1994, Plaintiff applied for transfers and for promotions. Plaintiff was not accommodated with proper medical care after requesting from supervisor *Jesse Baez* and other Management officials at the office of U.S. Customs in Brownsville, Texas.

11. In 1994, Plaintiff was financially burdened to relocate job position to Hidalgo International Bridge, Hidalgo, Texas and reside over sixty-two miles away from the on going harassment by management officials and site of assault and daily humility of facing assailant Customs Inspector **Gustavo Saldivar** and other Customs Inspectors males making unwanted gestures and inappropriate touching assigned at Brownsville Port of Entry and its substations. Management officials notified Hidalgo International Bridge , Department of the Treasury of on going EEO complaints and harassment continues against plaintiff at the Hidalgo/Pharr International Bridge Department of the Treasury U.S. Customs.

11. (a). In 1994. Plaintiff was attacked by Port Director **Sanchez**, Chief Inspector **Escobar** and Senior Inspector, **Oliveras**.

12. In 1995, The Department of Treasury and its agents harassed and retaliated against plaintiff without notice at her place of residence in McAllen, Texas. Plaintiff is disabled and severely mentally impaired and unable to work. March 1995, Plaintiff notified Commissioner *George Weiss* along with several Management officials of the Department of the Treasury to include Port Director *Audrey Adams*, *Noel Sanchez*, Assistant Commissioner and others who were present at a meeting in which plaintiff reported the on going harassment, discrimination and retaliation that the plaintiff was receiving . Plaintiff was attacked by *Audrey Adams*.

13. On October 23,1995, Department of the treasury agent **Domingo Tamez** assaulted Plaintiff without cause. Plaintiff reported incident to Department of the Treasury officials to include Commissioner *George Weiss.*

14. In May 1996, plaintiff reports to the Department of Treasury -Airport Port Director **Balderas**, San Antonio, Texas for accommodation for medical condition.

5 of 22

15. In June 1996, plaintiff reports to the Department of the Treasury Internal Affairs Office of on going harassment and retaliation by Department of the Treasury Agents.

16. In April 1997, the Department of the Treasury and the San Antonio Police Department traveled to plaintiff Charlene K. Carr's home and harassed and retaliated against her at her residence in San Antonio, Texas. Several harassing telephone calls were conducted by Department of the Treasury agents while plaintiff is severely mentally impaired.

17. Plaintiff was hired as a Customs Inspector.

18. Plaintiff complained of Defendant's race, gender, and sexual harassment in 1990 through 1996, based on handicap-disability- gender-race based discriminatory practices.

19. Subsequent to and continuing up to the date , defendants engaged in purposeful and intentional acts of retaliation against plaintiff for Plaintiff having complained of Defendant's acts of discrimination.

20. Defendant's acts of retaliation included and were not limited to the following:

- Holding Plaintiff to higher standards for work performance;

-Stricter review of Plaintiff's work.

-Imposing more rigid time goals on plaintiff than her fellow Customs Inspectors;

-Manipulation of the administrative review process.

6 of 22

-Reprimand for excessive use of leave; and,

-Denial of proper medical treatment.

21. Defendant's acts of retaliation were done in retaliation for Plaintiff's complaints of discrimination and resulted in Plaintiff being treated in a disparate and unjust manner.

22. During the period from 1992 up to and including through 1996, Defendants engaged in acts of retaliation against Plaintiff to include the denial of advancement, relocation, and promotional opportunities where Plaintiff was having been qualified and making application denied and failed to be equally considered in retaliation for her having complained against Defendant.

23. The acts of Defendant have characterized Plaintiff in a poor light and have characterized Plaintiff as incompetent.

24. Since Plaintiff has filed her complaints, and the acts of Defendant, Plaintiff has been made subject to ridicule, shame, and further extensive investigations.

25. The result of the acts of Defendants resulted in Plaintiffs sustaining severe mental impairment and disabling condition Major depression/Post Traumatic Stress Disorder and treatment and therapy is necessary to assist Plaintiff in coping with her stress, strain, mental trauma and continually mental impairment.  For these acts and others, Plaintiff has been harmed by the discrimination and retaliation of Defendants and for these acts, Plaintiff sues.

III.

## FIRST CAUSE OF ACTION

7 of 22

26. The plaintiff, Charlene K. Carr, re-affirms the allegations of paragraphs 1-25 of the complaint as though copied herein in extenso. The wrongful discharge and failure to accommodate a disability and on-going harassment and retaliation of the petitioner from her employment was done by the Department of the Treasury-United States Customs Service, it's agents and it's Executives Directors, Supervisors and Management official while acting under the color of law and constituted a violation of 42 U.S.C. 1993 and the Americans with Disabilities Act of 1990. State action exist in this case because the Department of the Treasury maintains a relationship as a federal institution of the United States Government.

27.38. Defendants willfully, intentionally, and with gross negligence, and reckless disregard deprived plaintiff Charlene Carr, of her right secured and protected by the Constitutional laws of the United States and the State of Texas in the following non-exclusive list of particulars, among others which may be shown at trial:

a. Failure to provide plaintiff with due process, notice, and reasons for termination and failure to provide medical treatment and accommodations for a disability s required by the policies of employment instituted by defendants and made part of their contract with plaintiff;

b. Failure to adhere to the By-laws of the federal regulations.

c. Toleration of a pattern and practice of racial discrimination of Department of the Treasury management toward its employees.

8 of 22

28.  ALL OF THE AFOREMENTIONED ACTS HAD THE EFFECT of depriving plaintiff, Charlene Carr, of her rights not to be deprived of property or of due process of law, and other rights, privileges, and immunities secured by the Constitution and laws of the United States and the State of Texas.  This deprivation directly and proximately caused the damages complained of herein.

## IV.  SECOND CAUSE OF ACTION

29.  THE plaintiff re-affirms the allegations of paragraphs IV - I THROUGH IV - 29, as II 1-29, and hereby incorporates them as though fully set forth herein.

30.  Defendants' conduct, as described herein, was so outrageous in character and so extreme in degree, that a reasonable member of the community would regard such conduct as atrocious, going beyond all possible bounds of decency, and as being utterly intolerable in a civilized community.  Defendants engaged in such conduct recklessly with the intent of causing the plaintiff to suffer severe emotional distress.  As a direct and proximate result of such conduct, the plaintiff has suffered, continues to suffer, and will in the future suffer from:  severe emotional and physical distress over such conduct and the manner in which defendants treated her after six years of service to the public.  The Plaintiff suffers distress over the destruction of her faith in the fairness of the United States Government-Department of the Treasury as well as federal officers of law and professional reputation and defamation of her character.  The defendants' actions have had tremendous detrimental effect on the plaintiff's ability to meet her career goals and expectations.

90b 22

As part of Defendants ongoing acts and treatment of
retaliation against Plaintiff, Defendant did during  the
the course of Plaintiff's employment with the Department
of the Treasury-U.S. Customs OFFICE, did engage in retaliatory
conduct and disparate treatment and discriminatory treatment
of Plaintiff in that the conduct of retaliation against
Plaintiff for reporting the conduct of Defendant, denial of
promotions, step increases, and medical accommodation did
subject Plaintiff to retaliation and a hostile work
environment in violation of Title VII of the 1964 (as amended),
42 U.S.C. § 2000e-16 and 42 U.S.C. § 2000e-5,and Americans
with Disabilities Act of 1990, (29 USCS 791, 794a(a)), 28 USCS
1331, 1343.

WHEREFORE, Plaintiff, Charlene K. Carr, demands judgement
against Defendants U.S. Customs Supervisors, and Managers
and Gustavo Saldivar and officers in their official capacities
for compensation in the amount of $850,000 and further demands
judgment in the amount of  $550,000 plus costs of this action
and such other relief as the court deems just and equitable.

## V.  FOURTH CAUSE OF ACTION

31.  The plaintiff re-affirms the allegations of paragraphs
1 - 29 of the complaint as though copied in extenso.

32.  Plaintiff filed charges of discrimination and reta-
liation with the  Equal employment Oppurtunity Commission (EEOC)
on September 1993, after several incidents of retaliation and
in 1994, 1995-EEOC Case No.: 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X
                             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X
                             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X
                             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X
          Agency CAse No.: TD-94-2036, TD-94-2160
                           TD-94-2149, TD-95-2050

16 of 22

after her termination.

33. On March 3, 1997, plaintiff received the findings of the AJ. The plaintiff is unaware of a right the sue letter as yet from EEOC on her charge of termination due to discrimination and retaliatory discharge and refusal of accommodation a medical condition.

34. Several requests in writing for a transfer for medical reasons and hardship reasons were submitted and the Agency -the Department of the Treasury refused to accommodate all requests relating to medical accommodation. The refusals and ignoring of transfers was based upon racial discrimination.

35. All of the defendants' aforementioned actions were and are in violation of plaintiff's rights under 42 U.S.C. Section 2000e et.seq , 29 UCSC 791, 794a(a).

36. Plaintiff further alleges that the foregoing actions of the defendants constitue negligence, gross negligence, and intentional torts under the laws of the State of Texas and United States Constitution.

37. Plaintiff further alleges that these actions were the proximate cause and cause in fact of her damages.

VI. DAMAGES

38. Plaintiff has suffered a loss of income due to the denial of medical accommodations, training, and promotional opportunities, and for causing emotional distress, for which Plaintiff sues.

11422

Plaintiff has suffered pain and suffering  as a result of the acts of Defendants, for which plaintiff  sues.  As a result of the acts and/or omission of the defendants, plaintiff claims compensatory and punitive damages in excess of $300,000.00 against Defendants, and for such damages Defendants are jointly and severally liable.    The plaintiff has sustained the following damages:

    a.)  Loss of Income. . . . . . . . . . . . . . . .$120,000.00

    b.)  Mental Anguish and Distress
        Past, Present, and Future. .................$1,000,000.00

    c.)  Damage to Personal and Professional
        Reputation and Defamation of
        Character..................................$500,000.00

    d.)  Costs for Administrative Appeals............$2,000.00

    e.)  Punitive Damages----------------------------$550,000.00

    TOTAL.......................................$2,172,000.00

Plaintiff's contemptible treatment at the hands of the Defendants was intentional, outrageous.  For such treatment by and on the part of Defendants,  PLaintiff seeks punitive damages to prevent such treatment of herself and others in the future.

    39.  Defendants, the Department of the Treasury-U.S. Customs and its officers, directors, employees or agents are liable jointly, severally, and insolido unto the plaintiff, Charlene Carr, for the full and true sum of One Million one hundred and Seventy-two thousand and 00/100 ($1,172,000.00) Dollars, together with legal interest from the date of judicial demand until paid.

40.   The plaintiff has exhausted her administrative appeals or remedies in this case.

## VII.   JURY DEMAND

41.   Plaintiff requests a trial by jury.

## VIII.   PRAYER FOR RELIEF

42.   Wherefore, after due proceedings in this matter, plaintiff prays that the Court:

a.   Issue a declaration judgment that the acts, policies, practices, and procedures of the defendants complained of herein violated plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et. sec and Americans with Disabilities Act of 1990, 29 USCS 791, 794a(a); her rights to due process; and her right under the first and Fourteenth Amendments of the United States Constitution;

b.   Order the defendants to re-instate the plaintiff with backpay and reimbursement of lost medical benefits;

c.   Grant judgment to the plaintiff and against the defendants in the amount of one million one hundred and seventy two thousand dollars ($1,172,000.00);

d.   Grant to the plaintiff attorneys' fees, costs and disbursements, and interest; and

e.   Grant such further and additional relief as this Court deems equitable and proper.

13 of 22

RESPECTFULLY SUBMITTED,

Charlene Carr
P.O.Box 500199
San Antonio, Texas 78280-6199
PRO SE

PLEASE SERVICE:

## VERIFICATION

STATE OF TEXAS
PARISH OF BEXAR

BEFORE ME, the undersigned authority personally came

and appeared:        CHARLENE K. CARR

WHO AFTER BEING DULY SWORN, DID DEPOSE AND SAY THAT SHE IS

THE PLAINTIFF IN THE ABOVE AND FOREGOING MATTER AND THAT SHE HAS

READ THE ABOVE PLEADING AND THAT THE SAME IS TRUE AND CORRECT

TO THE BEST OF HER KNOWLEDGE, INFORMATION AND BELIEF.

SWORN TO AND SUBSCRIBED BEFORE ME,
Notary, this _____ day of
_____1997

NOTARY PUBLIC

14 of 22



# DEPARTMENT OF THE TREASURY
## WASHINGTON, D.C. 20220

## JAN 2 3 1997

**Complaints of: Charlene Carr and Robert E. Rubin, Secretary of the Treasury
TD Case Numbers: 94-2036, 94-2149, 94-2160, 95-2050,**

**CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

Dear Mr. Brown:

Under the authority vested in me by the rules and regulations of the Treasury Department and the Equal Employment Opportunity Commission, I am rendering a decision on Ms. Carr's complaints of discrimination. This letter constitutes the final decision by the Department of the Treasury on the complaints.

Based on the enclosed analysis and findings, which are incorporated into this decision, I have determined that the evidence is not sufficient to support Ms. Carr's claims of discrimination, reprisal or sexual harassment. Therefore, I am closing the record of these cases. Ms. Carr's appeal rights are enclosed along with a copy of the Administrative Judge's recommended decision.

