

```
                                              United States District Court
                                                Southern District of Texas
          UNITED STATES DISTRICT COURT                    FILED
           SOUTHERN DISTRICT OF TEXAS
              BROWNSVILLE DIVISION              DEC 11 1998

                                                   Michael N. Milby
                                                    Clerk of Court
```

CHARLENE K. CARR,           *
    Plaintiff,              *
                          *
v.                        *      CIVIL ACTION No. B-97-245
                          *
ROBERT E. RUBIN, SECRETARY OF   *
THE DEPT. OF TREASURY FOR       *
THE UNITED STATES,          *
    Defendant.           *

## DEFENDANT'S MOTION TO DISMISS CLAIMS MADE UNDER 42 U.S.C. 1981 & 1983 AND SUPPORTING MEMORANDUM

TO THE HONORABLE JUDGE OF SAID COURT:

    The Defendant herein, Robert E. Rubin, Secretary of the Department of Treasury for the United States, moves to dismiss the 42 U.S.C. 1981 and 1983 claims raised by the Plaintiff pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. In support of this motion, the Defendant submits the following for consideration by this Court:

    1.     Plaintiff filed this suit on June 13, 1997, in the United States District Court for the Western District of Texas. On October 9, 1997, the presiding Court in the Western District, on its own motion, transferred the case to the United States District Court for the Southern District of Texas.

    2.     In the Plaintiff's complaint, she asserts that the Defendant, in his official capacity as the Secretary of the Treasury, violated civil rights statutes 42 U.S.C. 1981 and 1983. See Plaintiff's Complaint at Paragraphs 2, 68, 80, 82, 84, 99, 101, 103, 110, 112, 114, 123, 125, 127, 129, 130, 132, 144, 156 and her prayer at (a).

    3.     Neither 42 U.S.C. 1981 nor 1983 authorize claims against the United States or the Secretary of the Treasury in his official capacity. Section 1981 does not apply to employment discrimination actions involving the United States. <u>Brown v.</u>

General Services Administration, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976) Therefore, this Court would lack subject matter jurisdiction over Plaintiff's 1981 claim

    4.    Plaintiff has likewise failed to establish a claim for recovery against the United States under Section 1983. Title 42 U.S.C. § 1983 affords a remedy for persons who are deprived of federal constitutional rights, privileges, and immunities under color of state and local law, *not federal law*. Therefore, federal officers acting under color of federal law, are not subject to suit under § 1983. Zernial v. United States, 714 F.2d 431, 435 (5th Cir. 1983). None of the factual allegations against the defendant lead to the inference that he or the Department of Treasury acted under color of state law. Therefore, Plaintiff's § 1983 claims fail and should be dismissed for want of subject matter jurisdiction and failure to state a claim.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court dismiss all allegations under 42 U.S.C. Sections 1981 and 1983 raised by the Plaintiff herein for want of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Respectfully Submitted,

JAMES H. DeATLEY
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant U. S. Attorney
P.O. Box 1671
Brownsville, Texas 78522
Tel: (956) 548-2554
Fax: (956) 548-2549
Texas State Bar No. 00800490

## CERTIFICATE OF SERVICE

I certify that on December 11, 1998, I forwarded a copy of the Defendant's Motion to Dismiss Claims Made Under 42 U.S.C. 1981 & 1983 and Supporting Memorandum to Plaintiff's counsel, Jose J. Fernandez at 115 E. Travis Street, Suite # 746, San Antonio, Texas 78205, by Certified Mail, Return Receipt Requested.

12-11-98
DATE

NANCY L. MASSO
Assistant U. S. Attorney