United States District Court
Southern District of Texas
FILED

DEC 1 4 1998

Michael N. Milby, Clerk of Court

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

CHARLENE K. CARR,        *
     Plaintiff,        *
             *
v.        *        CIVIL ACTION No. B-97-245
             *
ROBERT E. RUBIN, SECRETARY OF        *
THE DEPT. OF TREASURY FOR        *
THE UNITED STATES,        *
     Defendant.        *

## DEFENDANT'S MOTION TO DISMISS CLAIMS UNDER THE TEXAS LABOR CODE, THE FEDERAL FINANCIAL INSTITUTION WHISTLEBLOWER PROTECTION ACT & THE FEDERAL HOME LOAN ACT AND SUPPORTING MEMORANDUM

TO THE HONORABLE JUDGE OF SAID COURT:

     The Defendant herein, Robert E. Rubin, Secretary of the Department of Treasury for the United States, moves to dismiss the Plaintiff's claims raised under the Texas Labor Code, the Federal Financial Institution Whistleblower Protection Act and the Federal Home Loan Act pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

     Plaintiff filed this suit on June 13, 1997, in the United States District Court for the Western District of Texas. On August 4, 1997, with the assistance of court appointed counsel, Plaintiff amended her complaint. On October 9, 1997, the presiding Court in the Western District, on its own motion, transferred the case to the United States District Court for the Southern District of Texas.

     A review of her complaint indicates that Plaintiff claims that she is the victim of sexual harassment, discrimination and retaliation at the hands of her employer--the United States Customs Service. The Plaintiff has also alleged a number of common law tort violations and civil rights violations that have been addressed by the Defendant in two separate motions to dismiss pending before this Court.

     By way of this motion, the Defendant asserts that the Plaintiff's claims under the

Texas Labor Code, the Federal Financial Institution Whistleblower Protection Act and the Federal Home Loan Act should be dismissed for want of jurisdiction or other basis upon which to proceed.  In support of this motion, the Defendant submits the following for consideration by this Court:

### *Texas Labor Code Claims Should be Dismissed.*

1.      At paragraphs 109, 122 and 129 of her amended complaint, Plaintiff claims that the Defendant violated Section 21.002 of the Texas Labor Code and the "Texas Commission on Human Rights Act."

2.      The Texas Labor Code ("the Code") prohibits employment discrimination by "employers" against "employees."  V.T.C.A., Labor Code, Section 21.051.  In the Code, "employer" includes "a person who is engaged in an industry affecting commerce and who has 15 or more employees" , it also includes "a county, state agency, or state instrumentality." V.T.C.A., Labor Code, Section 21.002(8).  The Code then defines "employee" to include "an individual employed by an employer, including an individual subject to civil service laws of this state or a political subdivision of this state". V T C.A., Labor Code, Section 21.002(7).

3.      It is clear from reading these definitions of "employer" and "employee" that the Code makes no attempt to regulate the relationship between the federal government and it employees.  One possible explanation for this may be that the Texas Legislature did not wish to challenge the Supremacy Clause of the United States Constitution.  Moreover, the United States and its agencies may only be sued to the extent that sovereign immunity has been waived and authorized by Congress.   United States v. Testan, 424 U.S. 392, 399 (1976) (citing United States v. Sherwood, 312 U.S. 584, 586 [1941]).  Clearly, this Texas statute does not grant a waiver of the United States' sovereign immunity from suit.

4.      Therefore, the Plaintiff's claims regarding alleged violations of the Texas Labor Code and Texas Commission on Human Rights Act should be dismissed for failure to state a claim upon which relief can be granted and want of subject matter jurisdiction.

### *The Federal Financial Institution Whistleblower Protection Act Claims Should be Dismissed.*

5.      At paragraphs 2, 114, 123, 127, 129 and prayer "a" of the Plaintiff's amended complaint, plaintiff claims that she is entitled to sue the Defendant pursuant to whistleblower protection provisions at Title 31 U.S.C. 5328.

6.      Title 31 U.S.C. Section 5328 provides:

> *Protection against discrimination. No financial institution may discharge or otherwise discriminate against any employee with respect to compensation, terms, conditions, or privileges of employment because the employee(or any person acting pursuant to the request of the employee) provided information to the Secretary of the Treasury, the Attorney General, or any Federal supervisory agency regarding a possible violation of any provision of this subchapter [31 U.S.C. at 5311 et seq.] or section 1956, 1957, or 1960 of Title 18, or any regulation under any such provision, by the federal institution or any director, officer, or employee of the financial institution.*

7.      This statutory provision applies only to "financial institutions" and their employees. The Defendant is not a "financial institution" as defined at 31 C.F.R 103.11(n). Plaintiff was clearly not an employee of a "financial institution" at the time of the alleged actions. Hence, this provision does not authorize suit against the defendant herein for the actions alleged by the Plaintiff  Therefore, Plaintiff's claims under Title 31 U.S.C. 5328 must be dismissed for lack of subject matter jurisdiction and failure to state a claim.

### *The Federal Home Loan Act Claims Must be Dismissed.*

8.      Finally, at paragraphs 114, 123, 127, 129, and at the prayer "a" of her amended complaint, Plaintiff asserts that statutory provisions at 12 U.S.C. 1441 of the Federal Home Loan Act allows for recovery against the Defendant.

9.      Plaintiff wholly misreads and misapplies these provisions. The provisions under Section 1441 of Title 12 of the United States Code authorizes the Federal Home Loan Bank Board to establish a Financing Corporation in which the Federal Home Loan Banks may invest. This statute in no way provides a waiver of sovereign immunity that would allow or authorize suit against the Defendant herein  Therefore, Plaintiff's claims

under the Federal Home Loan Act should be dismissed for want of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court dismiss all allegations raised by the Plaintiff pursuant to the Texas Labor Code, the Federal Financial Institution Whistleblower Protection Act and the Federal Home Loan Act  for want of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Respectfully Submitted,

JAMES H. DeATLEY
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant U. S  Attorney
P.O. Box 1671
Brownsville, Texas 78522
Tel:   (956) 548-2554
Fax:   (956) 548-2549
Texas State Bar No. 00800490

## CERTIFICATE OF SERVICE

I certify that on December 14, 1998, I forwarded a copy of the Defendant's Motion to Dismiss Claims Made Under the Texas Labor Code, the Federal Financial Institution Whistleblower Protection Act and the Federal Home Loan Act and Supporting Memorandum to Plaintiff's counsel, Jose J. Fernandez at 115 E. Travis Street, Suite # 746, San Antonio, Texas 78205, by Certified Mail, Return Receipt Requested.

12-14-98
DATE

NANCY L. MASSO
Assistant U. S. Attorney