2 L

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 2 1999

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CHARLENE CARR, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL NO. B-97-245 |
| | § | |
| ROBERT E. RUBIN as SECRETARY | § | |
| OF TREASURY OF THE UNITED | § | |
| STATES OF AMERICA, and THE UNITED | § | |
| STATES OF AMERICA, | § | |
|     Defendants | § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **CHARLENE CARR**, Plaintiff in the above styled and numbered cause, and pursuant to order of this Court dated May 18, 1999, files this, her Plaintiff's Second Amended Complaint against ROBERT E. RUBIN, as SECRETARY OF TREASURY OF THE UNITED STATES OF AMERICA, in his official capacity, and THE UNITED STATES OF AMERICA, and for cause of action would respectfully show unto this Honorable Court the following:

### PARTIES

1. Plaintiff, CHARLENE CARR, is an individual who is a citizen of the State of Texas.

2. Defendant, ROBERT E. RUBIN as SECRETARY OF TREASURY OF THE UNITED STATES OF AMERICA, an agency of the United States of America, has already been served by service on the United States and by also sending a copy of the summons and of the complaint by registered or certified mail to Defendant.  F.R.C.P. 4(i)(1), (2).

3. Defendant, THE UNITED STATES OF AMERICA, may be served by delivering a

CUtPDF - www.fastio.com

copy of the summons and of the complaint to the United States Attorney for the Southern District

of Texas. Defendant may also be served by sending a copy of the summons and of the complaint

by registered or certified mail to the Attorney General of the United States at Washington,

District of Columbia.   F.R.C.P. 4(i)(1).

## JURISDICTION

4. This Court has jurisdiction over the lawsuit because the action arises under Title VII

Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and the Federal Torts Claims

Act ("FTCA"), 28 U.S.C. § 1346.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

5. Plaintiff timely filed with the Equal Employment Opportunity Commission ("EEOC")

a charge of discrimination against Defendants. Plaintiff has received a notice of right to sue from

the EEOC within the proscribed period of the filing of Plaintiff's Original Complaint. Plaintiff

has also timely presented this claim in writing to Defendants. This suit is filed within the

proscribed period of the agency's final written notice of its denial of the claim.

## FACTS

6. At all relevant times, all individuals mentioned below were acting within the scope of

their employment as agents and employees of the Defendants.

7. All incidents herein alleged that occurred between November, 1989 and March, 1994

took place at the Department of Treasury, United States Customs Service, Ports of Entry in

Brownsville, Texas.

8. All incidents herein alleged that occurred after March, 1994 took place at the

Department of Treasury, United States Customs Service, Ports of Entry in Hidalgo, Texas.

9. At all relevant times, the above named Defendant's were acting through their "agents"

CutePDF - www.fazisa.com

under the color of law.

10.  At all relevant times, the Defendant was an "employer", as the term is defined in the applicable statute(s).

11.  On or about November 20, 1989, the Department of the Treasury, United States Customs Service, through its officers, directors, employees, and agents and Plaintiff, CHARLENE CARR, entered into an oral and written contract of employment, whereby, Plaintiff was employed for the position of Customs Inspector GS-05.

12.  Upon being hired, the Plaintiff was assigned to work in the Brownsville, Texas, Ports of Entry.

13.  During her employment, Plaintiff successfully completed the probationary period of her employment, received promotions to the position of GS-09, and successfully completed the requirements for Career Status in Federal employment.

14.  Between November 20, 1989 and December, 1990, U.S. Customs Agents URBANO RAMIREZ and SOLOMON RODRIGUEZ made numerous unwanted and humiliating sexual advances against Plaintiff.

15.  Plaintiff notified her supervisor, HUMBERTO GARCIA about the unsolicited and unwanted sexual advances by U.S. Customs Agents URBANO RAMIREZ, SOLOMON RODRIGUEZ, and other U.S. Customs Agents.

16.  HUMBERTO GARCIA did nothing about Plaintiff's complaint.

17.  Between 1991 and 1993, Senior Customs Inspector, NOE RIVERA, on numerous occasions, told Plaintiff that she reminded him of a "former girlfriend" and insisted that she "go out with him".

18.  Between 1990 and 1993, Senior Customs Inspector, GUSTAVO SALDIVAR,

CAMPDF - www.foxio.com

Supervisory status, made numerous unwanted sexual advances against the Plaintiff on the work site.

