United States District Court
Southern District of Texas
FILED

OCT 07 1999

Michael N. Milby
Clerk of Court

27

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CHARLENE CARR | * | |
| | * | |
| v. | * | CIVIL ACTION No. B-97-245 |
| | * | |
| ROBERT E. RUBIN, ET AL | * | |

### UNITED STATES' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

The United States, on behalf of the Defendants herein, by and through Mervyn M. Mosbacker, United States Attorney for the Southern District of Texas, files its answer to Plaintiff's Second Amended Complaint as follows:

**PARTIES**

1. Admitted.

2. Denied that the Secretary of Treasury has already been served with a copy of the Plaintiff's Second Amended Complaint. All other allegations of this paragraph are admitted.

3. The allegations in this paragraph represent the state of law regarding service upon the United States and do not need to be admitted or denied.

**JURISDICTION**

4. Admitted that the Court has jurisdiction over a portion of the case under Title VII. Denied that the Court has jurisdiction of all of plaintiff's Title VII case. Defendants deny that the Court has jurisdiction over any claims raised under the Federal Tort Claims Act.

**EXHAUSTION OF ADMINISTRATIVE PROCEDURES**

5. Denied that administrative procedures were exhausted for Treasury Administrative Case Nos. 94-2036; 94-2149; 94-2160; and 95-2050. Admit that administrative procedures were exhausted for Treasury Administrative Case Nos. 96-2079 and 96-2139. As to the averment that a "right to sue" letter was issued, it is denied. It is Defendants understanding that EEOC provides such letters to individuals in the private sector. All other allegations of this paragraph are denied.

**FACTS**

6. Denied.

7. Admitted.

8. Admitted.

9. Denied.

10. Admitted.

11. Denied.

12. Admitted.

13. Admitted.

14. Defendants lack sufficient information to admit or deny; to the extent that a response is required it is denied.

15. Denied.

16. Denied.

17. Defendants lack sufficient information to admit or deny; to the extent that a response is required it is denied.

18. Defendants deny that Gustavo Saldivar (Saldivar) was a supervisor. Saldivar was a senior inspector. Defendants are aware of the allegations made by Plaintiff–which was made the subject of an EEO administrative complaint–regarding an incident that occurred September 16, 1993. All other allegations are denied.

19. Admitted that Customs Senior Inspector Gustavo Saldivar pecked or bit the Plaintiff on the lip after asking her if she wanted him to do so and after she leaned back to give him room to do so without verbally responding. All other allegations of this paragraph are denied.

20. Admitted.

21. Denied.

22. Admitted that the Plaintiff advised Customs Chief Inspector Eutemio Ruedas of the incident the day following the incident. All other allegations of this complaint are denied.

23. Denied.

24. Admitted.

25. Denied.

26. Defendants admit that correspondence from doctors were received; Defendants, however, are unable to admit or deny at this time, as to the date and time periods from which these

letters were written or received. Defendants deny all other allegations in this paragraph.

27. Defendants lack sufficient information or knowledge to fully respond to the allegations of this paragraph. Defendants do admit receiving correspondence from a doctor indicating that Plaintiff was in need of social support. The date that the letter was sent or received is not yet known; to the extent that a response is required to these averments, the Defendants deny them. All other allegations are denied.

28. Denied that Plaintiff sought a transfer for the reasons (or solely for the reasons) stated in this paragraph.

29. Denied; although, it is admitted that the Plaintiff was never transferred back to San Antonio where she lived when she was hired and to which she wanted to return even before the incidents in question. All other allegations of this paragraph are denied.

30. Denied.

31. Admitted that the Plaintiff was given a transfer to the Port of Entry at Hidalgo at her request. All other allegations of this paragraph are denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

*Defendants believe that no response is required to the averments contained in paragraphs 38 through 55 of the Plaintiff's Second Amended Complaint-because-for the most part they set forth arguments of law which require no response. To the extent that the Court may require that a position be set forth by the Defendants, the following is submitted:*

## COUNT 1 – SEXUAL HARASSMENT UNDER TITLE VII

38. Defendants' responses to paragraphs 1 through 37 are incorporated herein by reference.

39. Admitted that plaintiff is a black female. Admitted that plaintiff and all persons who

3

are employees of covered employers are entitled to protection under Title VII regardless of their race or gender. Admitted that the Plaintiff filed an EEO complaint with the agency based upon race and sex for the incident in which she was touched by a fellow employee in Hidalgo, Texas on October 23, 1995. Denied that the Plaintiff filed an administrative claim based upon race with regard to the incident in Brownsville, Texas in which she was kissed or bitten on the lower lip by a fellow employee on September 16, 1993.

40. Admitted.

41. Denied.

42. Defendants' response to the allegations of paragraph 39 are reasserted herein and incorporated by reference.

43. Denied that there was any harassment of the Plaintiff by the Defendant based upon sex or any other prohibited basis alleged in the complainant's administrative EEO complaints. All other allegations of this paragraph, if any, are denied.

44. Denied that there was any harassment of the Plaintiff by the Defendant. All other allegations of this paragraph, if any, are denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## COUNT 2 – FEDERAL TORT CLAIMS ACT (FTCA)

49. Defendants' responses to paragraphs are 1 through 37 are incorporated herein by reference.

50. Denied.

51. Denied.

52. Denied.

53. This averment is a pure statement of law which requires no response; to the extent that a response may be deemed required, it is denied.

54. Denied.

## DAMAGES

55. Denied.

## PRAYER

Defendant denies that the Plaintiff is entitled to any of the relief demanded in the prayer of the complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The complaint does not state a claim under the FTCA because it does not aver the presentation of an administrative claim as required under 28 U.S.C. 2671 et seq. was submitted.

### THIRD AFFIRMATIVE DEFENSE

The statute of limitations has expired on the FTCA claim and any other claims that might be added for the first time to the lawsuit in this amendment of the complaint.

### FOURTH AFFIRMATIVE DEFENSE

Failure to exhaust administrative remedies.

(A) CLAIMS SUBMITTED UNTIMELY AND NOT ACCEPTED: Plaintiff alleges actions by Solomon Rodriguez, Urbano Ramirez, and Gustavo Saldivar that pre-date her first contact with an agency EEO Counsel by several years. These same names appear at places in Ms. Carr's administrative complaint. However, they are not included in the accepted issues set out in the investigation, presumably because they were untimely under 29 C.F.R. §1614.

(B) CLAIMS NOT SUBMITTED AT ALL: These include claims that she was subject to constant and continuous sexual harassment at Hidalgo.

WHEREFORE, PREMISES CONSIDERED, the United States prays that the plaintiff take nothing by her suit, that the suit be dismissed with prejudice, and that the Defendants have such

other and further relief to which it may be entitled.

Respectfully submitted,

MERVYN M. MOSBACKER
UNITED STATES ATTORNEY

_____
NANCY L. MASSO
Assistant United States Attorney
600 E. Harrison St. #201
Brownsville, TX 78520
(956) 548-2554/FAX (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing United States' Answer to Plaintiff's Second Amended Complaint was mailed via certified mail, return-receipt requested to Jana Whitworth, Attorney at Law, RENTFRO, FAULK & BLAKEMORE, L.L.P., 185 E. Ruben Torres Blvd., Brownsville, TX 78520 and Mauro Ruiz, Plaintiff's Guardian Ad Litem, DENTON, McKAMIE & NAVARRO, P.C., Bank of America Bldg., 222 E. Van Buren, Suite #405, Harlingen, TX 78550 on this the __7th__ day of OCTOBER, 1999.

_____
NANCY L. MASSO
Assistant United States Attorney