UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CHARLENE K. CARR,<br>   Plaintiff,<br><br>v.<br><br>ROBERT E. RUBIN, as SECRETARY<br>OF THE TREASURY FOR THE<br>UNITED STATES, & UNITED<br>STATES OF AMERICA<br>   Defendants. | *<br>*<br>*<br>*   CIVIL ACTION No. B-97-245<br>*<br>*<br>*<br>*<br>*<br>* |

**DEFENDANTS' SECOND MOTION TO DISMISS COMMON LAW TORT CLAIMS
AND SUPPORTING MEMORANDUM**

TO THE HONORABLE JUDGE OF SAID COURT:

The Defendants herein, move to dismiss the common law tort allegations raised by the Plaintiff pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. In support of this motion, Defendants submit the following for consideration by this Court:

1.      Plaintiff originally filed this suit on June 13, 1997, in the United States District Court for the Western District of Texas. Because the events complained of occurred within the boundaries of the Southern District of Texas and many of the witnesses involved were still located within the boundaries of the Southern District of Texas, the presiding judge in the Western District transferred this action to the United States District Court for the Southern District of Texas on October 9, 1997. Shortly after the case arrived in this District, the Magistrate Judge ordered the case to mediation before retired United Stated District Judge James DeAnda. The case did not

settle despite a full day of mediation.

2. In July of 1999, this Court allowed Plaintiff's counsel to withdraw and appointed another attorney to assist the Plaintiff in this action. On August 2, 1999, Plaintiff through her new attorney filed a Second Amended Complaint. In this amended complaint, the Plaintiff asserts at paragraphs 49 through 54 that she is entitled to recover damages against the Defendants under the Federal Tort Claims Act. 28 U.S.C. 2671 et. seq.

3. Any claim for recovery under the Federal Tort Claims Act (FTCA) in this case fail on jurisdictional grounds. The United States, as a sovereign, "is immune from suit save as it consents to be sued...and the terms of its content to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Testan, 424 U.S. 392, 399 (1976) (citing United States v. Sherwood, 312 U.S. 584, 586 [1941]). This waiver cannot be implied, but must be unequivocally expressed. Id.

4. The FTCA provides a limited waiver of immunity against the United States for certain tort actions. In this case, the plaintiff's most glaring problem in asserting tort claims against the government, is that she has failed to submit an administrative tort claim as required under the FTCA. See 28 U.S.C. 2675. See also, Defendants' Ex. 1.

5. Without such a claim, and an exhaustion of the administrative process, Plaintiff cannot pursue such a course of action in this Court. Id. Therefore, this Court lacks subject matter jurisdiction over any tort claims herein and the case should be dismissed pursuant to Rule 12(b)(1) of the F.R.C.P..

6. Further, it should be noted that the only proper party for suit under the FTCA is the United States of America. The Secretary of the Treasury is not a proper

defendant in this case. 28 U.S.C. 2679 states:

> **The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under 1346(b) of this title, and the remedies under this title shall be exclusive.**

7. The Defendant has been sued in his official capacity as the Secretary of the Treasury. An agency of the United States may not be sued *eo nominee* unless a statute specifically waives immunity with respect to that agency. Blackmar v. Guerre, 342 U.S. 512, 514-15 (1951). Congress has not authorized the Treasury Department or any of its agencies to be sued *eo nominee* for actions sounding in tort. Castleberry v. Alcohol, Tobacco & Firearms Div., 530 F.2d 672, 673 n. 3 (5th Cir. 1976).

8. Accordingly, plaintiff's claims sounding in tort are procedurally defective and should be dismissed for want of jurisdiction and failure to state a claim upon which relief can be granted.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court dismiss all common law tort allegations raised by the Plaintiff herein for want of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Respectfully Submitted,

MERVYN M. MOSBACKER, JR.
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant U. S. Attorney
600 East Harrison, No. 201
Brownsville, Texas 78520
Tel:   (956) 548-2554
Fax:   (956) 548-2549
Texas State Bar No. 00800490
Federal ID No. 10263

## CERTIFICATE OF SERVICE

I certify that on **October 7, 1999**, I forwarded a copy of the Defendants' Second Motion to Dismiss Common Law Tort Claims and Supporting Memorandum to Plaintiff's counsel, Jana Whitworth, RENTFRO, FAULK & BLAKEMORE, LLP, 185 E. Ruben Torres Blvd., Brownsville, Texas, and Ms. Carr's Guardian ad litem, Mr. Mauro Ruiz, at DENTON, McKAMIE & NAVARRO, PC, Bank of America Bldg., 222 East Van Buren, Suite 405, Harlingen, Texas 78550, by Certified Mail, Return Receipt Requested.

10-7-99
DATE

NANCY L. MASSO
Assistant U. S. Attorney

ClibPDF - www.fastio.com

## DECLARATION OF JAMES N. DE STEFANO

**I hereby declare that:**

1. I am the Associate Chief Counsel for the U.S. Customs Service, Houston, Texas. The geographic jurisdiction of my office includes the State of Texas. My office is located at 2323 S. Shepherd Dr., Suite 1246, Houston, Texas 77019.

2. I am the custodian of records for administrative claims under the Federal Tort Claims Act, 28 U.S.C. 2671 et seq., which are filed against or with the U.S. Customs Service in the State of Texas for claims of $500 or more.

3. I receive and assign all such administrative tort claims under the Federal Tort Claims Act (FTCA) to an attorney under my supervision.

4. I have caused a search to be made of the electronic records maintained in my office for FTCA claims. Such search disclosed no administrative FTCA claim file received from Charlene K. Carr.

5. If Ms. Carr had filed a FTCA claim with the agency, it would have come to my attention in the ordinary course of business. To my knowledge, information and belief, no FTCA claim has been received in my office from Ms. Charlene K. Carr.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.**

10/6/99
Date

James N. De Stefano
Associate Chief Counsel
U.S. Customs Service
Houston, Texas

