United States District Court
Southern District of Texas
FILED

APR 0 8 2000

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CHARLENE CARR, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL NO. B-97-245 |
| | § | |
| ROBERT E. RUBIN as SECRETARY | § | |
| OF TREASURY OF THE UNITED | § | |
| STATES OF AMERICA, and THE UNITED | § | |
| STATES OF AMERICA, | § | |
|     Defendants | § | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' SECOND MOTION TO DISMISS COMMON LAW TORT CLAIMS AND SUPPORTING MEMORANDUM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CHARLENE CARR, Plaintiff in the above styled and numbered cause, and, files this, her Plaintiff's Response to Defendants' Second Motion to Dismiss Common Law Tort Claims and Supporting Memorandum, and in support thereof, would respectfully show unto this Honorable Court the following:

#### A. Introduction

1. This case arising from a bite a male federal employee gave to female federal employee while they were at work. The recipient of the bite, the Plaintiff in the above styled action, seeks recover for the damages caused by this attack under the theories of: (i) Title VII - sexual harassment through a hostile environment; and (ii) the Federal Tort Claims Act.

2. The Defendants have filed a Motion to Dismiss Common Law Tort Claims (the "Motion") asserting that: (i) the proper party to a Federal Tort Claims Act (the "FTCA"), the United States of

America, was not sued; and (ii) the Plaintiff did not exhaust her administrative remedies prior to filing this suit, pro se, on April 22, 1997.

3.      More specifically, it appears the Defendants are asserting that the Plaintiff should have filed two (2) administrative claims based on the two (2) different legal theories of recovery: (i) one claim under the theory of sexual harassment with the Treasury Department and Equal Employment Opportunity Commission; and (ii) one claim under the FTCA with the administrative body for the Customs Department.

4.      This is not what is required in *28 U.S.C.A. §2675*. The purpose of the requirement to exhaust administrative remedies is put the government on notice of the claim and allow time for investigation and possible resolution without wasting the federal courts' resources. The Plaintiff filed a claim with the appropriate Federal agency and it was fully adjudicated through the administrative court which denied her claim. Accordingly, the Plaintiff files this response to show the Court that it has proper jurisdiction of her FTCA claim.

### B. Facts

1.      It is undisputed that federal employee, Gus Saldivar, bit the Plaintiff on her lip on September 16, 1993 while they were working. This incident was ultimately assigned case no. 94-2036 by the Treasury Department.

2.      It is undisputed that the Plaintiff filed a claim, reporting this assault, to the Treasury Department who assigned the investigation and subsequent administrative hearing to the Equal Employment Opportunity Commission (the "EEOC").

3.      It is undisputed that the EEOC fully investigated this claim no. 94-2036 and held a hearing before Administrative Law Judge Mimi Gendreau at the McNamara Federal Building, 477 Michi-

Avenue, Room 832, Detroit Michigan. *See* the true and correct copy of Judge Gendreau's Bench Decision of October 23, 1996, which is attached hereto and incorporated herein as Exhibit "A".

4. It is undisputed that the EEOC denied the Plaintiff's claim. *See* Exhibit "A". Accordingly, the Plaintiff filed a claim with the appropriate Federal agency and her claim was finally denied by the agency in writing.

5. On April 22, 1997, the Plaintiff filed her Plaintiff's Original Complaint (the "Complaint"). She filed the Complaint pro se.

6. On August 2, 1999, the Plaintiff, with the benefit of counsel, amended the Complaint. In this Amended Complaint, the Plaintiff sued and requested issuance of citation upon the United States of America as a result of pleading for recovery under the FTCA.

### C. Arguments and authorities

1. The Defendants' assertion that the incorrect party was sued is incorrect. Plaintiff's Second Amended Complaint clearly reflects the United States of America as one of the defendants in this action. The other defendant is included in the action based upon the Title VII cause of action.

2. 28 U.S.C.A. § 2675 requires that a claim be made to the "appropriate Federal agency". In this case, the Plaintiff was assaulted at her workplace during business hours by a fellow employee. Her employer happens to be the Federal Government. Therefore, suing her employer for the tortuous actions of her fellow employee would necessarily fall within the scope of the FTCA. Because of the nature of the tort and the Plaintiff filed her claim with the Treasury Department who assigned it to the EEOC.

