3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

APR 2 0 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CHARLENE K. CARR, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION No. B-97-245 |
| | * | |
| ROBERT E. RUBIN, SECRETARY OF | * | |
| THE DEPT. OF TREASURY FOR | * | |
| THE UNITED STATES, | * | |
| Defendant. | * | |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND MOTION TO DISMISS COMMON LAW TORTS

TO THE HONORABLE JUDGE OF SAID COURT:

The Defendant herein, Robert E. Rubin, Secretary of the Department of Treasury for the United States, submits the following reply to Plaintiff's assertions that her sexual harassment claims put the United States on notice that Plaintiff was also pursuing a claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. 2671 et seq.:

1. The FTCA and federal regulations require that a claimant, such as the Plaintiff, provide written notification of the incident bring rise to the claim to the appropriate federal agency "...accompanied by a claim for money damages, *in a sum certain* for injury to or loss of property, personal injury or death alleged to have occurred by reason of the incident." (emphasis added) 28 U.S.C. 2675(a); 28 C.F.R 14.2; see also Molinar vs. United States, 515 F.2d 246, 248 (5th Cir. 1975).

2. As noted by the Fifth Circuit, one purpose served by requiring a claimant to state a sum certain is that it ensures that "[t]he government will at all relevant times be aware of its maximum possible exposure to liability and will be in a position to make intelligent settlement decisions." Martinez vs. United States, 780 F.2d 525, 530 (5th Cir. 1986).

3. In the case at bar, the Plaintiff never filed a written notice to the United States

Customs Service that demanded a sum certain for monetary damages; thus, Plaintiff never placed the government on notice of what it's "maximum possible exposure to liability" would be with regard to her claims.

4. Therefore, Plaintiff's claims seeking recovery for common law torts must fail for her failure to exhaust her administrative remedies under the FTCA.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court dismiss all common law tort allegations raised by the Plaintiff herein for want of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Respectfully Submitted,

MERVYN M. MOSBACKER
UNITED STATES ATTORNEY

_____
NANCY L. MASSO
Assistant U. S. Attorney
600 East Harrison, No. 201
Brownsville, Texas 78520
Tel:   (956) 548-2554
Fax:   (956) 548-2549
Texas State Bar No. 00800490
Federal I.D. No. 10263

## CERTIFICATE OF SERVICE

I certify that on **April 20, 2000**, I forwarded a copy of the Defendant's Reply to Plaintiff's Response to Defendant's Second Motion to Dismiss Common Law Tort Claims to Plaintiff's attorney, Jana Whitworth, RENTFRO, FAULK & BLAKEMORE, LLP, 185 E. Ruben Torres Blvd., Brownsville, Texas, and Ms. Carr's Guardian ad litem, Mr. Mauro Ruiz, at DENTON, McKAMIE & NAVARRO, PC, Bank of America Bldg., 222 East Van Buren, Suite 405, Harlingen, Texas 78550, by Certified Mail, Return Receipt Requested.

**April 20, 2000**              _____
DATE                            NANCY L. MASSO
                                Assistant U. S. Attorney