39

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 8 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CHARLENE CARR § | |
| Plaintiff, § | |
| § | |
| vs § | CIVIL NO. B-97-245 |
| § | |
| ROBERT E. RUBIN as SECRETARY § | |
| OF TREASURY OF THE UNITED § | |
| STATES OF AMERICA, et al § | |
| Defendants. § | |

### MOTION FOR PAYMENT OF EXPENSES and
### MOTION FOR LEAVE TO HIRE EXPERT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **JANA SMITH WHITWORTH**, Court-Appointed attorney for the Plaintiff in the above-entitled matter, and pursuant to the Court's Order of April 28, 1997 and subsequent Order of April 22, 1999 granting the Plaintiff's motion for appointment of counsel and motion to proceed in forma pauperis, hereby submits her Motion for Payment of Expenses and Motion for Leave to Hire Expert, and in support thereof would respectfully show the Court as follows:

A. Introduction

1. Plaintiff, Charlene Carr ("Ms. Carr"), sued Defendants, her former employer, for various violations related to her employment at the U.S. Customs Department.

2. Plaintiff filed, and was granted, her motion for appointment of counsel and motion to proceed in forma pauperis. A true and correct copy of the San Antonio Court's April 28, 1997 Order granting Plaintiff's motion for appointment of counsel and motion to proceed in forma pauperis is attached hereto and incorporated herein as Exhibit "A".

3. The Court appointed the undersigned attorney, Jana Smith Whitworth ("Ms. Whitworth") on February 20, 1999, to represent Ms. Carr in the prosecution of her employment claims. A true

and correct copy of the Court's April 22, 1999 Order appointing Ms. Whitworth is attached hereto and incorporated herein as Exhibit "B".

### B. Orders provide for payment of expenses

4. The Court's Order provides that Ms. Whitworth will be reimbursed for expenses incurred in her representation of Ms. Carr. Ms. Whitworth has incurred, and is continuing to incur, expenses associated with her representation of Ms. Carr. Accordingly, Ms. Whitworth files this Motion for Payment of Expenses.

5. At this time, Ms. Carr must be examined by a medical expert. Accordingly, Ms. Whitworth files this Motion for Leave to Hire Expert. The costs associated with the expert constitute expenses incurred by Ms. Whitworth in the representation of Ms. Carr and, pursuant to the terms of the Court's Order, are recoverable by Ms. Whitworth.

### C. Relief requested

WHEREFORE, PREMISES CONSIDERED, Jana Smith Whitworth respectfully prays that this Court grant this motion and order the District Clerk to pay the expenses submitted to him for payment. Further, Ms. Whitworth respectfully prays that the Court will grant leave to hire an expert in this matter and include the costs associated with the expert in its order to District Clerk for payment of expenses.

Respectfully submitted,

_____
Jana Smith Whitworth
SBN: 00797453
FED No: 4483
Attorneys for Plaintiff

Of Counsel:
RENTFRO, FAULK & BLAKEMORE, L.L.P.
185 E. Ruben Torres Sr. Blvd.
Brownsville, Texas 78526
(956) 541-9600
(956) 541-9695 fax

## CERTIFICATE OF CONFERENCE

The undersigned counsel has conferred with the opposing party about the merits of this motion, and she has no opposition.

```
                                        _____
                                        JANA SMITH WHITWORTH
```

## CERTIFICATE OF SERVICE

I, Jana Smith Whitworth, hereby certify that on this 8th day of May, 2000, a true and correct copy of Motion For Payment of Expenses and Motion for Leave to Hire Expert was sent by regular U.S. mail to the attorneys of record as described below:

United States Attorney's Office
Southern District of Texas
Nancy L. Masso, Assistant U. S. Attorney
600 E. Harrison #201
Brownsville, Texas 78520
Attorneys for the Defendant

Mauro Ruiz
Denton, McKamie & Navarro, P.C.
222 East Van Buren, Suite 504
Harlingen, Texas 78550
Guardian Ad Litem for Charlene Carr

```
                                        _____
                                        Jana Smith Whitworth
```

J:\Working\CARR CHAR\Motion payment of expenses expert 050800

EXHIBIT "A"

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
MAY 2 0 1997
CLERK,
WESTERN DISTRICT OF TEXAS
BY
DEPUTY CLERK

CHARLENE CARR,    *
                                  *
       Plaintiff,     *
                                  *
v.                           *    CIVIL NO. SA-97-CA-490
                                  *
JANET RENO, et al.,    *
                                  *
       Defendants.    *

### O R D E R

Before the Court is the application to proceed in forma pauperis (docket no. 1) and the request for appointment of counsel (docket no. 2). To aid in the determination of whether the motions should be granted, the Court required plaintiff to answer a questionnaire. Upon consideration of the motions and the plaintiff's answers to the questionnaire, the Court believes that the application to proceed in forma pauperis and the request for appointment of counsel should be granted.

