UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 8 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CHARLENE K. CARR, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION No. B-97-245 |
| | * | |
| ROBERT E. RUBIN, SECRETARY OF | * | |
| THE DEPT. OF TREASURY FOR | * | |
| THE UNITED STATES and | * | |
| THE UNITED STATES OF AMERICA, | * | |
| Defendants. | * | |

## DEFENDANTS' MOTION TO DISMISS
## AND ALTERNATIVE MOTION FOR SUMMARY JUDGMENT
## AND SUPPORTING MEMORANDUM

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants move that this case be dismissed for failure to state a claim upon which relief can be granted and want of subject matter jurisdiction. FRCP, Rules 12(b)(1) and (6). In the alternative, Defendants move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgement.

In support of this motion, the Defendant submits the following memorandum and attached exhibits[1] for this Court's consideration:

### 1. *Background*

On August 2, 1999, Plaintiff filed a Second Amended Complaint alleging that she had two causes of action against the Defendants. The first cause of action is a

---

[1] The exhibits in this case are quite voluminous. In an attempt to reduce the bulk of these exhibits, Defendants have provided excerpts from testimony provided at an Administrative hearing held on a majority of the issues raised by the Plaintiff. Should the Court desire a complete copy of the Hearing Transcript–or that of a particular witness–one will be provided.

sexual harassment claim brought under Title VII. The second cause of action is a common law tort claim brought under the Federal Tort Claims Act. 28 U.S.C. 1346(b), 2671 *et seq.*

On October 7, 1999, the Defendants filed a motion to dismiss the Plaintiff's tort claims for want of subject matter jurisdiction and failure to state a claim upon which relief can be granted. That motion is still pending. In the interest of brevity, Defendants incorporate that motion and attached exhibit by reference herein, rather than restate its arguments here.

The Plaintiff's Title VII claims, however, have not been previously addressed in any great detail to this Court. With regard to those claims, the Defendants urge that judgement should be entered in their favor as a matter of law.

2.  **Plaintiff's Title VII Allegations**

Plaintiff began her employment with the United States Customs Service in 1989. Second Amended Complaint, para. 11. She was hired as an Inspector and assigned to work in Brownsville, Texas. Id. Plaintiff alleges that non-supervisory customs agents made "numerous unwanted and humiliating sexual advances" toward her almost immediately upon the start of her employment. Second Amended Complaint, para. 14. Although no written complaints—or otherwise recorded complaints—of harassing behavior directed toward the Plaintiff prior to 1993 have surfaced or been provided by the Plaintiff, Plaintiff claims that she verbally informed supervisors of the conduct. Id.

Between 1994 and 1996, Plaintiff filed six formal complaints alleging discrimination. In summary these complaints are:

    a.    In Claim No. 94-2036, Plaintiff claims that she was a victim of

retaliation. The complaint stems from an incident in which a non-supervisory customs employee, Gustavo Saldivar, admittedly kissed or bit the Plaintiff on her lower lip during working hours. Plaintiff reported the incident on the date that it occurred. In this complaint, Plaintiff claims that management retaliated against her for this complaint when they referred her to the Employee Assistance Program (EAP) rather than discuss her complaint. See Exhibit <u>1 at pg. 4</u>.

b. In Claim Number 94-2149 Plaintiff complains Defendants retaliated against her for her EEO activity when they failed or refused to give Plaintiff a special assignment as an instructor in a compliance training class. See Exhibit <u>1 at pg. 4</u>.

c. In Claim Number 94-2160 Plaintiff complains that her performance ratings were allegedly lowered by the Defendants in reprisal for her EEO activity. See Exhibit <u>1 at pg. 5</u>.

d. In Claim Number 95-2050 Plaintiff complains that in retaliation for her EEO activities, she was refused uninterrupted lunch breaks. See Exhibit <u>1 at pg. 5</u>.

e. In Claim Number 96-2079 Plaintiff complains that she was the victim of sexual harassment when she was allegedly groped by a non-supervisory Customs employee. See Exhibit <u>2 at pgs. 2-3</u>.

f. In Claim Number 96-2139 Plaintiff complains that she was the victim of reprisal when Defendants allegedly failed or refused to

approve requests for medical attention and a transfer. See Exhibit 2 at pgs. 2-3

Following the incident involving Inspector Saldivar discussed at paragraph "a" above, Plaintiff took sick leave from work. Second Amended Complaint, para. 26. Port Director, Jorge Flores directed that Plaintiff and Inspector Saldivar were not to work together. Exhibit 3, pg.518. An investigation took place, and Gus Saldivar was reprimanded and suspended without pay for a period of two days. See Exhibit 3, at pg 553; Exhibit 4, page 289, lines 9-15. After a lengthy period of time off from work, Plaintiff was transferred, at her request to the Hidalgo Port of Entry. See Exhibit 1 at pg.8. Plaintiff complains that the harassment however continued with no relief at the Hidalgo Port of Entry. Second Amended Complaint at paras 32-35.

Plaintiff submitted an application for Retirement Disability to the Office of Personnel Management (OPM) on August 2, 1996. Exhibit 5. Her application was approved and she was awarded Disability Retirement; OPM found that Plaintiff was entitled to disability benefits effective June 1995. Exhibit 6.

## 3. Argument

-I-

In the instant case, Plaintiff filed six formal Administrative Claims of discrimination. The first four claims--numbers 94-2036, 94-2149, 94-2160, and 94-2050-- were the subject of a full administrative investigation and hearing. Plaintiff received an adverse ruling from the Administrative Law Judge (ALJ) and an Adverse Agency Decision. See Exhibit 1. In that decision the ALJ noted that not only did the Defendants not have any prior knowledge of allegedly harassing conduct on the part of

its employees, the Defendants had an adequate reporting mechanism of sexual harassment in place at the time of the complained incidents. See Exhibit 1 at page 31. In addition, the ALJ noted that the Defendants acted appropriately upon being notified of Inspector Saldivar's conduct.

