57

956-548-2549
PAGE 1 Of 2   telefaxed MS. MASSO
CERTIFIED RETURN RECEIPT
70001670000691026401
telefax 956-548-2670
US DISTRICT COURT FAX 956-548-2598

Date: December 15, 2000

To: Honorable Judge John Wm. Black
United States District Court
600 E. Harrison Street #204
Brownsville, Texas 78520

TO: US DISTRICT CLERK
UNITED STATES DISTRICT COURT
600 E. HARRISON STREET
BROWNSVILLE, TEXAS 78520

From: Charlene Carr
P.O. Box 105
Smyrna, Georgia 30081

United States District Court
Southern District of Texas
FILED
DEC 22 2000
Michael N. Milby
Clerk of Court

Re: Case B-97-245/Motion to dispute any motion to dismiss any part of case B-97-245/Add to the record as evidence to the Courts.

DEAR CLERK OF THE COURTS,
Dear Honorable Judge John Wm. Black:
During the deposition November 2000 in Atlanta, Ga., Ms. Masso informed me that she intended on submitting a motion to dismiss case B-97-245. At the request of Ms. Masso, the deposition was terminated early due to a need to return to her children in Brownsville, Texas.

I wish to dispute any claims that the government states to defend any unlawful acts committed by US Customs Service agents and employees and anyone who claims through statements to defame the character of Charlene Carr.

Facts: 1989, US Customs conducted satisfactory preemployment background investigations and satisfactory post employment background investigations on Complainant. At no time during employment history with US Customs Service was complainants character or prior work history used as reasons to dismiss or terminate complainant. Complainant received satisfactory performance evaluations during employment history with: US Customs Service, beginning November 1989, 1992 US Customs Management Gilbert Sanchez was informed of Gustavo Saldivar sexual advances /sexual harassment at the firing range. Complainant was retaliated against by management by writing up complainant which was later dismissed by the union representative.- Complainant Sexually assaulted by Gustavo Saldivar Sept. 16,1993; Informed Management E. Ruedas and J. Flores of illness as a direct result of sexual harassment September 17, 1993; as a result of on the job illness complainant immediately missed work, used sick leave, annual leave, leave without pay beginning 16 September 1993; Jan 1994 began treatment with medication for depression; Summer 1994 began treatment psychological with Dr. F. Irigoyen; 1994-1995 complainant in injured status received Workers Compensation for depression under the care of Dr. Irigoyen as a direct result from on the job assault by US Customs employee Gustavo Saldivar and continued on the job harassment and on the job retaliation and discrimination; September 1995 second opinion medical exam as ordered by Office of Workers Compensation conducted by medical officer Carlos Estrada who verified medical condition of depression as a direct result of on the job sexual harassment, hostile work environment, discrimination and retaliation; Oct.23, 1995, assaulted by coworker Domingo Tamez; October 23, 1995 complainant unable to return to worksite due to on the job injury as a direct result of on the job harassment and discrimination injury/disability is depression/post traumatic disorder, October 1995 unable to return to worksite as a direct result of on the job illness; Social Security evaluation by US medical officer determined illness as depression/post traumatic disorder, complainant approved as a direct result of inability to work substantially in the national economy for disability Retirement August 1996.

In response to report by Dr. Michael Arambula MD. Dr. Arambula did not receive all complete medical records from all agencies and or medical doctor who treated complainant dating back to 1993 during the time/incidents in questioned occurred. Nor did Dr. Arambula receive all of the correct reports from other agencies/data dating back to 1993 in order to conduct a fair medical review/examination. Dr. Arambula stated in his report that he used as facts, information/reports that he received from the agency and used the reports as evidence in preparing his report/medical exam. Dr. Arambula he did not question me during the evaluation in regards to the evidence that he used to base his findings which was provided to him by the agency regarding any employment history/training 1989 with San Antonio Police Department. I did not have a chance to review what evidence Dr. Arambula had in his possession from the agency. However, I

noticed the front page of his report dated September 22, 2000 where he states he received the following records. Nothing from Dr. Irigoyen dated 1994, nothing from Office of Workers Compensation documenting the fact that I received medical benefits for depression as a direct result of on the job sexual harassment by Gustavo Saldivar 1994- 1995. Dr. Arambula thinking that he was provided with all medical reports and complete and correct information regarding pre-US Customs employment history, based his medical report using misleading and missing reports/information provided to Dr. Arambula by the agency. The agency did not inform nor provide Dr. Arambula with the agencies US Customs satisfactory preemployment background investigations and the agencies satisfactory preemployment physiological evaluation and US Customs/agencies satisfactory post employment background investigations vindicating Ms. Carr of any character flaws or mental flaws or hearsay. Dr. Michael Arambula was not provided with all medical records from US medical officers of the social Security Administration nor medical records and exams conducted by US Medical Officers of the Office of Workers Compensation who grants insurance benefits and investigates on the job injuries for the US Customs Service and other governmental agencies nor complete medical all records dating back to 1994 with Dr. F. Irigoyen. Dr. Arambula's medical exam/report may have been more comprehensive if he was provided with the complete medical history to include the medical records from OWCP and Dr. Irigoyen's records as a direct result of an on the job injury/illness beginning Sept. 16, 1993 and complete satisfactory pre-employment background investigation and satisfactory pre-employment phycological review/exam vindicating complainant of any character flaws or pre-existing medical condition; instead the agency provided just a portion of the records to distort and to cover up the real issues at hand sexual harassment, retaliation, hostile work environment, on the job injury as a direct result of sexual harassment and discrimination..

Since I was appointed by the courts during the time of the medical exam an attorney and an a guardian at litem, why wasn't complete medical records and all other noted information obtained for me by the assigned council and provided to the medical expert to conduct a fair medical exam? Several releases for medical were signed several times last year for Jana Whitworth and this year and as directed by court appointed guardian at litem Mauro Ruiz May 10, 2000 in the offices of Dr. Irigoyen under my protest and objection . I was under forced deadlines and situations where I was unable to review the releases and other documents properly. I do not desire to give up any of my rights as prescribed by law. Many of the releases presented by council that I was being pressured to sign were pre-written with clauses giving up my rights as prescribed by law..

The agency needs to be admonished severely for its attempt to cover up and distort the facts. By the agencies attempt to withhold certain medical reports and information in order to obtain a favorable medical review by an independent medical expert and its attempt to cover up a crime is simply disgrace to our legal system. The court appointed attorney and guardian at litem is something to be desired. Still haven't receive my complete files from Jana Whitworth, she forwarded a small portion of the files at my expense via federal expense stating that I would have go through a third party to obtain the rest of the files. Any body who cares about their work ethic should be able to follow your instructions by providing me with complete files. Sexual harassment did occur, retaliation did occur, discrimination and an on the job injury as an direct result of sexual assault occurred as I say. The government has spent so much money defending their untruths.   The government can not pay me everything that I have lost as a direct result of on the job sexual harrassment,on the job retaliation, failure to provide immediate medical treatment and discrimination, and on the job injury/ disability, loss of mental capacities, incapacitated, loss of job, time, relocating expenses, stress, relocating under duress and the many more losses not mentioned. However,  reasonable settlement as I have always stated is to be made whole in accordance to the settlement requests submitted by me as deemed by law the maximum under the laws of the United States.

Your Honorable Judge, I request fair treatment and fair trial under the laws of the United States and under the disability laws of the United States and Title 8. I thank you in advance for your fair decisions for I have no attorney to defend me in this court. I thank God for showing you the truth with all the facts. I stand firm as I always stated. I request your assistance in any way for I am disabled under the laws of the United States. Thank you.

Charlene Carr