65

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS -BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

MAR 2 6 2001

Michael N. Milby, ~~Clerk of Court~~
By Deputy Clerk

| | | |
|---|---|---|
| CHARLENE K. CARR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| ROBERT E. RUBIN, SECRETARY | § | CIVIL ACTION NO. B-97-245 |
| OF THE DEPT. OF TREASURY FOR | § | |
| THE UNITED STATES and THE | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION

Pending before the Court is Defendants' Motion to Dismiss and Alternative Motion for Summary Judgment and Supporting Memorandum (Docket No. 55). For the reasons detailed below, the Court will grant defendants' motion.

## BACKGROUND

The following factual summary is derived from a reading of the aforementioned motions and pleadings. Plaintiff Charlene Carr ("Carr") began her employment with the United States Customs Service in 1989. She was hired as an Inspector and assigned to work in Brownsville, Texas. Carr alleges that non-supervisory customs agents made numerous unwanted and humiliating sexual advances toward her almost immediately upon the start of her employment. Between 1994 and 1996, Plaintiff filed six formal complaints alleging discrimination. In summary, these complaints are:

a) In Claim No. 94-2036, Plaintiff claims that she was a victim of retaliation. The complaint stems

1

CVisPDF - www.fsvisa.com

from an incident in which a non-supervisory customs employee, Gustavo Saldivar, admittedly kissed or bit Carr on her lower lip during working hours. Plaintiff claims that management retaliated against her for this complaint when they referred her to the Employee Assistance Program rather than discuss her complaint.

b) In Claim No. 94-2149 Carr complains that defendants retaliated against her for her EEO activity when they failed or refused to give Carr a special assignment as an instructor in a compliance training class.

c) In Claim No. 94-2160 Carr complains that her performance ratings were allegedly lowered by defendants as a reprisal for her EEO activity.

d) In Claim No. 9502959 Carr complains that in retaliation for her EEO activities, she was refused uninterrupted lunch breaks.

e) In Claim No. 96-2079 Carr complains that she was the victim of sexual harassment when she was allegedly groped by a non-supervisory Customs employee.

f) In Claim No. 96-2139 Carr complains that she was the victim of reprisal when defendants allegedly failed or refused to approve requests for medical attention and transfer.

Following the incident involving Inspector Saldivar, Carr took sick leave from work. Port Director Jorge Flores directed that Carr and Inspector Saldivar were not to work together. An investigation took place, and Saldivar was reprimanded and suspended without pay for a period of two days. After a lengthy period of time off work, Car was transferred, at her request, to the Hidalgo Port of Entry. However, Carr asserts that the harassment that the harassment continued even at the Hidalgo Port of Entry.

Carr submitted an application for retirement disability to the Office of Personnel Management

2

("OPM") on August 2, 1996. Her application was approved and she was awarded disability retirement. OPM found that Carr was entitled to disability benefits effective June 1995.

In her Second Amended Complaint, Carr alleges two causes of action against the defendants. The first cause of action is a sexual harassment claim brought under Title VII. *See* 42 U.S.C. § 2000e *et seq*. The second cause of action is a common law tort claim brought under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. §§ 1346(b), 2671 *et seq*.

JURISDICTION OVER TITLE VII CLAIMS

In the instant case, Carr filed six formal administrative claims for discrimination. The first four claims – numbers 94-2036, 94-2149, 94-2160, and 94-2050 – were the subject of a full administrative investigation and hearing. Carr received an adverse ruling from the Administrative Law Judge ("ALJ") and an Adverse Agency Decision. In that decision the ALJ noted that not only did defendants not have any prior knowledge of allegedly harassing conduct on the part of its employees, but also that defendants had an adequate reporting mechanism of sexual harassment in place at the time of the complained incidents. The ALJ further noted that the defendants acted appropriately upon being notified of Inspector Saldivar's conduct.

Carr appealed the Final Agency Decision to the Equal Employment Opportunity Commission ("EEOC") on April 1, 1997, forty-nine days prior to the filing of the instant suit. After the ALJ denied her claim, Carr had a choice as to how to proceed. She could have immediately filed an action in the federal district court. *See* 29 C.F.R. § 1613.281 (authorizing a civil action after either the initial agency action, or after review of the initial agency action by the EEOC Office of Review and Appeals). Carr chose instead to pursue a further administrative remedy, and appealed to the EEOC Office of Review and Appeals. *See* 29 C.F.R. § 1613.231 (right to appeal initial agency action to

3

CMsPDF - www.fesisi.com

EEOC).   A complainant who chooses to pursue an appeal to the EEOC must exhaust that appeal before filing suit.  *See Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990).  A Title VII plaintiff who appeals to the EEOC Office of Review and Appeals must await a decision by that office, or 180 days, whichever comes first, before filing in federal court.  *See* 29 C.F.R. § 1613.281(d); *Tolbert*, 916 F.2d at 249.