Sincerely,

*Mariam G. Harvey*
Mariam G. Harvey
Acting Director
Office of Equal Opportunity Program

Enclosures

Mr. Jimmie L. Brown, Jr., Esquire
Bledsoe, Brown, Evans & McCollough
708 Congress Ave., Suite 100
Austin, Texas 78701

cc: Charlene Carr
P.O. Box 500199
San Antonio, Texas 78280-6199

15 0 22

# FILING A CIVIL ACTION

You also have the right to file a civil action in an appropriate United States District Court *within 90 days* after you receive this final decision if you do not appeal to EEOC.

You may also file a civil action *after 180 days* from the date of filing an appeal with EEOC if there has been no final decision by EEOC.

If you claim age discrimination, you should seek the advice of an attorney if you wish to file a civil action after expiration of the time limits noted above. The courts disagree about when a civil action must be filed and may permit an age discrimination complaint to be filed two years or more from the date of the alleged discrimination.

You must also comply with the following instructions:

(1)   You must name ROBERT E. RUBIN, SECRETARY OF THE TREASURY as the defendant. Failure to provide his name and official title may result in dismissal of your case.

(2)   If you decide to file a civil action and if you do not have, or cannot afford, the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action must be filed within 90 days of the date you receive the agency or EEOC decision.

You may have to file a civil action *within 30 days*, not 90 days, after receiving this final agency decision or a decision from EEOC if the alleged discriminatory conduct that is the subject of your complaint occurred before November 21, 1991. To be sure your civil action is timely, you may wish to file within 30 days.

16 of 22

Case 1:97-cv-00245    Document 1    Filed in TXSD on 11/04/1997    Page 98 of 146

APRIL 21, 1997

FROM:   CHARLENE CARR
        P.O. BOX 500199
        SAN ANTONIO, TEXAS 78280-6199

RE: SUPPORTING STATEMENTS AND EVIDENCE

TO WHOM IT MAY CONCERN

In response to the Administrative Judge findings, the Administrative Judge failed to consider complainants medical impairment and condition medically when she determined my creditability determination. The agency lied about my medical condition and disability. Before the close of the record and before the Administrative Judge findings, the agency received medical documentation for disability retirement in August 1996. Enclosed is a copy of SF -50b; Notification of Personnel Action. The Administrative Judge errored in her decision and findings. Fact and issue is whether I had a disability/impairment during my testimony. The assailant admitted to the assault against me, see Affidavit by Gustavo Saldivar. The agency did not use the fair play rule to determine whose statement was more creditable. The Administrative Judge did not enforce the principle of surprise nor give a preliminary warning to me during my testimony. The agency did not adhere to the accommodations prescribed by the physicians (see doctors letters). I was not released to return to work. There is evidence that I was disabled under disability as prescribed by the Social Security Administration medical officer. My disability affected my intellectual abilities and memory. My mental intellect was severely impaired during these stressful hearings. Also, my abilities are severely impaired which explains why I was slow to answer as the Administrative Judge described in her findings. Facts and issue was that; Is Sexual Harassment Not What Happened? Saldivar confessed to attacking me. No room for questioning. Motion for summary judgment. Thank You.

17 of 22

# Social Security Administration
# Retirement, Survivors and Disability Insurance
Notice of Award

Office of Disability and
International Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-0001
Date:  June 22, 1996
Claim Number: ██████████

CHARLENE K CARR
PO BOX 500199
SAN ANTONIO, TX 78280-6199
II.,,II.,I..,I.II.,I.II.,,,II.,,,,III.I.,I.,I.,I.,I.,,I.II

You are entitled to monthly disability benefits beginning June 1995.

## The Date You Became Disabled

We found that you became disabled under our rules on **January 1, 1995**.  This is
different from the date given on the application.

Also, you have to be disabled for 5 full calendar months in a row before you can
be entitled to benefits.  For these reasons, your first month of entitlement to
benefits is June 1995.

## What We Will Pay And When

- You will receive $██████ for June 1996 around July 3, 1996.

- After that you will receive ██████ each month.

## Your Benefits

We raised your monthly benefit amount beginning December 1995 because the
cost of living increased.

## Other Government Payments Affect Benefits

We are withholding your Social Security benefits for June 1995 through
May 1996.  We may have to reduce these benefits if you received Supplemental
Security Income (SSI) for this period.  When we decide whether or not we will
have to reduce your Social Security benefits, we will send you another letter.  We
will pay you any Social Security benefits you are due for this period.

Enclosure(s):
Pub 05-10153

18 of 22

C                                    See Next Page

19.0622

**LSH**
DEPARTMENT OF HEALTH AND HUMAN SERVICES
SOCIAL SECURITY ADMINISTRATION

A16438

# DISABILITY DETERMINATION AND TRANSMITTAL

| 1. DESTINATION | | | | | 2. DDS CODE | 3. FILING DATE | 4. SSN | BIC (if CDB or DWB CLAIM) |
|---|---|---|---|---|---|---|---|---|
| DDS [X] | DDO [ ] | DRS [ ] | DQB [ ] | IWTPSC [ ] | S49 | 08/31/95 | | |

| 5. NAME AND ADDRESS OF CLAIMANT (include ZIP Code) | 6. WE'S NAME (if CDB or DWB CLAIM) |
|---|---|
| CHARLENE KIM CARR<br>PO BOX 500199<br>SAN ANTONIO TX 78280 | |

**7. TYPE CLAIM (Title II)**

| DIB | F2 | DWB | CDB-R | CDB-D | RD-R | RD-D | RD | P-R | P-D | MQFE |
|---|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**8. TYPE CLAIM (Title XVI)**

| DI [X] | DC [ ] | BI [ ] | BS [ ] | BC [ ] |
|---|---|---|---|---|

| 9. DATE OF BIRTH | 10. PRIOR ACTION | 11. REMARKS |
|---|---|---|
| 07/11/63 | PD [ ]   PT [ ] | |

| 12. DISTRICT-BRANCH OFFICE ADDRESS (include ZIP Code) | DO-BO CODE | 11. REMARKS |
|---|---|---|
| 4300 Woodcock Drive<br>San Antonio TX 78228 | 852 | CONCURRENT RECEIPTED 03/11/96<br>AOD<br>DLI 12/31/99 |

| 13. DO-BO REPRESENTATIVE (210) 731-3407 | 14. DATE | 11A. Presumptive Disability [ ] | 11B. Impairment ____ |
|---|---|---|---|

## DETERMINATION PURSUANT TO SOCIAL SECURITY ACT, AS AMENDED

| 15. CLAIMANT DISABLED | 16A. PRIMARY DIAGNOSIS | BODY SYS. | CODE NO. | 16B. SECONDARY DIAGNOSIS | CODE NO. |
|---|---|---|---|---|---|
| A. [X] Disability Began 01/01/95 | MAJOR DEPRESSION | 12 | 2960 | POST TRAUMATIC STRESS DISORDER | 3180 |
| B. [ ] Disability Ceased | | | | | |

| 17. DIARY TYPE | MO./YR. | REASON |
|---|---|---|
| MRN | 05/99 | 3 |

**18. CASE OF BLINDNESS AS DEFINED IN SEC. 1614(a)(2)/(216)(i)**

A. [ ] Not Disab. for Cash Bene. Purp.   B. [ ] Disab. for Cash Benefit Purp. Beg.

**19. CLAIMANT NOT DISABLED**

A. [ ] Through Date of Current Determination   B. [ ] Through ____   C. [ ] Before Age 2 (CDB only)

| 20. VOCATIONAL BACKGROUND | OCC. YRS. | ED YRS. | 21. VR ACTION | SC IN | SC OUT | Prev R |
|---|---|---|---|---|---|---|
| | | 16 | | A. [ ] | B. [X] | C. [ ] |

| 22. REG-BASIS CODE | 23. MED LIST NO. | 24. MOB CODE | 25. REVISED | 25A. Initial | Recon | Recon DHU | ALJ Hearing | Appeals Council | U.S. District Cou |
|---|---|---|---|---|---|---|---|---|---|
| A61-920(d) | 012.04 | | DET [ ] | A. [X]   B. [ ] | C. [ ] | D. [ ] | E. [ ] | F. [ ] | |

| 26. LIST NO. > | A. | B. | C. | D. | E. | F. |
|---|---|---|---|---|---|---|

| 27. RATIONALE | See Attached SSA-4268-U4/C4 | [ ] Check if Vocational Rule Met. Cite Rule > |
|---|---|---|

**28.**

A. [ ] Period of Disability   B. [ ] Disability Period   C. [ ] Estab Beg.   AND   D. [ ] Continues   E. [ ] Term

| 29. LTR/PAR NO. | 30. DISABILITY EXAMINER-DDS | 31. DATE | 32. PHYSICIAN OR MEDICAL SPEC. SIGNATURE | 33. DATE |
|---|---|---|---|---|
| | John Aultman | 6-11-96 | Paul C. Goetz DDMD | 6/14/96 |
| | 32A. PHYSICIAN OR MEDICAL SPEC. NAME (Stamp, Print or Type)<br>Paul C. Goetz, M.D. #17 | | 32B. SPEC. CODE | 37 |

**34. REMARKS**

CLAIMANT IS CAPABLE PER DR DOUGLAS MORGAN EXAM ON 052896

**MULTIPLE IMPAIRMENT CONSIDERED**

34A. COMBINED MULTIPLE RE/SEVERE - REVERSE

34B. COMBINED MULTIPLE REV/TIS - SEVERITY

| 35. BASIS CODE | 36. REV.DET. CODES | 37. SSA REPRESENTATIVE | SSA CODE | 38. DATE |
|---|---|---|---|---|

Form   SSA-831-U3   (3/89)

Electronic Input: [ ] DECISION   [ ] CASE CONTROL

20 of 22

U.S Office of Personnel Management
FPM Supp. 296-33. Subch. 4

# NOTIFICATION OF PERSONNEL ACTION

Exception to
approved by GSA/IR

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| CARR, CHARLENE K | | 07/11/63 | 09/14/9 |

**FIRST ACTION** | **SECOND ACTION**

| 5-A Code | 5-B Nature of Action | 6-A Code | 6-B Nature of Action |
|---|---|---|---|
| 976 | PRELIMINARY DISABILITY RETIREMENT | | |

| 5-C Code | 5-D Legal Authority | 6-C Code | 6-D Legal Authority |
|---|---|---|---|
| | | | |

| 5-E Code | 5-F Legal Authority | 6-E Code | 6-F Legal Authority |
|---|---|---|---|
| | | | |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| | CUSTOMS INSPR |
| | 60235506   30024D |

| 8 Pay Plan | 9 Occ Code | 10 Grade/Level | 11 Step/Rate | 12 Total Salary | 13 Pay Basis | 16 Pay Plan | 17 Occ Code | 18 Grade/Level | 19 Step/Rate | 20 Total Salary/Award |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | GS | 1890 | 09 | 04 | 33,118.00 |

| 12A Basic Pay | 12B Locality Adj | 12C Adj Basic Pay | 12D Other Pay | 20A Basic Pay | 20B Locality Adj. | 20C Adj Basic Pay | 20D Other Pay |
|---|---|---|---|---|---|---|---|
| | .00 | | .00 | 31,804.00 | 1,314.00 | 33,118.00 | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| | U S CUSTOMS SERVICE |
| | OFC FLD OPS |
| | CMC LAREDO |
| | PT HIDALGO |

## EMPLOYEE DATA

| 23 Veterans Preference | 24 Tenure | 25 Agency Use | 26 Veterans Preference for RIF |
|---|---|---|---|
| 1 | 1 | | YES ☒ |

| 27 FEGLI | 28 Annuitant Indicator | 29 Pay Rate Determinant |
|---|---|---|
| D   BASIC-STANDARD | 9   NOT APPLICABLE | 0 |

| 30 Retirement Plan | 31 Service Comp Date (Leave) | 32 Work Schedule | 33 Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| K   FERS AND FICA | 11/20/89 | F   FULL TIME | |

## POSITION DATA

| 34 Position Occupied | 35 FLSA Category | 36 Appropriation Code | 37 Bargaining Unit |
|---|---|---|---|
| 1 - Competitive Service   3 - SES General<br>2 - Excepted Service   4 - SES Career Reserved | E   E-Exempt<br>N-Nonexempt | | 0081 |

| 38 Duty Station Code | 39 Duty Station (City-County-State or Overseas Location) |
|---|---|
| 48-3165-215 | HIDALGO   HIDALGO   TX |

| 40 AGENCY DATA | 41 | 42 | 43 | 44 |
|---|---|---|---|---|
| | | | | |

45 Remarks

STANDARD OPTIONAL INSURANCE: ELIGIBLE TO CONTINUE: COVERAGE BEGAN
12-03-89
EMPLOYEE COVERED BY CUSTOMS OFFICER PAY REFORM ACT: P.L. 103-66.
BASIC LIFE INSURANCE: ELECTED 0%   REDUCTION.
ADDITIONAL OPTIONAL INSURANCE: DECLINED.
FAMILY OPTIONAL INSURANCE: DECLINED.