19. On September 16, 1993, Chief Customs Inspector, GUSTAVO SALDIVAR, Supervisory status, displayed physical conduct of a sexual nature and injured the Plaintiff, who was the only black female on the job site, by biting her lower lip in a sexual manner.

20. GUSTAVO SALDIVAR has admitted to biting the Plaintiff.

21. After the September 16, 1993 biting incident, Plaintiff began to experience intense fear of going on the work site, depression, nausea, nervousness, and other symptoms because of the continued sexual advances, requests, and touching.

22. On September 17, 1993, the day following the biting incident, Plaintiff made an official complaint and oral report of the incident on September 16, 1993 involving Chief Customs Inspector, GUSTAVO SALDIVAR, and her resulting injury, to Chief Customs Inspector, EUTEMIO RUEDAS.

23. Chief Inspector EUTEMIO RUEDAS took no action to remedy the situation.

24. Plaintiff filed an official EEOC complaint on the incident of September 16, 1993 biting incident.

25. Plaintiff reported her illness of severe mental anguish, depression, and post-traumatic stress syndrome to her supervisors and requested medical assistance, but was ignored.

26. In January 1994, Plaintiff went to see a private doctor in McAllen, Texas, who immediately put her on "off-work" status for two (2) weeks and diagnosed her with Severe Depression.

27. In January 1994, Plaintiff's doctor told her she needed to be transferred to a place where she could receive social and familial support for her condition.

Plaintiff's Second Amended Complaint/ Page 4

CutePDF - www.hexisx.com

28. Between January 1994 to March 1994, Plaintiff, in her own attempt to accommodate her mental condition and disability, applied for a transfer or relocation to a port of entry that would offer the social and familial support she required.

29. Despite her requests and her doctor's recommendation, Plaintiff never received a transfer to a port that would allow her to receive social and familial support.

30. Plaintiff made numerous requests to her supervisor, JESSE BAEZ, and other management officials at the office of United States Customs in Brownsville, Texas that she was not being accommodated for her ongoing and continuing medical condition and disability.

31. In March 1994, after approximately three (3) years of on-going harassment by management officials and the daily humility of having to face perpetrator Chief Customs Inspector, GUSTAVO SALDIVAR, and other male customs inspectors making unwanted gestures and inappropriate touching, Plaintiff was transferred to the Port of Entry at Hidalgo, Texas.

32. Once in Hidalgo, Plaintiff continued to experience harassing and intimidating sexual advances from her male co-workers at the port of entry, due in partly because of the friendship and tight-knit community between the male employees of the Brownsville and Hidalgo ports of entry.

33. Plaintiff made numerous complaints to various supervisors at the Hidalgo Port of Entry about the sexual advances and harassing conduct of her male co-workers.

34. Plaintiff's numerous complaints about the uninvited verbal and physical sexual conduct she had been a victim of was discussed openly amongst the male employees at both the Brownsville and Hidalgo ports of entry.

35. No action was taken by any of Plaintiff's supervisors at the Hidalgo, Texas, Port of

Entry to remedy the intimidating, humiliating, and destructive sexually orientated situation of which Plaintiff continuously complained.

36. As a direct result of the continued and constant sexually harassing conduct of Defendant's agents, acting within the scope of their employment, Plaintiff has seen numerous doctors and has been diagnosed as having Major Depression Disorder and Post Traumatic Stress Syndrome.

37. Due to the Plaintiff's deteriorating condition, she has become permanently and totally disabled and unable to perform her employment duties.

COUNT I
SEXUAL HARASSMENT under TITLE VII

38. Plaintiff incorporates paragraphs 1-37.

39. Plaintiff is a black female employee protected under Title VII.

40. Defendants are employer within the meaning of Title VII.

41. Defendants', acting through their agents and employees during the scope of their employment, intentionally discriminated against Plaintiff in violation of Title VII by subjecting Plaintiff to hostile sexual harassment. Plaintiff was subjected to numerous unwelcome sexual harassment, including, but not limited to sexual advances, unsolicited and uninvited verbal and physical conduct of a sexual nature, and requests for sexual favors by GUSTAVO SALDIVAR, NOE RIVERA, URBANO RAMIREZ, and SOLOMON RODRIGUEZ, among others, during her employment with the Defendants.