3. When filing a claim under the FTCA, it is not necessary to elaborate on all possible causes of action or theories of liability. *See Frantz v. United States*, 29 F.3d 222, 224 (5th Cir. 1994). The

purpose of § 2675 is served if the claim brings to the Government's attention facts sufficient to enable it to thoroughly investigate its potential liability and to conduct settlement negotiations with the claimant. *Id.* If the Government's investigation of the claim should reveal theories of liability other than those specifically enumerated within the claim, those theories can properly be considered part of the claim. *Id. Citing Rise v. United States,* 630 F.2d 1068 (5th Cir. 1980). In this case, the facts surrounding the assault were fully investigated. Accordingly, Government, was put on notice of a potential tort claim. This brings us to the next point: which is the "appropriate" Federal agency?

4. The purpose of requiring the filing of an administrative claim is to ease congestion in the courts, avoid unnecessary litigation, to afford the government an opportunity to investigate and to expedite fair administrative settlement of tort claims. *See Franz,* 29 F.3d at 224.

5. In this case, the same Federal agency is potentially liable for the tortuous acts of the Federal employee who bit the Plaintiff whether the recovery is through Title VII or the FTCA. Requiring the Plaintiff to put that Federal agency on notice, for the same tortuous act, through two (2) different claim processes goes beyond the purpose of 28 U.S.C.A. § 2675. Such requirement would deprive the Plaintiff from potentially recovering through a different theory of liability based upon the same acts the Federal agency investigated and administered. Further, from a practical point of view, it is a waste of federal resources to require two (2) administrative claims, by two different Federal agencies, of the same set of facts.

6. The jurisdictional notice requirements of § 2675(a) are not to be read in light of the regulations promulgated pursuant to 28 U.S.C.A. § 2672. *See Transco Leasing Corp. v. United States,* 896 F.2d 1435, 1442 (5th Cir. 1990) *citing Adams v. United States,* 615 F.2d 284, 290 (5th

Cir.) *clarified*, 622 F.2d 197 (5th Cir. 1980). The Plaintiff's claim satisfied the notice requirement to the Government because it: (1) gave the agency written notice of her claim sufficient to enable the agency to investigate and (2) placed a value on her claim. *See Franz*, 29 F.3d at 224. If the Plaintiff failed to navigate the labyrinth of regulations promulgated by the Customs Department and other Government agencies, her claim should not be dismissed on the assertion that she did not adequately satisfy the notice/presentation requirements of 28 U.S.C. §2675. *See Transco Leasing Corp.*, 896 F.2d at 1442. The Government's investigation and administrative trial evidence that the Plaintiff has more than satisfied the notice/presentation requirement of §2675. *See* Exhibit "A".

### D. Prayer for relief

For these reasons, the Plaintiff respectfully requests that the Court deny the Defendants' Second Motion to Dismiss Common Law Tort Claims.

          Respectfully submitted,
          RENTFRO, FAULK & BLAKEMORE, L.L.P.

By: _____
      Jana Smith Whitworth
      State Bar No.: 00797453
      185 E. Ruben M. Torres Blvd.
      Brownsville, Texas 78526
      Phone:     (956) 541-9600
      Facsimile:  (956) 541-9695
      ATTORNEYS FOR PLAINTIFF

## Certificate of Service

I certify that on the 6th day of April, 2000, I forwarded a copy of the Plaintiff's Response to Defendants' Second Motion to Dismiss Common Law Tort Claims and Supporting Memorandum to the following, in the manner designated:

Nancy L. Masso, Assistant U.S. Attorney
United States' Attorney's Office
600 East Harrison, No. 201
Brownsville, Texas 78520
Attorneys for the Defendants
**Via Certified U.S. Mail, RRR No.**   Z 271 660 176

Mauro Ruiz, Guardian Ad Litem
Denton, McKamie & Navarro, P.C.
222 East Van Buren, Suite 405
Harlingen, Texas 78550
**Via Certified U.S. Mail, RRR No.**   Z 271 660 177

_____
Jana Smith Whitworth

J:\Working\CARR.CHAR\Ps Response.to Motion to Dismiss.033000

Plaintiff's Response to Defendants' Second Motion to Dismiss
Common Law Tort Claims

ClibPDF - www.fastio.com