### In Forma Pauperis

Plaintiff has indicated that she is unemployed, but is receiving disability income in the amount of $1086 each month from the Social Security Administration. Her answers to the questionnaire indicate that her monthly expenses far exceed the amount of disability income that she receives. Therefore, the Court believes that the application to proceed in forma pauperis

5

should be **GRANTED**.

It is, therefore, **ORDERED** that plaintiff's complaint be filed by the Clerk without prepayment of fees, costs or the giving of security therefor, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from plaintiff. The Clerk shall serve the defendants without cost to plaintiff.

### Request For Appointment Of Counsel

Pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq.("Title VII"), the Court may appoint an attorney to represent a litigant in an employment discrimination case in federal court under such circumstances as are just. *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1308 (5th Cir. 1977). There is, however, no right to the automatic appointment of counsel in a Title VII case. *Caston*, 556 F.2d at 1309. The decision whether to appoint counsel rests within the sound discretion of the trial court. *Id.* at 1308. The same standard also applies to a claim under the Americans With Disabilities Act ("ADA").

In ruling upon a request for appointment of counsel, the Court should consider the merits of the claim, the efforts taken by plaintiff to obtain counsel, and the plaintiff's financial ability to retain counsel. *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990). These factors are not the only considerations but are simply ingredients in the total mix of relevant information which should guide the discretion of the Court. *Caston*, 556 F.2d at 1310.

2

Plaintiff has the burden of persuasion with regard to a request for appointment of counsel. *Id.*

Review of the merits of plaintiff's claim is similar to frivolousness review of a general IFP proceeding in that it cannot serve as a fact-finding process for the resolution of disputed fact. ***Reado v. Texas General Land Office***, 929 F.Supp. 1046, 1053 (E.D.Tex.1996)(citing ***Denton v. Hernandez***, 504 U.S. 25, 31-32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). The weight of the evidence, however, is part of the consideration for appointment of counsel. ***Reado***, 929 F.Supp. at 1053. Thus, a plaintiff that has stated a claim, yet offered scant evidence in support of the claim, can expect to fail to obtain appointment of counsel. *Id.* And it is well settled that a plaintiff's belief is not probative of discriminatory intent.

In her proposed complaint, plaintiff asserts claims against numerous defendants under Title VII for wrongful discharge, sexual harassment and retaliation. She also asserts a claim under the ADA for failure to accommodate her disability. She contends that the alleged incidents forming the basis of this case occurred while she was employed by the U.S. Customs Service.

The factual basis for her claims includes numerous incidents, one of which involved Gustavo Saldivar, a Senior Inspector with the Customs that was one of her supervisors. Attached to the her answers to the questionnaire is a copy of one page of a statement by Gustavo Saldivar wherein he admits to biting plaintiff on the

3

lip while at work. Plaintiff contends that she became disabled as a result of the bite from Mr. Saldivar. In support of her allegation of disability is an award of disability benefits to her by the Social Security Administration for major depression and post traumatic stress disorder. Plaintiff has sufficiently presented some evidence to support a claim under Title VII for sexual harassment. Plaintiff has been minimally diligent in seeking counsel to represent her. She has been told by some lawyers that they would not take her case without payment of a retainer. Plaintiff has adequately shown her inability to retain such counsel.

Upon consideration of the relevant factors, the Court believes that the request for appointment should be **GRANTED**. The attorney appointed to represent plaintiff for all pre-trial matters and, if necessary, for the trial of this case is:

> **Mr. Jose J Fernandez**
> **Attorney at Law**
> **115 E. Travis, Suite 746**
> **San Antonio, Texas 78205**
> **(210) 224-6675**

The District Clerk is directed to provide plaintiff's counsel notice of the appointment along with a copy of all documents that have been filed in this case to date. Within 10 days of receiving notice of the appointment, plaintiff's counsel shall contact plaintiff and file a notice of appearance with the District Clerk.

The Court notes that plaintiff also alleged that she was attacked on different dates by different persons but does not state

4

how those various incidents relate to the various claims that have been asserted. Plaintiff also alleges that she was wrongfully discharged, but there are not facts supporting such a claim. Although plaintiff has been issued a right to sue letter that indicated that she was to name the Secretary of the Treasury as the defendant, she named numerous additional persons as defendants. It is evident that plaintiff's complaint needs to be amended so that it clearly asserts the plaintiff's claims and factual allegations. Also, the plaintiff's complaint should be amended to be so that the only defendant is Robert E. Rubin, Secretary of the Treasury. Accordingly, counsel for plaintiff is directed to file an amended complaint within 30 days of filing a notice of appearance in this case.

It is so **ORDERED**.

SIGNED this 20th day of May, 1997.

JOHN W. PRIMOMO
United States Magistrate Judge

5