Plaintiff appealed the Final Agency Decision to the EEOC on April 1, 1997, about a month before filing the instant lawsuit. The law requires that the Plaintiff give the EEOC at least 180 days to decide her appeal. Plaintiff's failure to do so in this case, deprives this Court of jurisdiction. See Tolbert v. United States, 916 F.2d 245, 247-48 (5th Cir. 1990). Therefore, any claims stemming from the incidents described therein should be dismissed for want of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

-II-

Those claims that may be perceived as falling within the jurisdictional purview of this Court, that is, Claim Numbers 96-2079 and 96-2139, cannot be sustained by the Plaintiff as a matter of law.

### a. Definition of Hostile Work Environment Harassment

There are two categories of sexual harassment cases--the first is *quid pro quo* harassment and the other is hostile environment harassment. It is the latter form of harassment being alleged by the Plaintiff in the instant case. Hostile environment harassment is that in which the workplace is "permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 370 (1993).

In Harris, the Supreme Court held that Title VII required that "the [work] environment reasonably be perceived, and is perceived, as hostile and abusive." Harris, 114 S.Ct. 367, 370 (1993). This approach--that there are both objective and subjective components--to the analysis of whether conduct is "severe or persuasive" enough to constitute a hostile work environment, was reinforced by the Supreme Court. Faragher vs. City of Boca Raton, 118 S.Ct. 2275, 2283 (1998). In Faragher, the Supreme Court reiterated its stance that Title VII is not a "general civility code" and that "...conduct must be extreme to amount to a change in the terms and conditions of employment." Id. at 2284. See also, Indest vs. Freeman Decorating, Inc. 164 F.3d 258, 263 (5th Cir. 1999).

### b. **Plaintiff's Claim of Hostile Work Environment Were Not Extreme or Severe or Pervasive such as to Alter the Terms and Conditions of Plaintiff's Employment.**

In the case at bar, Plaintiff's claims do not rise to an actionable level under Title VII. Plaintiff was not subjected to a hostile work environment as defined by the Courts, even assuming her allegations are true. When trying to determine the severity or pervasiveness of the complained conduct, the Courts will typically look to, among other things, the totality of the circumstances, the frequency and severity of the alleged conduct, and whether the conduct was physically threatening or humiliating. Indest vs. Freeman Decorating, Inc. 164 F.3d 258, 263 (5th Cir. 1999).

At the time the alleged misconduct took place, Defendant had in place policies governing against discrimination, sexual harassment and use of sexual slurs in the work place. See Ex. 2 at pg. 192. Evidence shows that Defendants responded promptly to each complaint Plaintiff made known to them. When Plaintiff alleged that

Inspector Saldivar kissed her, Defendants promptly instructed that Saldivar and Plaintiff be separated during working hours and initiated an investigation into the incident. Exhibit 3 at pg. 518. Upon full investigation, it was determined that Inspector Saldivar should be suspended without pay for two days. Exhibit 3 at pg. 553.

When Plaintiff alleged that an inspector groped her while she was on duty at the primary lanes at the Hidalgo Port of Entry, an investigation was conducted concluding that Plaintiff's allegations lacked merit. See Exhibit 2, pgs.208-209 . However, even if true, as distasteful as it was, this was an isolated incident. See Butler v. Ysleta Ind. School District, 161 F.3d 263, 269-270 (5th Cir. 1998). Plaintiff therefore does not have a cause of action.

Further, to be actionable, an adverse employment action must be sufficiently significant as to alter the terms and conditions of the claimant's employment. Mattern v. Eastman Kodak Co., 104 F.3d 702, 707-09 (5th Cir. 1997), *cert. denied*, 522 U.S. 932, 118 S. Ct. 336 (1997); Dollis v. Rubin, 77 F.3d 777, 781-82 (5th Cir. 1995). For instance, either a discharge or a failure to hire or promote is actionable. Here, Plaintiff complains of alleged retaliatory actions or omissions that do not constitute ultimate employment decisions of hiring, discharging, promoting and compensating. Her retaliation complaints are that Defendants suggested that she contact EAP, that a fellow employee touched her, that Defendants did not give her a temporary duty as an instructor, that Defendants did not give her annual performance ratings that she thought she deserved, that Defendants did not process her worker's compensation claim in a manner that she would get immediate medical attention, and that management did not reassign plaintiff to San Antonio or Houston as prescribed by her doctor. None of these

acts or omissions are ultimate employment decisions; thus, Plaintiff has failed to state a claim upon which relief can be granted.

Accordingly, the case should be dismissed.

### 4. *Conclusion*

The Plaintiff's claims should be dismissed pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure as they do not rise to the level of severity enunciated by the Supreme Court and the Fifth Circuit Court of Appeals. To the extent that this Court must look to matters outside the scope of the pleadings herein, this Court should grant the Defendant's motion for summary judgement pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

MERVYN M. MOSBACKER
UNITED STATES ATTORNEY

_____
Nancy L. Masso
Assistant U. S. Attorney
600 East Harrison Street, No. 201
Brownsville, Texas 78520
Tel: (956) 548-2554
Fax: (956) 548-2549
Texas State Bar No. 00800490
Federal I.D. No. 10263

### Certificate of Service

I certify that on **December 8, 2000**, a copy of the Defendants' Motion to Dismiss and Alternative Motion for Summary Judgement With Supporting Memorandum (including exhibits) was mailed to Plaintiff, Charlene Carr at P.O. Box 105, Smyrna, GA 30081, via certified mail, return receipt requested.

_____
Nancy L. Masso
Assistant U. S. Attorney