Carr did not await a decision by the EEOC office; she filed her complaint in the district court only forty-nine days after filing an appeal with the EEOC.   She did not exhaust her administrative remedies.  Failure to comply with the exhaustion of remedies requirement wholly deprives the district court of jurisdiction over the case.  *See Tolbert*, 916 F.2d at 247-48.  Accordingly, claims stemming from incidents 94-2036, 94-2149, 94-2160, and 94-2050 are dismissed for want of subject matter jurisdiction.

### JURISDICTION UNDER THE FEDERAL TORT CLAIMS ACT

Defendants also move to dismiss Carr's FTCA complaints on the grounds that Carr has failed to demonstrate that she presented an administrative tort claim in accordance with 28 U.S.C. § 2675(a). The FTCA is a congressional exception to the general rule of sovereign immunity, under which the federal government may be held liable for certain torts under certain circumstances to the same extent as a private party.  *See Suarez v. United States*, 22 F.3d 1064, 1064 (11th Cir. 1994).  28 U.S.C. § 2675(a) requires, as a prerequisite to a suit under the FTCA, that "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  The notice must be provided in writing to the appropriate federal agency within two years after the claim accrues or it is forever barred.  *See* 28 U.S.C. § 2401(b).  If the agency denies the claim or fails to make a final disposition of the claim

4

within six months of when it was filed, the claimant may file a lawsuit. *See* 28 U.S.C. § 2675(a).

In order to satisfy the administrative notice requirements set forth in Section 2675(a), a claimant must: (1) give the agency written notice of the claim to enable the agency to investigate and (2) place a value on the claim. *See Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980). No particular form or manner of giving the notice required under Section 2675(a) is mandated, as long as the agency is somehow informed of the claim and the amount thereof within the two year period. *See Williams v. United States*, 693 F.2d 555, 557 (5th Cir. 1982). "It is plain that the 'claim' required must be something more than mere notice of a potential lawsuit." *Molinar v. United States*, 515 F.2d 246, 249 (5th Cir. 1975). A federal court may not exercise jurisdiction over an action brought pursuant to the FTCA unless the claimant first filed an administrative claim with the appropriate federal agency pursuant to 28 U.S.C. § 2675(a). *See id.* Further, a plaintiff attempting to state a claim under the FTCA bears the burden of establishing that she presented a claim to the appropriate federal agency in accordance with Section 2675(a). *See Payne v. United States*, 10 F.Supp.2d 203, 204 (N.D.N.Y. 1998) (*citing Keene Corp. v. United States*, 700 F.2d 836, 840 (2d Cir. 1983)). The Fifth Circuit has stated that "[w]aivers of sovereign immunity must be strictly construed. Section 2675 is more than a mere statement of procedural niceties. It requires that jurisdiction must exist at the time the complaint is made." *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981).

Carr concedes that she did not present a claim in accordance with Section 2675(a). Rather, she argues that the Title VII claims should have served to put the government on notice of the FTCA claims. Since this is contrary to the express statutory prerequisite and prevailing case law, and there is no indication that Congress intended to waive its sovereign immunity under conditions other than those expressly provided in the FTCA, this Court declines to create such an exception. Based on the

5

foregoing, the Court finds that Carr failed to submit proper notice of her claims, and, therefore, the Court lacks subject matter jurisdiction over Carr's FTCA claims.

## REMAINING TITLE VII CLAIMS

Defendants urge that Carr's remaining complaints under Title VII be dismissed for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(1), (6).

A motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *See id.* The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. See *Lowrey*, 117 F.3d at 247. A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Carr's remaining Title VII claims, stemming from incidents 96-2079 and 96-2139, cannot be sustained as a matter of law. The Fifth Circuit Court of Appeals has held that the retaliation provision of "Title VII was designed to address ultimate employment decisions and was not meant to address every decision made by employers that arguably might have some tangential effect upon those

6

ultimate decisions." *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 707 (5th Cir. 1997); *see also Dollis v. Rubin*, 77 F.3d 777, 781-782 (5th Cir. 1995). In finding that judgment as a matter of law was properly entered in favor of the defendant employers in both cases, the Fifth Circuit went on to find that actions such as the denial of a desk audit (which arguably could have restricted plaintiff's promotion opportunities), verbal threats of termination, criticism, reprimands, missed pay increases, receiving false information about aspects of employment and being placed on "final warning" did not constitute the kind of ultimate adverse employment actions contemplated by Title VII because these actions had only a tangential effect on a possible future ultimate employment decision. Rather, only "ultimate employment decisions" such as hiring, granting leave, discharging, promoting, and compensating are actionable under Title VII. *See Mattern*, at 707.

The incidents in Claim Numbers 96-2079 and 96-2139 involved, respectively, an alleged groping by a non-supervisory Customs employee and a failure to approve requests for medical attention and transfer. Such incidents do not rise to the level of a materially adverse employment action. Carr did not lose her job, and was in fact transferred to the Hidalgo Port of Entry before taking disability retirement. In sum, no reasonable jury could find by a preponderance of the evidence that defendants made an adverse, ultimate employment decision with regard to Carr.

DONE at Brownsville, Texas, this 23rd day of March, 2001.

John Wm. Black
United States Magistrate Judge

7