1323000900052000 976

CARR, CHARLENE K
P O BOX 720962
MCALLEN TX 78504

| 46 Employing Department or Agency | 50 Signature/Authentication and Title of Approving Official |
|---|---|
| DEPARTMENT OF THE TREASURY | *Robert M Smith* |
| 47 Agency Code | 48 Personnel Office ID | 49 Approval Date | |
| TR AF | 2885 | 09/23/96 | ROBERT M. SMITH<br>PERSONNEL DIR, HUMAN RESOURCES MGMT |

**TURN OVER FOR IMPORTANT INFORMATION**

Editions Prior to 7/91 Are Not Usable After 6/3
NSN 7540-01-333-

5-Part   50-316          1. - Employee Copy - Keep for Future Reference

R AF1323000900052000   PP 19 2*1996 BATCH 00055505 116 11 5

24 of 22



# DEPARTMENT OF THE TREASURY
## U.S. CUSTOMS SERVICE
### WASHINGTON, D.C.

November 18, 1996

Ms. Charlene K Carr
P. O Box 500199
San Antonio, TX 78280

Dr. Ms. Carr,

I am writing this letter in response to a request by the Office of Personnel Management Apparently, you wrote a letter to OPM regarding the date of commencement of your retirement

Before I continue I should make your aware that I was unable to reach you by phone since you put your office phone number on your disability retirement application  This phone number should have been your home phone number since you have not worked at this number for such a long time and because you will no longer be an employee of U S Customs. As a retiree, your personnel payroll office will be OPM  You may want to provide OPM a written, signed and dated statement with your CSA # indicated, giving them your current address and phone number so they can contact you in the future if need be

Your disability retirement commences the date after the last day you were paid (last-day-in-pay-status)  Accorrding to your former supervisor, you requested by written memorandum to use some accrued annual leave during Pay Period 26 of 1995  By requesting this action you effectively changed your last-day-in-pay-status date to 12-28-95  Regardless of whether you were ever gainfully employed with U S Customs has no bearing on the date your annuity commences which is always the day after your last-day-in-pay-status or your separation date, whichever is to your advantage  Clearly, in this case the last-day-in-pay-status is the date which is more advantageous to you

If you have any questions regarding the day you were last paid, you should contact Juan Casas, your former supervisor, at (210) 787-7556  If you have any general questions regarding the information I have provided in this letter, please call me at (202) 634-5037, however, I have no authority to change documented information

Sincerely,

Sharyn Crawford
Employee Relations Specialist

Enclosures

United States District Court
for the Western District of Texas

SAN ANTONIO _____ Division


CHARLENE K. CARR _____

_____

_____

(Name of plaintiff or plaintiffs)                                  Civil Action Number:

VS. DOMINGO TAMEZ, ROBERT BUTLER, ENRIQUE SEANZ
   EUTEMIO REUDAS, AUDREY ADAMS PLOTKIN,            (Case Number to be supplied
LINDA WILCOX, TOBERT TROTTER, GEORGE WEISS,          by the Intake Clerk)
NOEL SANCHEZ, ROMEO ESCOBAR, GUSTAVO SALDIVAR
ROBERT E. RUBIN, SECRETARY OF THE
TREASURY. US ATTORNEY'S OFFICE,
JAMES WILLIAM BRAGG, U.S. ATTORNEY
GENERAL JANET RENO, JORGE, FLORES,
HUMBERTO GARCIA, JORGE AGUILAR, PAULA
GREENE, ERNESTO TIJERINA, JESSE BAEZ, MR. BALDERAS
(Name of defendant or defendants)


COMPLAINT

1.    This action is brought by  CHARLENE K. CARR _____ , Plaintiff,  pursuant
to the following selected jurisdiction:

(Please select the applicable jurisdiction)

[X]    Title VII of the Civil Rights Act of 1964 (42 USC §§ 2000e et seq.)  Employment
       Discrimination on the basis of race, color, sex (gender, pregnancy and sexual
       harassment), religion or national origin.

[ ]    The Age Discrimination in Employment Act (29 USC §§ 621 et seq.) (ADEA).

[X]    The Americans With Disabilities Act (42 USC §§ 12102 et seq.) (ADA).

[ ]    The Equal Pay Act (29 USC § 206(d)) (EPA).

[X]    The Rehabilitation Act of 1973 (29 USC §791 et seq.) (Applicable to federal
       employees only).

Complaint
Page 2

2. Defendant **ROBERT E. RUBIN** (Defendant's name) lives at, or its business is located at **DEPARTMENT OF TREASURY-US CUSTOMS** 10127 MORROCO ST. ST (street address), **SAN ANTONIO** (city), **TEXAS** (state) TX 78127 (zip).

3a. Plaintiff sought employment from the defendant or was employed by the defendant at **Department of the Treasury** (street address), **WASHINGTON** (city), **D.C.** (state), 20220 (zip).

3b. At all relevant times of claim of discrimination, Defendant employed 100+ (#) employees. If defendant is a union, at all relevant times of claim of discrimination, Defendant had _____ (#) members.

4. Defendant discriminated against plaintiff in the manner indicated in paragraph 8 of this complaint on or about __99__ (month) __16__ (day) __93__ (year). If incidents of discrimination occurred more than one day, please indicate the beginning and ending dates of such acts: 1990- present 1997 _____

_____  _____

5. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission (E.E.O.C.) charging defendant with the acts of discrimination indicated in paragraph 7 of this complaint on or about _____(month) _____(day) _____(year). (Not applicable to federal civil service employees).

6a. The E.E.O.C. issued a Notice of Right to Sue which was received by plaintiff on _____(month) _____(day) _____(year). (Not applicable to ADEA and EPA claims or federal civil service employees).

VERY IMPORTANT NOTE:   PLEASE ATTACH A COPY OF YOUR NOTICE OF RIGHT TO SUE AND THE ENVELOPE IN WHICH IT WAS RECEIVED TO THIS COMPLAINT.

6b. Please indicate below if the E.E.O.C issued a Determination in your case:

[x ] Yes
[ ] No

VERY IMPORTANT NOTE:   IF YOU CHECKED "YES", PLEASE ATTACH A COPY OF THE E.E.O.C.'S DETERMINATION TO THIS COMPLAINT.

Complaint
Page 3

7.      Because of plaintiff's:

(Please select the applicable allegation(s))

[x ]    Race (If applicable, state race) BLACK AMERICAN _____

[  ]    Color (If applicable, state color) _____

[x ]    Sex (gender, pregnancy or sexual harassment) (If applicable, state sex and claim) SEXUAL HARASSMENT _____
        _____

[  ]    Religion (If applicable, state religion) _____

[  ]    National Origin (If applicable, state national origin) _____

[  ]    Age (If applicable, state date of birth) _____

[ X]    Disability (If applicable, state disability) MAJOR DEPRESSION _____

[x ]    Prior complaint of discrimination or opposition to acts of discrimination.
        (Retaliation) (If applicable, explain events of retaliation) ON GOING
        HARASSMENT, RETALIATION AND DISCRIMINATION
        TELEPHONE CALLS, APPEARANCE AT PLAINTIFF'S RESIDENCE.

defendant (Please select all that apply)

        [  ]    failed to employ plaintiff.

        [x ]    terminated plaintiff's employment.

        [x ]    failed to promote plaintiff.

        [x ]    harassed plaintiff.

        [ X]    other (specify) FAILURE TO ACCOMMODATE MEDICAL CONDITION
                AND DISABILITY. _____
                _____
                _____
                _____
                _____
                _____

Complaint
Page 4 of 12

8a. State specifically the circumstances under which defendant, its agent, or employees discriminated against plaintiff PERSONALLY:

VERY IMPORTANT NOTE:   INCLUDE SPECIFIC DATES, SPECIFIC EVENTS, AND ANY SPECIFIC COMMENTS MADE BY DEFENDANT PERTAINING TO THE DISCRIMINATION CLAIM ALLEGED ABOVE.

ON SEPT. 16, 1993 GUSTAVO SALDIVAR, SUPERVISOR-U.S. CUSTOMS ASSUALTED PLAINTIFF.GUSTAVO SALDIVAR WAS NEVER GIVEN CONSENT TO TOUCH PLAINTIFF.  PLAINTIFF TOLD THE ASSAILANT NO TO ASSAILANT'S REQUESTS OF SEXUAL FAVORS. MANAGEMENT AND SUPERVISORS REFUSED TO GIVE PLAINTIFF MEDICAL ASSISTANCE AND ACCOMMODATIONS.APRIL 1997 DEPARTMENT OF TREASURY AGENTS/OFFICIALS HARASSED PLAINTIFF VIA TELE-PHONE AND AT PLACE OF RESIDENCE. AGENCY HAS NOT RELEASED INFORMATION THAT THE PLAINTIFF HAS REQUESTED TO PLAINTIFF.  OCTOBER 1995, ASSAULTE BY ANOTHER EMPLOYEE AT HIDALGO,TEXAS.  IN 1994, CUSTOMS OFFICIALS ATTEMPTED TO BREAK INTO PLAINTIFFS'PERSONAL VEHICLE.  OCTOBER 1995 CUSTOMS OFFICIAL FAILED TO RENDER MEDICAL ASSISTANCE.

_____ See attachment _____ : _____

8b. List any witnesses who would testify for plaintiff to support plaintiff's allegations and the substance of their testimony:

GUSTAVO SALDIVAR CONFESSED TO ASSAULT,DOMINGO TAMEZ CONFESSED TO TOUCHING PLAINTIFF.  SALDIVAR ASSAULTED PLAINTIFF.MANAGEMENT OFFICIALS AND SUPERVISORS ADMITTED TO ACTS OF HARASSMENT AND WERE DISAPLINXXX INFORMED OF THEIR ACTS BY PLAINTIFFS.

PLAINTIFF CHARLENE CARR.

8c. List any documentation that would support plaintiff's allegations and explain what the documents will prove:

SWORN AFFIDAVITS PREPARED BY THE DEFENDANTS-THE DEPARTMENT OF THE TREASURY. WILL PROVE DISCRIMINATION, RETALIATION, SEXUAL HARASSMENT DID OCCUR, FAILURE TO AID A  DISABLED PERSON.
SOCIAL SECURITY DETERMINATION.

_____ See attachments _____

9. The above acts or omissions set forth in paragraphs 7 and 8 are: __ __.

[ X ]   still being committed by defendant.
[   ]   no longer being committed by defendant.



# DEPARTMENT OF THE TREASURY
## WASHINGTON, D.C. 20220

## JAN 2 3 1997

**Complaints of:  Charlene Carr and Robert E. Rubin, Secretary of the Treasury
TD Case Numbers:  94-2036, 94-2149, 94-2160, 95-2050,**

**CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

Dear Mr. Brown:

Under the authority vested in me by the rules and regulations of the Treasury Department and the Equal Employment Opportunity Commission, I am rendering a decision on Ms. Carr's complaints of discrimination.  This letter constitutes the final decision by the Department of the Treasury on the complaints.

Based on the enclosed analysis and findings, which are incorporated into this decision, I have determined that the evidence is not sufficient to support Ms. Carr's claims of discrimination, reprisal or sexual harassment.  Therefore, I am closing the record of these cases.  Ms. Carr's appeal rights are enclosed along with a copy of the Administrative Judge's recommended decision.

Sincerely,

*Mariam G. Harvey*

Mariam G. Harvey
Acting Director
Office of Equal Opportunity Program

Enclosures

Mr. Jimmie L. Brown, Jr., Esquire
Bledsoe, Brown, Evans & McCollough
708 Congress Ave., Suite 100
Austin, Texas 78701

cc: Charlene Carr
    P.O. Box 500199
    San Antonio, Texas 78280-6199

5 of 12

## FILING A CIVIL ACTION

You also have the right to file a civil action in an appropriate United States District Court *within 90 days* after you receive this final decision if you do not appeal to EEOC.

You may also file a civil action *after 180 days* from the date of filing an appeal with EEOC if there has been no final decision by EEOC.

If you claim age discrimination, you should seek the advice of an attorney if you wish to file a civil action after expiration of the time limits noted above. The courts disagree about when a civil action must be filed and may permit an age discrimination complaint to be filed two years or more from the date of the alleged discrimination.

You must also comply with the following instructions:

(1)  You must name ROBERT E. RUBIN, SECRETARY OF THE TREASURY as the defendant. Failure to provide his name and official title may result in dismissal of your case.

(2)  If you decide to file a civil action and if you do not have, or cannot afford, the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action must be filed within 90 days of the date you receive the agency or EEOC decision.

You may have to file a civil action *within 30 days*, not 90 days, after receiving this final agency decision or a decision from EEOC if the alleged discriminatory conduct that is the subject of your complaint occurred before November 21, 1991. To be sure your civil action is timely, you may wish to file within 30 days

6 of 12

APRIL 21, 1997

FROM:    CHARLENE CARR
         P.O. BOX 500199
         SAN ANTONIO, TEXAS 78280-6199


RE: SUPPORTING STATEMENTS AND EVIDENCE

TO WHOM IT MAY CONCERN

In response to the Administrative Judge findings. the Administrative Judge failed to consider complainants medical impairment and condition medically when she determined my creditability determination. The agency lied about my medical condition and disability. Before the close of the record and before the Administrative Judge findings. the agency received medical documentation for disability retirement in August 1996. Enclosed is a copy of SF -50b; Notification of Personnel Action. The Administrative Judge errored in her decision and findings. Fact and issue is whether I had a disability/impairment during my testimony. The assailant admitted to the assault against me. see Affidavit by Gustavo Saldivar. The agency did not use the fair play rule to determine whose statement was more creditable. The Administrative Judge did not enforce the principle of surprise nor give a preliminary warning to me during my testimony. The agency did not adhere to the accommodations prescribed by the physicians (see doctors letters). I was not released to return to work. There is evidence that I was disabled under disability as prescribed by the Social Security Administration medical officer. My disability affected my intellectual abilities and memory. My mental intellect  was severely impaired during these stressful hearings. Also, my abilities are severely impaired which explains why I was slow to answer as the Administrative Judge described in her findings. Facts and issue was that; Is Sexual Harassment Not What Happened? Saldivar confessed to attacking me. No room for questioning. Motion for summary judgment. Thank You.