42. Being a black female, the Plaintiff is a member of a protected class.

43. The Defendants' harassment of Plaintiff was based upon sex.

44. The Defendants' harassment of Plaintiff affected the terms, conditions, and privileges

CtsPDF - www.fastio.com

of employment to such a degree that the harassment altered the conditions of Plaintiff's employment and created an abusive working environment.

45. The Plaintiff's employer was aware of the ongoing and continuous unwelcomed sexual harassment and failed to take prompt remedial action.

46. Defendant intentionally discriminated against Plaintiff in violation of the Title VII by creating a sexually hostile work environment. Agents and employees of Defendants', including, but not limited to, GUSTAVO SALDIVAR, NOE RIVERA, URBANO RAMIREZ, and SOLOMON RODRIGUEZ, conduct unreasonably interfered with plaintiff's work performance.

47. Defendants' intentional discrimination resulted in a tangible employment action against plaintiff. Defendants' conduct caused Plaintiff to suffer Sever Mental Depression, Post Traumatic Stress, and other mental disorders to the point to which she became permanently and totally disable and is no longer able to work.

48. Defendants did not exercise reasonable care to prevent and cure allegations of sexual harassment. Defendants ratified the wrongful conduct by failing to take appropriate remedial action after Defendants became aware of the conduct.

COUNT 2
FEDERAL TORT CLAIMS ACT

49. Plaintiff incorporates paragraphs 1-37.

50. The actions taken by agents and employees of Defendants', including, but not limited to, GUSTAVO SALDIVAR, NOE RIVERA, URBANO RAMIREZ, and SOLOMON RODRIGUEZ, were wrongful and negligent.

51. GUSTAVO SALDIVAR, NOE RIVERA, URBANO RAMIREZ, and SOLOMON RODRIGUEZ, among others, were all employees of the Defendants and acting within the scope

Plaintiff's Second Amended Complaint/ Page 7

of their employment when the Plaintiff was injured.

52.  Plaintiff suffered severe mental and emotional anguish, stress, and depression as a direct result and proximate cause of Defendants' agents, GUSTAVO SALDIVAR, NOE RIVERA, URBANO RAMIREZ, and SOLOMON RODRIGUEZ, among others, actions.

53.  Under the laws of the State of Texas, a private person would be liable to Plaintiff for the actions and omissions of Defendants' employees, GUSTAVO SALDIVAR, NOE RIVERA, URBANO RAMIREZ, and SOLOMON RODRIGUEZ, among others.

54.  In accordance with 28 U.S.C. § 1346 (b), the United States of America is liable to Plaintiff for the intentional infliction of emotional distress and failure to properly supervise its employees.

## DAMAGES

55.  As a direct and proximate cause of Defendants' negligence, Plaintiff has suffered the following injuries and damages:

      a.  physical pain in the past and future;

      b.  mental anguish in the past and future;

      c.  lost earnings in the past and future;

      d.  damage to earning capacity; and

      e.  medical expenses in the past and future;

## PRAYER

WHEREFORE, PREMISE CONSIDERED, Plaintiff, CHARLENE CARR, asks for judgment against Defendants for all available relief at law and equity in which Plaintiff is entitled.  Plaintiff specifically requests:

a. actual damages;

Plaintiff's Second Amended Complaint/ Page 8

b. punitive damages;

c. costs of suit;

d. Prejudgment and post-judgment interest; and

e. All other relief the court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully submitted,
RENTFRO, FAULK & BLAKEMORE, L.L.P.

By: _____
Jana Smith Whitworth
State Bar No.:  00797453
Federal Bar No.:  20656
185 E. Ruben M. Torres Blvd.
Brownsville, Texas 78526
Phone: (956) 541-9600
Facsimile:     (956) 541-9695

ATTORNEYS FOR PLAINTIFF

# CERTIFICATE OF SERVICE

I, Jana Smith Whitworth, hereby certify that on this 2nd day of August, 1999, a true and correct copy of Plaintiff's Second Amended Complaint was sent by registered certified mail to the below listed individuals.

Jana Smith Whitworth

Nancy L. Masso
Assistant U.S. Attorney
P.O. Box 1671
Brownsville, Texas 78522
ATTORNEY FOR DEFENDANT

Mauro Ruiz
Denton, Mckamie & Navarro
222 E. Van Buren, Suite 405
Harlingen, Texas 78550
GUARDIAN AD LITEM FOR PLAINTIFF