# DEPARTMENT OF THE TREASURY
## U.S. CUSTOMS SERVICE
### WASHINGTON, D.C.

November 18, 1996

Ms. Charlene K Carr
P. O. Box 500199
San Antonio, TX 78280

Dr. Ms Carr,

I am writing this letter in response to a request by the Office of Personnel Management
Apparently, you wrote a letter to OPM regarding the date of commencement of your retirement

Before I continue I should make your aware that I was unable to reach you by phone since you
put your office phone number on your disability retirement application   This phone number
should have been your home phone number since you have not worked at this number for such a
long time and because you will no longer be an employee of U S Customs  As a retiree, your
personnel/payroll office will be OPM  You may want to provide OPM a written, signed and dated
statement with your CSA # indicated, giving them your current address and phone number so they
can contact you in the future if need be

Your disability retirement commences the date after the last day you were paid (last-day-in-pay-
status)  Accorrding to your former supervisor, you requested by written memorandum to use
some accrued annual leave during Pay Period 26 of 1995.  By requesting this action you
effectively changed your last-day-in-pay-status date to 12-28-95  Regardless of whether you
were ever gainfully employed with U S Customs has no bearing on the date your annuity
commences. which is always the day after your last-day-in-pay-status or your separation date,
whichever is to your advantage  Clearly, in this case the last-day-in-pay-status is the date which is
more advantageous to you

If you have any questions regarding the day you were last paid, you should contact Juan Casas,
your former supervisor, at (210) 787-7556.  If you have any general questions regarding the
information I have provided in this letter, please call me at (202) 634-5037, however, I have no
authority to change documented information

                                    Sincerely,

                                    Sharyn Crawford
                                    Employee Relations Specialist

Enclosures

9/12

U.S. Office of Personnel Management
FPM Supp 296-33, Subch 4

# NOTIFICATION OF PERSONNEL ACTION

Exception to SF 5
approved by GSA/IRMS

| 1 Name (Last, First, Middle) | 2 Social Security Number | 3 Date of Birth | 4 Effective Date |
|---|---|---|---|
| CARR, CHARLENE K | | 07/11/63 | 09/14/96 |

| **FIRST ACTION** | **SECOND ACTION** |
|---|---|
| 5-A Code  5-B Nature of Action | 6-A Code  6-B Nature of Action |
| 976   PRELIMINARY DISABILITY RETIREMENT | |
| 5-C Code  5-D Legal Authority | 6-C Code  6-D Legal Authority |
| 5-E Code  5-F Legal Authority | 6-E Code  6-F Legal Authority |

| 7 FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| | CUSTOMS INSPR |
| | 60235506   30024D |

| 8 Pay Plan | 9 Occ Code | 10 Grade/Level | 11 Step/Rate | 12 Total Salary | 13 Pay Basis | 16 Pay Plan | 17 Occ Code | 18 Grade/Level | 19 Step/Rate | 20 Total Salary/Award | 21 Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | GS | 1890 | 09 | 04 | 33,118.00 | PA |

| 12A Basic Pay | 12B Locality Adj | 12C Adj Basic Pay | 12D Other Pay | 20A Basic Pay | 20B Locality Adj | 20C Adj Basic Pay | 20D Other Pay |
|---|---|---|---|---|---|---|---|
| | .00 | | .00 | 31,804.00 | 1,314.00 | 33,118.00 | 0 |

| 14 Name and Location of Position's Organization | 22 Name and Location of Position's Organization |
|---|---|
| | U S CUSTOMS SERVICE |
| | OFC FLD OPS |
| | CMC LAREDO |
| | PT HIDALGO |

## EMPLOYEE DATA

| 23 Veterans Preference | 24 Tenure | 25 Agency Use | 26 Veterans Preference for RIF |
|---|---|---|---|
| 1 1-None   3-10 Point/Disab'ty   5-10 Point/Other<br>2-5 Point   4-10 Point/Compensable   6-10 Point/Compensable/30% | 1 0-None   2-Conditional<br>1-Permanent   3-Indefinite | | YES   X NO |

| 27 FEGLI | 28 Annuitant Indicator | 29 Pay Rate Determinant |
|---|---|---|
| D   BASIC-STANDARD | 9   NOT APPLICABLE | 0 |

| 30 Retirement Plan | 31 Service Comp Date (Leave) | 32 Work Schedule | 33 Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| K   FERS AND FICA | 11/20/89 | F   FULL TIME | |

## POSITION DATA

| 34 Position Occupied | 35 FLSA Category | 36 Appropriation Code | 37 Bargaining Unit Status |
|---|---|---|---|
| 1-Competitive Service   3-SES General<br>2-Excepted Service   4-SES Career Reserved | E   E-Exempt<br>N-Nonexempt | | 0081 |

| 38 Duty Station Code | 39 Duty Station (City-County-State or Overseas Location) |
|---|---|
| 48-3165-215 | HIDALGO   HIDALGO   TX |

| 40 AGENCY DATA | 41 | 42 | 43 | 44 |
|---|---|---|---|---|
| | | | | |

45 Remarks

STANDARD OPTIONAL INSURANCE: ELIGIBLE TO CONTINUE: COVERAGE BEGAN
12-03-89
EMPLOYEE COVERED BY CUSTOMS OFFICER PAY REFORM ACT: P.L. 103-66.
BASIC LIFE INSURANCE: ELECTED 0%   REDUCTION.
ADDITIONAL OPTIONAL INSURANCE: DECLINED.
FAMILY OPTIONAL INSURANCE: DECLINED.


1323000900052000 976

CARR, CHARLENE K
P O BOX 720962
MCALLEN TX 78504

| 46 Employing Department or Agency | 50 Signature/Authentication and Title of Approving Official |
|---|---|
| DEPARTMENT OF THE TREASURY | *Robert M. Smith* |
| 47 Agency Code   48 Personnel Office ID   49 Approval Date | |
| TR AF   2885   09/23/96 | ROBERT M. SMITH<br>PERSONNEL DIR, HUMAN RESOURCES MGMT |

**TURN OVER FOR IMPORTANT INFORMATION**
5-Part   50-316

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540-01-333-6237

1. - Employee Copy - Keep for Future Reference

R AF1328000900052000   PP 19 2*1996*BATCH 2885FFFF 000 00 007

# Social Security Administration
# Retirement, Survivors and Disability Insurance
Notice of Award

Office of Disability and
International Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-0001
Date: June 22, 1996
Claim Number: ▓▓▓▓▓▓▓▓▓▓

CHARLENE K CARR
PO BOX 500199
SAN ANTONIO, TX 78280-6199

You are entitled to monthly disability benefits beginning June 1995.

## The Date You Became Disabled

We found that you became disabled under our rules on **January 1, 1995**. This is different from the date given on the application.

Also, you have to be disabled for 5 full calendar months in a row before you can be entitled to benefits. For these reasons, your first month of entitlement to benefits is June 1995.

## What We Will Pay And When

- You will receive $▓▓▓▓▓ for June 1996 around July 3, 1996.

- After that you will receive $▓▓▓▓▓0 each month.

## Your Benefits

We raised your monthly benefit amount beginning December 1995 because the cost of living increased.

## Other Government Payments Affect Benefits

We are withholding your Social Security benefits for June 1995 through May 1996. We may have to reduce these benefits if you received Supplemental Security Income (SSI) for this period. When we decide whether or not we will have to reduce your Social Security benefits, we will send you another letter. We will pay you any Social Security benefits you are due for this period.

Enclosure(s):
Pub 05-10153

C                                   See Next Page

**LSH**
DEPARTMENT OF HEALTH AND HUMAN SERVICES
SOCIAL SECURITY ADMINISTRATION

A16438

# DISABILITY DETERMINATION AND TRANSMITTAL

| 1. DESTINATION | | | | | 2. DDS CODE | 3. FILING DATE | 4. SSN | BIC (if CDB or DWB CLAIM) |
|---|---|---|---|---|---|---|---|---|
| DDS | DDO | DRS | DQB | INTPSC | S49 | 08/31/95 | | |
| [X] | [ ] | [ ] | [ ] | [ ] | | | | |

**5. NAME AND ADDRESS OF CLAIMANT (include ZIP Code)**

CHARLENE KIM CARR
PO BOX 500199
SAN ANTONIO TX 78280

**6. WE'S NAME (if CDB or DWB CLAIM)**

**7. TYPE CLAIM (Title II)**

| D:B | F2 | DWB | CDB-R | CDB-D | RD-R | RD-D | RD | P-R | P-D | HOFE |
|---|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**8. TYPE CLAIM (Title XVI)**

| DI | DS | DC | BI | BS | BC |
|---|---|---|---|---|---|
| [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

| 9. DATE OF BIRTH | 10. PRIOR ACTION | | 11. REMARKS |
|---|---|---|---|
| 07/11/63 | PD [ ] | PT [ ] | CONCURRENT RECEIPTED 03/11/96 |

**12. DISTRICT-BRANCH OFFICE ADDRESS (include ZIP Code)**

4300 Woodcock Drive
San Antonio TX 78228

DO-BO CODE: 852

AOD
DLI 12/31/99

| 13. DO-BO REPRESENTATIVE (210) 731-3407 | 14. DATE | 11A. [ ] Presumptive Disability | 11B. [ ] Impairment _____ |
|---|---|---|---|

## DETERMINATION PURSUANT TO SOCIAL SECURITY ACT, AS AMENDED

| 15. CLAIMANT DISABLED | | 16A. PRIMARY DIAGNOSIS | BODY SYS | CODE NO. | 16B. SECONDARY DIAGNOSIS | CODE NO. |
|---|---|---|---|---|---|---|
| A. [X] Disability Began | 01/01/95 | | 12 | 2960 | | 3180 |
| B. [ ] Disability Ceased | | MAJOR DEPRESSION | | | POST TRAUMATIC STRESS DISORDER | |

| 17. DIARY TYPE | MO./YR. | REASON |
|---|---|---|
| MRN | 05/99 | 3 |

**18. CASE OF BLINDNESS AS DEFINED IN SEC. 1614(a)(2)/(216)(i)**

| A. [ ] Not Disab. for Cash Bene. Purp. | B. [ ] Disab. for Cash Benefit Purp. Beg. |
|---|---|

**19. CLAIMANT NOT DISABLED**

| A. [ ] Through Date of Current Determination | B. [ ] Through _____ | C. [ ] Before Age 22 (CDB only) |
|---|---|---|

| 20. VOCATIONAL BACKGROUND | OCC. YRS. | ED YRS. | 21. VR ACTION | SC IN | SC OUT | Prev Ref |
|---|---|---|---|---|---|---|
| | | 16 | | A. [ ] | B. [X] | C. [ ] |

| 22. REG-BASIS CODE | 23. MED LIST NO. | 24. MOB CODE | 25. REVISED | 25A. Initial | Recon | Recon DHU | ALJ Hearing | Appeals Council | U.S. District Court |
|---|---|---|---|---|---|---|---|---|---|
| A61-920(d) | 012.04 | | [ ] DET | [X] A. | B. | C. | D. | E. | F. |

| 26. LIST NO. > | A. | B. | C. | D. | E. | F. |
|---|---|---|---|---|---|---|

**27. RATIONALE**

[ ] See Attached SSA-4268-U4/C4      [ ] Check if Vocational Rule Met. Cite Rule >

**28.**

| A. [ ] Period of Disability | B. [ ] Disability Period | C. [ ] Estab Beg. | AND | D. [ ] Continues | E. [ ] Term |
|---|---|---|---|---|---|

| 29. LTR/PAR NO. | 30. DISABILITY EXAMINER-DOS | 31. DATE | 32. PHYSICIAN OR MEDICAL SPEC. SIGNATURE | 33. DATE |
|---|---|---|---|---|
| | John Aultman | 4/11/96 | *Paul C. Goetz, M.D.* | 6/14/96 |
| | 32A. PHYSICIAN OR MEDICAL SPEC. NAME (Stamp, Print or Type) Paul C. Goetz, M.D. #17 | | | 32B. SPEC. CODE 37 |

**34. REMARKS**

CLAIMANT IS CAPABLE PER DR DOUGLAS MORGAN EXAM ON 052896

MULTIPLE IMPAIRMENTS CONSIDERED

| 34A. COMBINED MULTIPLE NONSEVERE-SEVERE |
|---|
| 34B. COMBINED MULTIPLE NONSEVERE-NONSEVERE |

| 35. BASIS CODE | 36. REV.DET. CODES | 37. SSA REPRESENTATIVE | SSA CODE | 38. DATE |
|---|---|---|---|---|

Form   SSA-831-U3   (3/89)

Electronic Input:   [ ] DECISION   [ ] CASE CONTROL

Complaint
Page 12

10.   Plaintiff should attach to this complaint a copy of the charge filed with the
      Equal Employment Opportunity Commission. This charge is submitted as a
      brief statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

[   ]   Defendant be directed to employ plaintiff.

[x]   Defendant be directed to re-employ plaintiff.

[x]   Defendant be directed to promote plaintiff.

[x]   Defendant be directed to  TO BE MADE WHOLE, SEE DAMAGES IN LAW SUIT.
      TO MAKE THE PLAINTIFF TO BE MADE WHOLE, TO INCLUDE
      ALL DAMAGES, PUNITIVE. BACK PAY, MEDICAL ACCOMODATIONS
ANY AND  ALL APPLICABLE RELIEF. AS REQUESTED.
                                                   See attachment.



and that the Court grant such other relief as may be appropriate, including injunctive
orders, damages, costs and attorney's fees.

I declare (or certify, verify, or state) under
penalty or perjury that the foregoing is true
and correct.

21 April 1997
Date

Signature of Plaintiff

P.O. BOX 500199
Address of Plaintiff

SAN ANTONIO, TEXAS      78280-6199
City                State    Zip Code

Telephone Number(s)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

MAY 2 0 1997

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

CHARLENE CARR,                    *
                                  *
            Plaintiff,            *
                                  *
    v.                            *        CIVIL NO. SA-97-CA-490
                                  *
JANET RENO,  et al.,              *
                                  *
            Defendants.           *

## ORDER

All  matters  for  which  this  cause  was  referred  to  the
Magistrate Judge having been considered and acted upon;

It is **ORDERED** that the above-entitled and numbered cause be
**RETURNED** to the District Court for all purposes.

SIGNED this ___20th___ day of May, 1997.

JOHN W. PRIMOMO
United States Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

MAY 2 0 1997

CLERK, U S _____ COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

CHARLENE CARR,                    *
                                  *
          Plaintiff,              *
                                  *
     v.                           *     CIVIL NO. SA-97-CA-490
                                  *
JANET RENO, et al.,               *
                                  *
          Defendants.             *

## O R D E R

Before the Court is the application to proceed in forma pauperis (docket no. 1) and the request for appointment of counsel (docket no. 2). To aid in the determination of whether the motions should be granted, the Court required plaintiff to answer a questionnaire. Upon consideration of the motions and the plaintiff's answers to the questionnaire, the Court believes that the application to proceed in forma pauperis and the request for appointment of counsel should be granted.

### In Forma Pauperis

Plaintiff has indicated that she is unemployed, but is receiving disability income in the amount of $1086 each month from the Social Security Administration. Her answers to the questionnaire indicate that her monthly expenses far exceed the amount of disability income that she receives. Therefore, the Court believes that the application to proceed in forma pauperis

5.

should be **GRANTED**.

It is, therefore, **ORDERED** that plaintiff's complaint be filed by the Clerk without prepayment of fees, costs or the giving of security therefor, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from plaintiff.  The Clerk shall serve the defendants without cost to plaintiff.

### Request For Appointment Of Counsel

Pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq.("Title VII"), the Court may appoint an attorney to represent a litigant in an employment discrimination case in federal court under such circumstances as are just.  *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1308 (5th Cir. 1977).  There is, however, no right to the automatic appointment of counsel in a Title VII case.  *Caston*, 556 F.2d at 1309.  The decision whether to appoint counsel rests within the sound discretion of the trial court. *Id.* at 1308.  The same standard also applies to a claim under the Americans With Disabilities Act ("ADA").

In ruling upon a request for appointment of counsel, the Court should consider the merits of the claim, the efforts taken by plaintiff to obtain counsel, and the plaintiff's financial ability to retain counsel.  *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990).  These factors are not the only considerations but are simply ingredients in the total mix of relevant information which should guide the discretion of the Court.  *Caston*, 556 F.2d at 1310.

2

Plaintiff has the burden of persuasion with regard to a request for appointment of counsel. *Id.*

Review of the merits of plaintiff's claim is similar to frivolousness review of a general IFP proceeding in that it cannot serve as a fact-finding process for the resolution of disputed fact. *Reado v. Texas General Land Office*, 929 F.Supp. 1046, 1053 (E.D.Tex.1996)(citing *Denton v. Hernandez*, 504 U.S. 25, 31-32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). The weight of the evidence, however, is part of the consideration for appointment of counsel. *Reado*, 929 F.Supp. at 1053. Thus, a plaintiff that has stated a claim, yet offered scant evidence in support of the claim, can expect to fail to obtain appointment of counsel. *Id.* And it is well settled that a plaintiff's belief is not probative of discriminatory intent.

In her proposed complaint, plaintiff asserts claims against numerous defendants under Title VII for wrongful discharge, sexual harassment and retaliation. She also asserts a claim under the ADA for failure to accommodate her disability. She contends that the alleged incidents forming the basis of this case occurred while she was employed by the U.S. Customs Service.

The factual basis for her claims includes numerous incidents, one of which involved Gustavo Saldivar, a Senior Inspector with the Customs that was one of her supervisors. Attached the her answers to the questionnaire is a copy of one page of a statement by Gustavo Saldivar wherein he admits to biting plaintiff on the

3

lip while at work.  Plaintiff contends that she became disabled as a result of the bite from Mr. Saldivar.  In support of her allegation of disability is an award of disability benefits to her by the Social Security Administration for major depression and post traumatic stress disorder.  Plaintiff has sufficiently presented some evidence to support a claim under Title VII for sexual harassment.  Plaintiff has been minimally diligent in seeking counsel to represent her.  She has been told by some lawyers that they would not take her case without payment of a retainer. Plaintiff has adequately shown her inability to retain such counsel.

Upon consideration of the relevant factors, the Court believes that the request for appointment should be **GRANTED**.  The attorney appointed to represent plaintiff for all pre-trial matters and, if necessary, for the trial of this case is:

**Mr. Jose J Fernandez**
**Attorney at Law**
**115 E. Travis, Suite 746**
**San Antonio, Texas 78205**
**(210) 224-6675**

The District Clerk is directed to provide plaintiff's counsel notice of the appointment along with a copy of all documents that have been filed in this case to date.  Within 10 days of receiving notice of the appointment, plaintiff's counsel shall contact plaintiff and file a notice of appearance with the District Clerk.

The Court notes that plaintiff also alleged that she was attacked on different dates by different persons but does not state

4

how those various incidents relate to the various claims that have been asserted.    Plaintiff also alleges that she was wrongfully discharged, but there are not facts supporting such a claim. Although plaintiff has been issued a right to sue letter that indicated that she was to name the Secretary of the Treasury as the defendant, she named numerous additional persons as defendants.    It is evident that plaintiff's complaint needs to be amended so that it clearly asserts the plaintiff's claims and factual allegations. Also, the plaintiff's complaint should be amended to be so that the only defendant is Robert E. Rubin, Secretary of the Treasury. Accordingly, counsel for plaintiff is directed to file an amended complaint within 30 days of filing a notice of appearance in this case.

It is so **ORDERED.**

SIGNED this 20th day of May, 1997.

JOHN W. PRIMOMO
United States Magistrate Judge

5

FILED

MAY 8  1 ⸱z PM '97

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

CHARLENE CARR,　　　　　　*
　　　　Plaintiff,　　　　　*
　　　　　　　　　　　　　　*
v.　　　　　　　　　　　　 *　　Civil Action No. SA-97-CA-490
　　　　　　　　　　　　　　*
JANET RENO, United States Attorney *
General, et al.,　　　　　 *
　　　　　Defendants.　　　 *

## COURT'S QUESTIONNAIRE TO PLAINTIFF

NOTE:　If any space provided is too small, you may add additional sheets with your answer
**Please type or print clearly.**

On this day the plaintiff in the above-styled and numbered cause, under the penalties of perjury, answers questions propounded by the Court, as follows:

1. What is your name, age, address, and phone number? CHARLENE CARR, AGE-33, P.O. BOX 500199, SAN ANTONIO, TX 78280,210-340-1826

2. Are you a high school graduate? [xx] yes　[ ] no
   If you are not a high school graduate, have you earned a GED? [xx] yes　[ ] no

3. Have you attended college? [x] yes　[ ] no
   If you have attended college, please give the number of semester-hours successfully completed, the subjects you have studied and any degrees awarded. LIBERAL ARTS, BUSINESS, WEIGHT TRAINING, RACKET BALL, HEALTH,GENERAL STUDIES, REQUIRED GENERAL CORE COURSES-SPANISH, BRITISH LITERATURE, CHEMI⁚ AND OTHER RELATED CLASSES.

4. Have you ever taken any course related to the law or received any legal train whatsoever? If so please describe the extent of such training or course of study.　NO
NO

5. Do you have access to any person who has advised or can advise you concerning the law applicable to this case? [ ] yes　[X] no
   If the answer is "yes," then please state that person's name, occupation, and extent of training in the law.

4

# FINANCIAL INFORMATION

1. (a) Are you presently employed?  [  ] yes    [XX] no
   (b) If married, is your spouse employed?  [  ] yes    [ · ] no
   (c) If you have answered "yes," to either of the preceding questions, give the name of
       your employer and your monthly salary and, if married, the name of your spouse's
       employer and her monthly salary (gross and net).

   Name of your employer          Gross monthly salary      Net monthly salary

If applicable: Name of spouse's employer     Gross monthly salary    Net monthly salary

2. Give the names of your employers, the dates you held each job and the type of work
   you performed during the last three years you worked, starting with your current
   employer.

Employer name                    Dates you held that job        Type of work

THE DEPARTMENT OF THE TREASURY   11-89  -  08-96        INSPECTION
   UNABLE TO WORK IN THE ENTIRE NATIONAL ECOMONY DUE TO DISABILITY.

3. (a) Do you have children?     [  ] yes    [x ] no
   If so, give their names and ages.
        Name                          Age

   (b) Please indicate which children inquired about in the preceding question live with
you.

   (c) How much per month do you contribute to the support of your children that either
       live with you or with someone else?  List the amount for each child.
   Name of child                    Amount of child support paid for that child

4. State what dollar amount of income have you received within the past six months from:
UNKNOWN, PLAINTIFF IS UNAWARE IF DISABILITY RETIREMENT IS CONSIDERED INCOME.

Wages: NONE

Interest:

Dividends:

Profits:

Rents:

Pensions:

Annuities:

Unemployment:

Veterans Benefits:

Any Other Source:

5. What is your **present** monthly income and source (e.g., business, unemployment compensation, food stamps, AFDC, gifts)?   NONE
UNKNOWN, PLAINTIFF IS UNAWARE IF DISABILITY UNDER SOCIAL SECURITY ADMINISTRATION IS CONSIDERED INCOME.

Income                    Source of Income

6. State the nature and amount of your monthly expenses.

RENT      $425.00/month
ELECTRICITY  $40-$100.00/MONTH
TELEPHONE   $100-200.00/MONTH
FOOD   $400.00 -$500.00/month
INSURANCE-CAR/HEALTH-$150.00/month
MEDICINES- $50.00-$100.00/MONTH
DOCTOR VISITS $40.00 -$100.00/MONTH
CAR PAYMENT $350.00/MONTH
LOANS$400.00 -$450.00/month
CREDIT CARD $300.00 -$350.00/month
GAS$50.00 - $80.00/MONTH
HAIR$100.00/MONTH

12.  If this is an employment discrimination case, please attach a copy of the EEOC determination and, if available, the EEOC investigative file to your answers. If the determination was not in your favor, explain what evidence exists to indicate the determination was wrong.

SEE ATTACHMENT LABELED APRIL 21, 1997

SEE SOCIAL SECURITY ADMINISTRATION DETERMINATION,DISABILITY
BEGAN UNDER THE RULES OF THE SOCIAL SECURITY ADMINISTRATION
01-01-95 in WHICH PLAINTIFF WAS DISABLED DURING THE ENTIRE
TIME IN WHICH ADMINISTRATIVE HEARINGS AND DEPOSITIONS WHERE
HELD WHILE PLAINTIFF WAS SEVERELY IMPAIRED MENTALLY. PLAINTIFFS'
CREDIBILITY AND MENTAL CONDITION WERE NOT FAIRLY TAKEN INCONSIDERATION
BY THE ADMINISTRATIVE JUDGE.  THE AGENCY LIED WHEN THE AGENCY STATED
THAT THEY WERE UNAWARE OF A MEDICAL CONDITION THAT THE PLAINTIFF HAD.

13.  Do you believe that the evidence from you and from defendant concerning your claims will be conflicting? [  ] yes  [  ] no    UNKNOWN WHAT DEFENDANT HAS AS EVIDENCE
If so, in what way will the evidence conflict?

14.  Please state whether you have any difficulty in speaking, reading or writing the English language? DUE TO PLAINTIFFS DISABILITY/IMPAIRMENT, PLAINTIFF HAS
DIFFICULTY SPEAKING/COMMUNICATING, READING AND WRITING THE
ENGLISH LANGUAGE.

15.  Are you presently incarcerated? [  ] yes  [ x ] no
If so, please state the date, if you know, when you expect to be released.

16.  Describe any exceptional circumstances, other than the fact that you are not a lawyer, which you believe exist which would warrant the appointment of an attorney.

PLAINTIFF HAS A SEVERE IMPAIRMENT AND DISABILITY WHICH IS
DETERMINED BY A SOCIAL SECURITY ADMINISTRATION MEDICAL OFFICER.
PLAINTIFFS' DISABILITY AND IMPAIRMENT AND MEDICATION ARE
EXCEPTIONAL CIRCUMSTANCES WHERE PLAINTIFF NEEDS AN APPOINTMENT
OF AN ATTORNEY.  PLAINTIFFS' MEDICAL CONDITION CAUSES A SEVERE
HARDSHIP ON PLAINTIFF IN THAT PLAINTIFFS CAN NOT WORK IN THE NATIONAL
17.  Have you made a diligent effort to employ counsel? [ x ] yes  [  ] no    ECONOMY.
If the answer is "yes," then please state which attorneys, legal aid association or lawyer referral service you contacted and why they would not represent or assist you.

SEE ATTACHMENT OF REQUEST FOR APPOINTMENT OF COUNSEL 1. AND PAGE 2

# United States District Court
# for the Western District of Texas
# San Antonio Division

_____CARR, CHARLENE K._____

_____
(Name of plaintiff or plaintiffs)

vs
JANET RENO, U.S. ATTORNEY GENERAL
WILLIAM BRAGG, US ATTORNEY
ROBERT E. RUBIN, SECRETARY OF THE TREASURY
GEORGE WEISS, AUDREY ADAMS, ROBERT TROTTER,
~~NOEL SANCHEZ, EUTEMIO REUDAS,~~ GUSTAVO SALDÍVAR,
DOMINGO TAMEZ, ROMEO ESCOBAR, ENRIQUE SAENZ,
~~MR.BALDERAS, JESSE BEAZ, PAULA~~ GREENE, JORGE AGUILAR
(Name of defendant or defendants) LINDA WILCOX, ROBERT BUTLER,
HUMBERTO GARCIA

Civil Action Number:

SA -97- CA-490

(Case Number to be supplied
by the Intake Clerk)

## REQUEST FOR APPOINTMENT OF COUNSEL

Comes now, ___**CHARLENE K. CARR**_____, Plaintiff in the above-styled and numbered matter, and respectfully requests appointment of counsel as provided by in 42 U S.C §2000 (e)5  In support thereof, Plaintiff will show the following:

      I     That Plaintiff has made a diligent effort to employ counsel.

[x ]  CONTACTED PRIVATE ATTORNEYS. (List all attorneys who specialize in labor law, **employment** discrimination or civil rights complaints you contacted and state why each would not represent you.)

MALINDA GAUL -MUST PAY FEES BY CASH.THOMAS CRANE -MUST PAY
ATTORNEY FEE BY CASH-I AM DISABLED.CECIL BAIN -no contingency
fee arrangements.,JEFF GOLDBERG-CASH FOR ATTORNEY FEES.

~~NUMERROUS  OTHERS, JIMMIE BROWN.~~
~~GARY BLEDSOE- NEED TO PAY CASH FOR ATTORNEY FEES.~~
PLAINTIFF IS DISABLED

_____
_____
_____
_____

Revised ..96  f.\ext forms appoint.frm

Request for Appointment of Counsel
Page 2

[x] CONTACTED LEGAL AID ASSOCIATION. (Bexar County Legal Aid Association (210) 227-0111 Ask for Virginia Schramm) (State when this association was contacted and why it could not assist you.)

IN 1995, PLAINTIFF CALLED THE LEGAL AID ASSOCIATION AND I WAS

~~INFORMED THAT THE LEGAL AID DOES NOT HANDLE FEDERAL CASES.~~

_____

_____

_____

_____

[x] CONTACTED LOCAL LAWYER REFERRAL SERVICE. (San Antonio Bar Association Lawyer Referral Service: (210) 227-1853). (List the lawyers to whom you were referred, the attorneys you contacted, and why they could not assist you.)

~~THE SAME ATTORNEYS ON QUESTION 1 that the plaintiff has made a~~
~~diligent effort to employ counsel. ALL THE ATTORNEYS~~
NEED THEIR FEES PAID UP FRONT AND I AM DISABLED AND UNABLE TO
WORK IN THE ENTIRE NATIONAL ECONOMY AS PRESCRIBED BY A FEDERAL
MEDICAL OFFICER.

_____

_____

II    Please state your level of education:

[ ]   Did not graduate from high school. (Specify highest grade completed)_____

[ ]   G.E.D. (Date acquired)_____

[ ]   High School Graduate. (Year graduated) _____

[x]   Some College. (Specify field of study)__GENERAL STUDIES_____

[ ]   College Graduate. (Specify field of study) _____

[ ]   Graduate Level Education (Specify level and field of study)_____
_____

**LSH**
DEPARTMENT OF HEALTH AND HUMAN SERVICES
SOCIAL SECURITY ADMINISTRATION

A16438

## DISABILITY DETERMINATION AND TRANSMITTAL

| 1. DESTINATION | | | | | 2. DDS CODE | 3. FILING DATE | 4. SSN | BIC (if CDB or DWB CLAIM) |
|---|---|---|---|---|---|---|---|---|
| DDS | DDO | DRS | DOS | INTPSC | S49 | 08/31/95 | | |
| [X] | | | | | | | | |

| 5. NAME AND ADDRESS OF CLAIMANT (include ZIP Code) | 6. WE'S NAME (if CDB or DWB CLAIM) |
|---|---|

CHARLENE KIM CARR
PO BOX 500199
SAN ANTONIO TX 78280

**7. TYPE CLAIM (Title II)**

| D19 | F2 | DWB | CDB-R | CDB-D | RD-R | RD-D | RD | P-R | P-D | HOFE |
|---|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**8. TYPE CLAIM (Title XVI)**

| DI | DS | DC | BI | BA | BC |
|---|---|---|---|---|---|
| [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

| 9. DATE OF BIRTH | 10. PRIOR ACTION | 11. REMARKS |
|---|---|---|
| 07/11/63 | PD [ ]  PT [ ] | |

| 12. DISTRICT-BRANCH OFFICE ADDRESS (include ZIP Code) | DO-BO CODE |
|---|---|
| 4300 Woodcock Drive  San Antonio TX 78228 | 852 |

CONCURRENT RECEIPTED 03/11/96
AOD
DLI 12/31/99

| 13. DO-BO REPRESENTATIVE (210) 731-3407 | 14. DATE | 11A. [ ] Presumptive Disability _____ | 11B. [ ] Impairment _____ |
|---|---|---|---|

## DETERMINATION PURSUANT TO SOCIAL SECURITY ACT, AS AMENDED

| 15. CLAIMANT DISABLED | 16A. PRIMARY DIAGNOSIS | BODY SYS. | CODE NO. | 16B. SECONDARY DIAGNOSIS | CODE NO. |
|---|---|---|---|---|---|
| A. [X] Disability Began  01/01/95 | MAJOR DEPRESSION | 12 | 2960 | POST TRAUMATIC STRESS DISORDER | 3180 |
| B. [ ] Disability Ceased | | | | | |

| 17. DIARY TYPE | MO./YR. | REASON |
|---|---|---|
| MRN | 05/99 | 3 |

**18. CASE OF BLINDNESS AS DEFINED IN SEC. 1614(a)(2)/(216)(i)**

| A. [ ] Not Disab. for Cash Bene Purp. | B. [ ] Disab. for Cash Benefi Purp. Beg. |
|---|---|

**19. CLAIMANT NOT DISABLED**

| A. [ ] Through Date of Current Determination | B. [ ] Through _____ | C. [ ] Before Age 2 (CDB only) |
|---|---|---|

| 20. VOCATIONAL BACKGROUND | OCC. YRS. | ED YRS. | 21. VR ACTION | SC IN | SC OUT | Prev R. |
|---|---|---|---|---|---|---|
| | | 16 | A. [ ] | A. [ ] | B. [X] | C. [ ] |

| 22. REG-BASIS CODE | 23. MED LIST NO | 24. MOB CODE | 25. REVISED | 25A. Initial | Recon | Recon DHU | ALJ Hearing | Appeals Council | U.S. District Cou |
|---|---|---|---|---|---|---|---|---|---|
| A61-920(d) | 012.04 | | DET [ ] | [X] | | | | | |

| 26. LIST NO. | A. | B. | C. | D. | E. | F. |
|---|---|---|---|---|---|---|

| 27. RATIONALE | |
|---|---|
| [ ] See Attached SSA-4268-U4/C4 | [ ] Check if Vocational Rule Not Cite Rule > |

**28.**

| A. [ ] Period of Disability | B. [ ] Disability Period | C. [ ] Estab Beg. | AND | D. [ ] Continues | E. [ ] Term |
|---|---|---|---|---|---|

| 29. LTR/PAR NO. | 30. DISABILITY EXAMINER-DDS | 31. DATE | 32. PHYSICIAN OR MEDICAL SPEC. SIGNATURE | 33. DATE |
|---|---|---|---|---|
| | John Aultman | 4-11 96 | *Paul C. Goetz* JOHN | 6/14/96 |
| | 32A. PHYSICIAN OR MEDICAL SPEC. NAME (Stamp, Print or Type) | | Paul C. Goetz, M.D. #17 | 32B. SPEC. CODE  37 |

**34. REMARKS**

CLAIMANT IS CAPABLE PER DR DOUGLAS MORGAN EXAM ON 052896

| MULTIPLE IMPAIRMENT CONSIDERED |
|---|
| 34A. COMBINED MULTIPLE ADVERSEMENT-SEVERE [ ] |
| 34B. COMBINED MULTIPLE ADVERSEMENT-NONSEVERE [ ] |

| 35. BASIS CODE | 36. REV. DET. CODES | 37. SSA REPRESENTATIVE | SSA CODE | 38. DATE |
|---|---|---|---|---|

7. Do you own or have any interest in any real estate, stocks, bonds, notes, automobiles or other valuable property (excluding ordinary household furnishings and clothing)?

[X] yes     [ ] no

If the answer is "yes," describe the property, state its approximate value, whether you have any debt secured by that property and, if so, the unpaid balance of that debt.

1 SHARE OF WALMART STOCK   WORTH APPROX.$30.00

| Property description | Approx. value | Debt | Unpaid balance |
|---|---|---|---|
| STOCKS | $50.00 | 00 | 00 |

8. Do you own any cash, or do you have money in checking or savings accounts?

[X] yes     [ ] no

If the answer is "yes," then state the total amount in your accounts.

Savings accounts: ____$50.00    Checking accounts: _____

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SIGNED this __8__ day of ____May____, 1997.

_____
Plaintiff

U.S. Office of Personnel Management
FPM Supp 296-33 Subch 4

# NOTIFICATION OF PERSONNEL ACTION

Exception to SF 50
approved by GSA/IRMS 2

| 1 Name (Last, First, Middle) | 2 Social Security Number | 3 Date of Birth | 4 Effective Date |
|---|---|---|---|
| CARR, CHARLENE Y | | 07/11/63 | 09/14/96 |

| FIRST ACTION | SECOND ACTION | | |
|---|---|---|---|
| 5-A Code 5-B Nature of Action | 6-A Code 6-B Nature of Action | | |
| 976   PRELIMINARY DISABILITY RETIREMENT | | | |
| 5-C Code 5-D Legal Authority | 6-C Code 6-D Legal Authority | | |
| 5-E Code 5-F Legal Authority | 6-E Code 6-F Legal Authority | | |

| 7 FROM Position Title and Number | 15 TO Position Title and Number |
|---|---|
| | CUSTOMS INSPR |
| | 60235506   30024D |

| 8 Pay Plan | 9 Occ Code | 10 Grade Level | 11 Step Rate | 12 Total Salary | 13 Pay Basis | 16 Pay Plan | 17 Occ Code | 18 Grade/Level | 19 Step Rate | 20 Total Salary Award | 21 Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | GS | 1890 | 09 | 04 | 33,118.00 | PA |

| 12A Basic Pay | 12B Locality Adj | 12C Adj Basic Pay | 12D Othr Pay | 20A Basic Pay | 20B Locality Adj | 20C Adj Basic Pay | 20D Other Pay |
|---|---|---|---|---|---|---|---|
| | .00 | | .00 | 31,804.00 | 1,314.00 | 33,118.00 | |

| 14 Name and Location of Position's Organization | 22 Name and Location of Position's Organization |
|---|---|
| | U S CUSTOMS SERVICE |
| | OFC FLD OPS |
| | CMC LAREDO |
| | PT HIDALGO |

## EMPLOYEE DATA

| 23 Veterans Preference | 24 Tenure | 25 Agency Use | 26 Veterans Preference for RIF |
|---|---|---|---|
| | | | YES   X NO |

| 27 FEGLI | 28 Annuitant Indicator | 29 Pay Rate Determinant |
|---|---|---|
| B   BASIC-STANDARD | 9   NOT APPLICABLE | 0 |

| 30 Retirement Plan | 31 Service Comp Date | 32 Work Schedule | 33 Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| FERS AND FICA | | F   FULL TIME | |

## POSITION DATA

| 34 Position Occupied | 35 FLSA Category | 36 Appropriation Code | 37 Bargaining Unit Status |
|---|---|---|---|
| | E | | 0081 |

| 38 Duty Station Code | 39 Duty Station (City-County-State or Overseas Location) |
|---|---|
| 48-3165-215 | HIDALGO   HIDALGO |

| 40 AGENCY DATA | 41 | 42 | 43 | 44 |
|---|---|---|---|---|

45 Remarks

ANDARD OPTIONAL INSURANCE: ELIGIBLE TO CONTINUE: COVERAGE BEGAN
-03-89
PLOYEE COVERED BY CUSTOMS OFFICER PAY REFORM WITH P.L. 103-66.
SIC LIFE INSURANCE: ELECTED 1% REDUCTION
TITIONAL OPTIONAL INSURANCE: DECLINED.
ILY OPTIONAL INSURANCE: DECLINED.

1323000900052000 976

CARR, CHARLENE Y
P O BOX 720962
MCALLEN TX 78504

| 46 Employing Department or Agency | 50 Signature/Authentication and Title of Approving Official |
|---|---|
| PARTMENT OF THE TREASURY | Robert M. Smith |
| 47 Agency Code | 48 Personnel Office ID | 49 Approval Date | ROBERT M. SMITH |
| R AF | 2848 | 09/23/96 | PERSONNEL DIR, HUMAN RESOURCES MGMT |

50-318

TURN OVER FOR IMPORTANT INFORMATION

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540-01-333-6238

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**FILED**

APR 2 8 1997

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

CHARLENE CARR,                    *
                                  *
          Plaintiff,              *
                                  *
     v.                           *    CIVIL NO. SA-97-CA-490
                                  *
JANET RENO, United States         *
Attorney General, et al.,         *
                                  *
          Defendants.             *

## O R D E R

On this day the Court considered the plaintiff's application to proceed in forma pauperis (docket no. 1) and request of plaintiff for appointment of counsel (docket no. 2). Pursuant to Title 42 U.S.C. Section 2000e-5(f)(1), the Court may appoint an attorney to represent a litigant in an employment discrimination case in federal court under such circumstances as are just. *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977).

To aid in the determination of whether such circumstances exist in this case, the Court will require plaintiff to answer the attached questionnaire. Plaintiff should answer the questionnaire and return it to the United States District Clerk's Office for filing no later than **May 9, 1997**. Plaintiff is advised that failure to answer the questions will result in denial of the request for counsel and may result in the dismissal of his complaint pursuant to Rule 41(b), Fed.R.Civ.P.

*3.*

It is so **ORDERED**.

SIGNED this ____28th____ day of April, 1997.

JOHN W. PRIMOMO
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

CHARLENE CARR,                          *
        Plaintiff,          *
                            *
v.                                      *    Civil Action No. SA-97-CA-490
                            *
JANET RENO, United States Attorney      *
General, et al.,                        *
        Defendants.         *

## COURT'S QUESTIONNAIRE TO PLAINTIFF

NOTE:   If any space provided is too small, you may add additional sheets with your answer. **Please type or print clearly.**

On this day the plaintiff in the above-styled and numbered cause, under the penalties of perjury, answers questions propounded by the Court, as follows:

1. What is your name, age, address, and phone number?

2. Are you a high school graduate?  [  ] yes   [  ] no
   If you are not a high school graduate, have you earned a GED?  [  ] yes   [  ] no

3. Have you attended college?  [  ] yes   [  ] no
   If you have attended college, please give the number of semester-hours successfully completed, the subjects you have studied and any degrees awarded.

4. Have you ever taken any course related to the law or received any legal training whatsoever?  If so please describe the extent of such training or course of study.

5. Do you have access to any person who has advised or can advise you concerning the law applicable to this case?  [  ] yes   [  ] no
   If the answer is "yes," then please state that person's name, occupation, and extent of training in the law.

6. Have you ever been a party to another lawsuit?  [   ] yes   [   ] no
   If so, did you represent yourself? [   ] yes   [   ] no

   If not, then who was your attorney?_____

7. If you have ever been a party to another lawsuit, please state briefly the nature of the lawsuit and the outcome (i.e., negligence, contracts, civil rights, habeas corpus, employment discrimination, etc.).

   Nature of the lawsuit: _____

   Outcome of the lawsuit: _____

8. Do you presently have any physical or mental impairments that could affect your ability to investigate or prosecute this case yourself?  [   ] yes   [   ] no
   If the answer is "yes," then what is the impairment, and are you currently undergoing treatment for it?

9. Describe in detail the facts and circumstances which substantiate the allegations in your complaint.

10. Do you know of witnesses you can call at trial to substantiate your allegations and their addresses?  [   ] yes   [   ] no
    If the answer is "yes," then state their names and the substance of their testimony.
    <u>Name of witness</u>                    <u>Substance of testimony</u>

11. Do you have in your possession, or have access to, documents which substantiate your allegations?  [   ] yes   [   ] no
    If the answer is "yes," then please identify the documents and what they will prove.

    Do you know of documents in the possession of defendant which you will need to support your claims?  [   ] yes   [   ] no
    If the answer is "yes," then please identify the documents and what they will prove.

12.  If this is an employment discrimination case, please attach a copy of the EEOC determination and, if available, the EEOC investigative file to your answers.  If the determination was not in your favor, explain what evidence exists to indicate the determination was wrong.

13.  Do you believe that the evidence from you and from defendant concerning your claims will be conflicting?  [  ] yes   [  ] no
        If so, in what way will the evidence conflict?

14.  Please state whether you have any difficulty in speaking, reading or writing the English language?

15.  Are you presently incarcerated? [  ] yes   [  ]no
        If so, please state the date, if you know, when you expect to be released.

16.  Describe any exceptional circumstances, other than the fact that you are not a lawyer, which you believe exist which would warrant the appointment of an attorney.

17.  Have you made a diligent effort to employ counsel?  [  ] yes   [  ] no
        If the answer is "yes," then please state which attorneys, legal aid association or lawyer referral service you contacted and why they would not represent or assist you.

# FINANCIAL INFORMATION

1. (a)  Are you presently employed?  [  ] yes     [  ] no
   (b)  If married, is your spouse employed?  [  ] yes     [  ] no
   (c)  If you have answered "yes," to either of the preceding questions, give the name of your employer and your monthly salary and, if married, the name of your spouse's employer and her monthly salary (gross and net).

   <u>Name of your employer</u>          <u>Gross monthly salary</u>     <u>Net monthly salary</u>

If applicable: <u>Name of spouse's employer</u>          <u>Gross monthly salary</u>     <u>Net monthly salary</u>

2. Give the names of your employers, the dates you held each job and the type of work you performed during the last three years you worked, starting with your current employer.

<u>Employer name</u>                    <u>Dates you held that job</u>          <u>Type of work</u>

3. (a)  Do you have children?       [  ] yes     [  ] no
   If so, give their names and ages.
   <u>Name</u>                         <u>Age</u>

   (b)  Please indicate which children inquired about in the preceding question live with you.

   (c)  How much per month do you contribute to the support of your children that either live with you or with someone else?  List the amount for each child.
   <u>Name of child</u>                    <u>Amount of child support paid for that child</u>

4. State what dollar amount of income have you received within the past six months from:

Wages:

Interest:

Dividends:

Profits:

Rents:

Pensions:

Annuities:

Unemployment:

Veterans Benefits:

Any Other Source:

5. What is your <u>present</u> monthly income and source (e.g., business, unemployment compensation, food stamps, AFDC, gifts)?

    <u>Income</u>                        <u>Source of Income</u>

6. State the nature and amount of your monthly expenses.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

7. Do you own or have any interest in any real estate, stocks, bonds, notes, automobiles or other valuable property (excluding ordinary household furnishings and clothing)?

[ ] yes     [ ] no

If the answer is "yes," describe the property, state its approximate value, whether you have any debt secured by that property and, if so, the unpaid balance of that debt.

| Property description | Approx. value | Debt | Unpaid balance |
|---|---|---|---|
| | | | |

8. Do you own any cash, or do you have money in checking or savings accounts?

[ ] yes     [ ] no

If the answer is "yes," then state the total amount in your accounts.

Savings accounts: _____     Checking accounts: _____

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SIGNED this _____ day of _____, 1997.

_____
Plaintiff

# United States District Court
## for the Western District of Texas
### San Antonio Division

FILED

1997 APR 21 P 3: 08

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

CARR, CHARLENE K.
_____

_____

(Name of plaintiff or plaintiffs)

Civil Action Number:

# SA97CA0490

vs.
JANET RENO, U.S. ATTORNEY GENERAL
WILLIAM BRAGG, US ATTORNEY
ROBERT E. RUBIN, SECRETARY OF THE TREASURY
GEORGE WEISS, AUDREY ADAMS, ROBERT TROTTER,
NOEL SANCHEZ, EUTEMIO REUDAS, GUSTAVO SALDÍVAR,
DOMINGO TAMEZ, ROMEO ESCOBAR, ENRIQUE SAENZ,
MR.BALDERAS, JESSE BEAZ, PAULA GREENE, JORGE AGUILAR
(Name of defendant or defendants) LINDA WILCOX, ROBERT BUTLER,
HUMBERTO GARCIA

(Case Number to be supplied
by the Intake Clerk)

## REQUEST FOR APPOINTMENT OF COUNSEL

Comes now, ___CHARLENE K. CARR___, Plaintiff in the above-styled and numbered
matter, and respectfully requests appointment of counsel as provided by in 42 U.S.C.
§2000(e)5. In support thereof, Plaintiff will show the following:

    I.    That Plaintiff has made a diligent effort to employ counsel.

[x]  CONTACTED PRIVATE ATTORNEYS. (List all attorneys who specialize in labor
law, employment discrimination or civil rights complaints you contacted and state
why each would not represent you.)
MALINDA GAUL -MUST PAY FEES BY CASH,THOMAS CRANE -MUST PAY
ATTORNEY FEE BY CASH-I AM DISABLED,CECIL BAIN -=no contingency
fee arrangements.,JEFF GOLDBERG-CASH FOR ATTORNEY FEES.
NUMERROUS OTHERS, JIMMIE BROWN.
GARY BLEDSOE- NEED TO PAY CASH FOR ATTORNEY FEES.
PLAINTIFF IS DISABLED

_____

_____

_____

_____

Revised 1/96  f:\text\forms\appoint.frm

2.

Request for Appointment of Counsel
Page 2

[x] CONTACTED LEGAL AID ASSOCIATION. (Bexar County Legal Aid Association: (210) 227-0111 Ask for Virginia Schramm) (State when this association was contacted and why it could not assist you.)

IN 1995, PLAINTIFF CALLED  THE LEGAL AID ASSOCIATION AND I WAS

~~INFORMED THAT THE LEGAL AID DOES NOT HANDLE FEDERAL CASES.~~

[x] CONTACTED LOCAL LAWYER REFERRAL SERVICE. (San Antonio Bar Association Lawyer Referral Service: (210) 227-1853). (List the lawyers to whom you were referred, the attorneys you contacted, and why they could not assist you.)

~~THE SAME ATTORNEYS ON QUESTION 1  that the plaintiff has made a~~
~~diligent effort to employ counsel. ALL THE ATTORNEYS~~
NEED THEIR FEES PAID UP FRONT AND I AM DISABLED AND UNABLE TO
WORK IN THE ENTIRE NATIONAL ECONOMY AS PRESCRIBED BY A FEDERAL
MEDICAL OFFICER.

II.   Please state your level of education:

[ ]   Did not graduate from high school. (Specify highest grade completed)_____

[ ]   G.E.D. (Date acquired)_____

[ ]   High School Graduate. (Year graduated) _____

[x]   Some College. (Specify field of study)__GENERAL STUDIES_____

[ ]   College Graduate. (Specify field of study) _____

[ ]   Graduate Level Education (Specify level and field of study)_____

Request for Appointment of Counsel
Page 3

III.   Please state your employment for the last five years beginning with your most
       current employment:

Employer: <u>THE DEPARTMENT OF THE TREASURY</u>
Salary/Wages per Month: <u>$33,000/year</u>
Position: <u>Customs INSPECTOR</u>
Dates of Employment: <u>11-89 - 8-96    UNABLE TO WORK DUE TO DISABILITY</u>

Employer: *See Social Security Determination*
Salary/Wages per Month: *Attached*
Position:
Dates of Employment:

Employer:
Salary/Wages per Month:
Position:
Dates of Employment:

Employer:
Salary/Wages per Month:
Position:
Dates of Employment:

Employer:
Salary/Wages per Month:
Position:
Dates of Employment:

IV.   Plaintiff is financially unable to hire counsel for the reasons stated in the
      attached Application to Proceed In Forma Pauperis.  (**Please complete the
      attached Application to Proceed In Forma Pauperis**)

I declare (or certify, verify, or state) under
penalty of perjury that the foregoing is true
and correct.

*April 21, 1997*
Date

Signature of Plaintiff

Case 1:97-cv-00245  Document 1  Filed in TXSD on 11/04/1997  Page 141 of 146

**LSH**
DEPARTMENT OF HEALTH AND HUMAN SERVICES
SOCIAL SECURITY ADMINISTRATION

A16438

# DISABILITY DETERMINATION AND TRANSMITTAL

| 1. DESTINATION | 2. DDS CODE | 3. FILING DATE | 4. SSN | BIC (if CDB or DWB CLAIM) |
|---|---|---|---|---|
| DDS [X] ODO [ ] DRS [ ] DQB [ ] INTPSC [ ] | S49 | 08/31/95 | | |

5. NAME AND ADDRESS OF CLAIMANT (include ZIP Code)

CHARLENE KIM CARR
PO BOX 500199
SAN ANTONIO TX 78280

6. WE'S NAME (if CDB or DWB CLAIM)

7. TYPE CLAIM (Title II)
D1B [ ] F2 [ ] DWB [ ] CDB-R [ ] CDB-D [ ] RD-R [ ] RD-D [ ] RD [ ] P-R [ ] P-D [ ]

8. TYPE CLAIM (Title XVI)
DI [X] DS [ ] DC [ ] BI [ ] BS [ ] BC [ ]

| 9. DATE OF BIRTH | 10. PRIOR ACTION |
|---|---|
| 07/11/63 | PD [ ] PT [ ] |

11. REMARKS

| 12. DISTRICT-BRANCH OFFICE ADDRESS (include ZIP Code) | DO-BO CODE |
|---|---|
| 4300 Woodcock Drive
San Antonio TX 78228 | 852 |

CONCURRENT RECEIPTED 03/11/96
AOD
DLI 12/31/99

13. DO-BO REPRESENTATIVE (210) 731-3407   14. DATE

11A. Presumptive Disability _____   11B. Impairment [ ]

## DETERMINATION PURSUANT TO SOCIAL SECURITY ACT, AS AMENDED

| 15. CLAIMANT DISABLED | 16A. PRIMARY DIAGNOSIS | BODY SYS. | CODE NO. | 16B. SECONDARY DIAGNOSIS | CODE NO. |
|---|---|---|---|---|---|
| A. [X] Disability Began  01/01/95 | MAJOR DEPRESSION | 12 | 2960 | POST TRAUMATIC STRESS DISORDER | 3180 |
| B. [ ] Disability Ceased | | | | | |

| 17. DIARY TYPE | MO./YR. | REASON |
|---|---|---|
| MRN | 05/99 | 3 |

18. CASE OF BLINDNESS AS DEFINED IN SEC. 1614(a)(2)/(216)(i)

A. [ ] Not Disab. for Cash Bene. Purp.   B. [ ] Disab. for Cash Benefit Purp. Beg.

19. CLAIMANT NOT DISABLED
A. [ ] Through Date of Current Determination  B. [ ] Through _____ Through   C. [ ] Before Age (CDB only)

| 20. VOCATIONAL BACKGROUND | OCC. YRS. | ED YRS. 16 | 21. VR ACTION | SC IN A.[ ] | SC OUT B.[X] | Prev |
|---|---|---|---|---|---|---|

| 22. REG-BASIS CODE | 23.MED LIST NO. | 24.MOB CODE | 25.REVISED | 25A. Initial A.[X] | Recon B.[ ] | Recon DWU C.[ ] | ALJ Hearing D.[ ] | Appeals Council E.[ ] | U.S. District C: F.[ ] |
|---|---|---|---|---|---|---|---|---|---|
| A61-920(d) | 012.04 | | DET [ ] | | | | | | |

26. LIST NO. > A.   B.   C.   D.   E.   F.

27. RATIONALE  [ ] See Attached SSA-4268-U4/C4   [ ] Check if Vocational Rule Met. Cite Rule >

28.  A.[ ] Period of Disability  B.[ ] Disability Period  C.[ ] Estab Beg. _____ AND  D.[ ] Continues  E.[ ] Term

| 29. LTR/PAR NO. | 30. DISABILITY EXAMINER-DQB  John Aultman | 31. DATE 6-11 96 | 32.PHYSICIAN OR MEDICAL SPEC. SIGNATURE | 33. DATE 6/14/9 |
|---|---|---|---|---|
| | 32A. PHYSICIAN OR MEDICAL SPEC. NAME (Stamp, Print or Type)  Paul C. Goetz, M.U. #17 | | | 32B. SPEC. CODE 37 |

34. REMARKS

CLAIMANT IS CAPABLE PER DR DOUGLAS MORGAN EXAM ON 052896

MULTIPLE IMPAIR. CONSIDERED

| 35. BASIS CODE | 36.REV.DET. CODES | 37. SSA REPRESENTATIVE | SSA CODE | 38. DATE |
|---|---|---|---|---|

Form SSA-831-U3 (3/89)

Electronic Input: [ ] DECISION   [ ] CASE CONT

# United States District Court
## for the Western District of Texas
### San Antonio Division

FILED

1997 APR 21  P 3: 0?

CLERK, US DISTRICT CO...
WESTERN DISTRICT OF TE...

BY_____
        DEPUTY

Charlene K. Carr
(Name of plaintiff or plaintiffs)

SA97CA0490

(Case Number to be supplied
by the Intake Clerk)

vs.

The Department of the Treasury
and all
(Name of defendant or defendants)

## APPLICATION TO PROCEED IN FORMA PAUPERIS

I, __Charlene K. Carr__, declare that I am the Plaintiff in the above-entitled proceeding; that, in support of my request to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty, I am unable to pay the costs of said proceeding or give security therefor; that I believe I am entitled to relief. The nature of my action is briefly stated as follows:

_____
_____
_____
_____
_____
_____

In further support of this application, I answer the following questions.

1.     Are you presently employed?          [ ] Yes    [X] No

    a.   If the answer is "yes," state the amount of your salary or wages per month, and give the name and address of your employer:

Employer:___NONE___

Salary/Wages per Month:_____
Position:_____
Dates of Employment:_____

Revised 1/96  f:\text\forms\appifp.frm

1.

Application To Proceed In Forma Pauperis
Page 2

b. If the answer is "no," state the date of last employment, amount of your salary or wages per month, and name and address of your former employer:

Employer: U.S. Customs, Washington D.C. 20202

Salary/Wages per Month: $33,000 / yearly

Position: Customs Inspector

Dates of Employment: 11-89 - 12/95    disabled due to on the job injury

2. Are you married?                    [ ] Yes    [X] No

a. If the answer is "yes," state the amount of your spouse's salary or wages per month, and give the name and address of his/her employer:

Employer:_____

Salary/Wages per Month:_____
Position:_____
Dates of Employment:_____

b. If the answer is "yes," is your spouse dependent on your financial support?
                                        [ ] Yes    [ ] No

3. Do you have any children?           [ ] Yes    [X] No

a. If the answer is "yes," state all of your children's names and their ages below:

_____
_____
_____
_____

b. If the answer is "yes," are the children dependent on your financial support?
                                        [ ] Yes    [X] No

4. List any other persons other than your spouse (if any) and your children (if any) who are dependent on your financial support (please state your relationship to them and how much you contribute toward their support):

_____ none _____
_____
_____

**LSH**
DEPARTMENT OF HEALTH AND HUMAN SERVICES
SOCIAL SECURITY ADMINISTRATION

A16438

## DISABILITY DETERMINATION AND TRANSMITTAL

| 1. DESTINATION | | | | | 2. DDS CODE | 3. FILING DATE | 4. SSN | BIC (if CDB or DWB CLAIM) |
|---|---|---|---|---|---|---|---|---|
| DCS | DDO | DRS | DQB | INTPSC | S49 | 08/31/95 | | |
| [X] | [ ] | [ ] | [ ] | [ ] | | | | |

**5. NAME AND ADDRESS OF CLAIMANT (Include ZIP Code)**

CHARLENE KIM CARR
PO BOX 500199
SAN ANTONIO TX 78280

**6. WE'S NAME (if CDB or DWB CLAIM)**

**7. TYPE CLAIM (Title II)**

| D:B | F2 | DWB | CDB-R | CDB-D | RD-R | RD-D | RD | P-R | P-D |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**8. TYPE CLAIM (Title XVI)**

| DI | DS | DC | BI | BS | BC |
|---|---|---|---|---|---|
| [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

**9. DATE OF BIRTH**
07/11/63

**10. PRIOR ACTION**
PD [ ]   PT [ ]

**11. REMARKS**
CONCURRENT RECEIPTED 03/11/96
AOD
DLI 12/31/99

**12. DISTRICT-BRANCH OFFICE ADDRESS (Include ZIP Code)**
4300 Woodcock Drive
San Antonio TX 78228

DO-BO CODE
852

**13. DO-BO REPRESENTATIVE** (210) 731-3407   **14. DATE**

11A. [ ] Presumptive Disability _____
11B. [ ] Impairment _____

## DETERMINATION PURSUANT TO SOCIAL SECURITY ACT, AS AMENDED

**15. CLAIMANT DISABLED**

A. [X] Disability Began   01/01/95

B. [ ] Disability Ceased

**16A. PRIMARY DIAGNOSIS**

BODY SYS. 12   CODE NO. 2960

MAJOR DEPRESSION

**16B. SECONDARY DIAGNOSIS**

CODE NO. 3180

POST TRAUMATIC STRESS DISORDER

**17. DIARY TYPE**
MRN

MO./YR. 05/99   REASON 3

**18. CASE OF BLINDNESS AS DEFINED IN SEC. 1614(a)(2)/(216)(i)**

A. [ ] Not Disab. for Cash Bene. Purp.

B. [ ] Disab. for Cash Benefit Purp. Bes.

**19. CLAIMANT NOT DISABLED**

A. [ ] Through Date of Current Determination   B. [ ] Through _____   C. [ ] Before Age 2 (CDB only)

**20. VOCATIONAL BACKGROUND**

DCC. YRS.   ED YRS. 16

**21. VR ACTION**   SC IN [ ]   SC OUT [X]   Prev [ ]

| 22. REG-BASIS CODE | 23. MED LIST NO. | 24. MOB CODE | 25. REVISED | 25A. Initial | Recon | Recon DMU | ALJ Hearing | Appeals Council | U.S. District Court |
|---|---|---|---|---|---|---|---|---|---|
| A61-920(d) | 012.04 | | DET [ ] | [X] A. | B. [ ] | C. [ ] | D. [ ] | E. [ ] | F. [ ] |

**26. LIST NO.** >

| A. | B. | C. | D. | E. | F. |
|---|---|---|---|---|---|
| | | | | | |

**27. RATIONALE**
[ ] See Attached SSA-4268-U4/C4   [ ] Check if Vocational Rule Met, Cite Rule >

**28.**

A. [ ] Period of Disability   B. [ ] Disability Period   C. [ ] Estab Bep.   AND   D. [ ] Continues   E. [ ] Term

**29. LTR/PAR NO.**

**30. DISABILITY EXAMINER-DDS**
John Aultman

**31. DATE** 6/11/96

**32. PHYSICIAN OR MEDICAL SPEC. SIGNATURE**

**33. DATE** 6/14/96

**32J. PHYSICIAN OR MEDICAL SPEC. NAME (Stamp, Print or Type)**
Paul C. Goetz, M.D. #17

**32B. SPEC. CODE**
37

**34. REMARKS**
CLAIMANT IS CAPABLE PER DR DOUGLAS MORGAN EXAM ON 052896

**MULTIPLE IMPAIRMENTS CONSIDERED**

34A. COMBINED MULTIPLE WHENEVER-REVER

34B. COMBINED MULTIPLE WHENEVER-REVER

**35. BASIS CODE**   **36. REV.DET. CODES**   **37. SSA REPRESENTATIVE**

SSA CODE   **38. DATE**

Form   SSA-831-US   (3/89)

Application To Proceed In Forma Pauperis
Page 3

5.   Have you received within the past twelve months any money from any of the
     following sources?

     a.  Business, profession or other form of self employment     [ ] Yes [X] No
     b.  Rent payments, interest or dividends                      [ ] Yes [X] No
     c.  Pensions, annuities or life insurance payments            [X] Yes [ ] No
     d.  Gifts or inheritances                                     [ ] Yes [X] No
     e.  Family and/or Friends                                     [ ] Yes [X] No
     f.  Any other sources                                         [X] Yes [ ] No

6.   If the answer to any of the above is "yes," describe each source of money and state
     the amount received from each during the past twelve months.

     Annuities $2,800 in Nov/Dec, 1996,  Disability $247.00/mont
     Social Security $118.00 month

7.   Do you own any cash, or do you have money in checking or savings accounts?
                              [X] Yes [ ] No

     If the answer is "yes," state the total value of the items owned:
          $50.00

8.   Do you own or have any interest in any real estate, stocks, bonds, notes, automobiles
     or other valuable property (excluding ordinary household furnishings and clothing)?
                              [ ] Yes [X] No

     If the answer is "yes," describe the property, state its approximate value, whether you
     have any outstanding mortgages, liens or debts secured by that property and, if so,
     the unpaid balance of that debt.

9.  List all expenses and state the total amount of expenses, of any and all kinds, which you paid during the past six months.  PLEASE BE SPECIFIC. 6 months

Rent        $555.00/Month        →  $3070.00  6 month
Insurance   $32.00 month         →  $ 192.00  →  6 mo.
Food        $300.00 month        →  $1800.00  →  6 mo.
Doctor bills $150.00             →  $ 300.00  →  6 mo.
Car         $350.00 Month        →  $2100.00  →  6 mon
Car Insurance $120.00 month      →  $ 720.00
Telephone   $60.00 month         →  $ 360.00  6 mon
Electricity $60 - $100.00 month  →  $ 400.00  6 mo.
Gus         $50.00/month         →  $300.00  6 m
Medicene    $40.00 → $100.00/month $100+ va
Loans       $500.00/month        $3000.00
Credit Card $300.00/month        $1800.00 +
                                          late chan

10. List any SPECIFIC exceptional reasons or circumstances that you feel entitle you to proceed in forma pauperis and/or that entitle you to be represented by a court appointed attorney.

I have been unable to work due to plaintiffs severe mental impairment as prescribed by the social security Administration, I am unable pay any expenses, and used to work and made a good salary until plaintiff had a severe disability See social security determinal Plaintiff has a severe mental impairment and is unable to make sound decisions

See Social security determination

I declare (or certify, verify, or state) under penalty or perjury that the foregoing is true and correct.

April 21, 1997
Date

_____
Signature of Plaintiff